# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. dba GUARDIAN INNOVATIVE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>Defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER DENYING GIS' MOTION FOR CLARIFICATION AND ALTERNATIVE REQUEST FOR CERTIFICATOIN OF INTERLOCUTORY APPEAL**<br><br>(Doc. 32) |

## I. INTRODUCTION

On April 23, 2015, Defendant Guardian Protection Products, Inc. ("Guardian") filed a motion to dismiss Plaintiff G.P.P. Inc., dba Guardian Innovative Solutions' ("GIS") complaint, which was opposed by GIS. In granting in part and denying in part Guardian's motion, the Court dismissed with prejudice GIS' claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 ("UDTPA"), finding that the California choice-of-law provision in Distributor Agreements governed, rendering the UDTPA claim not viable. In conjunction with filing a First Amended Complaint, GIS filed a motion for clarification as to whether the Court's dismissal with prejudice of the UDTPA claim extended to alleged violations of the statute with regard to the 2015 Form Agreement, which does not contain the California choice-of-law provision. If its UDTPA claim is precluded as to the 2015 Form Agreement, GIS

alternatively requests certification for interlocutory appeal on this issue. On July 31, 2015, Guardian filed an opposition brief.

Upon consideration of the parties' papers, GIS' motion for clarification and its alternative motion for certification of this issue for interlocutory appeal are DENIED for the reasons set forth below.

## II. DISCUSSION[1]

**A.  GIS' Motion for Clarification is DENIED**

GIS' Motion for Clarification will be construed as a motion for reconsideration of the Court's June 30, 2015, order on Guardian's motion to dismiss as it relates to GIS' UDTPA claim.

**1.  Legal Standard**

"[A]s a rule courts should be loath" to revisit prior decisions unless extraordinary circumstances show that a prior decision was clearly erroneous or would work a manifest injustice. *Christian v. Colt Indus. Operating Corp.*, 489 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1987). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., § 59.30[4]). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

---

[1] The underlying facts of this case are well-known to the parties and were set forth in the Court's June 30, 2015, order. (*See* Doc. 30.) As such, the factual background will not be restated in this order.

Additionally, Local Rule 230(j)(3) requires a party filing a motion for reconsideration to show the new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

**2.     California Law Governs Claims Related to Distributor Agreements and Guardian's 2015 Form Agreement Offer**

In its original complaint, GIS alleged the existence of nine Distributor Agreements between the parties, which GIS maintains constitute franchises under the FTC Franchise Rule whereby Guardian is a franchisor and GIS is a franchisee. These Distributor Agreements were entered into many years ago, but were automatically and annually renewed since they were first executed. In an effort to coerce GIS into a new Distributor Agreement far less beneficial to GIS, Guardian threatened to terminate the existing Distributor Agreements and, in December 2014, offered GIS a new 2015 Form Agreement to supplant the existing Distributor Agreements. In setting forth its North Carolina UDTPA claim, GIS alleged Guardian never provided GIS with the necessary disclosures under the FTC Franchise Rule either at the outset of their contractual relationship in the 1980s, upon automatic annual renewal of any of those agreements, or in connection with Guardian's December 2014 offer of the 2015 Form Agreement. GIS alleged this failure to provide the required disclosures was an unfair and deceptive trade practice under the UDTPA. According to GIS, each time Guardian offered a "franchise" to GIS over the course of their contractual relationship, Guardian violated the UDTPA.

Among other arguments to dismiss GIS' UDTPA claim, Guardian asserted California law governed the claim undercutting the viability of the UDTPA claim. Upon consideration of Guardian's Motion to Dismiss ("MTD"), the Court discussed at length whether the choice-of-law provision in the existing Distributor Agreements between the parties governed GIS' North Carolina UDTPA claim. The Court explained that California choice-of-law rules applied, *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459 (1992) provided the applicable analysis, California law governs *all* claims related to the parties' Distributor Agreements, and thus GIS' UDTPA claim under North Carolina law was not viable.

GIS notes the MTD Order "does not expressly address whether Guardian's offer of the 2015 Form Agreement – an offer of a 'franchise' with a North Carolina choice-of-law provision made from Guardian's headquarters in North Carolina – is actionable under the North Carolina statute."  While the UDTPA itself does not contain an anti-waiver provision, GIS maintains authorities such as *ITCO Corp. v. Michelin Tire Corp*. ("*ITCO*"), 722 F.2d 42 (4th Cir. 1983) indicate that the California choice-of-law provision in the Distributor Agreement does not bar GIS' UDTPA claim.

Guardian asserts GIS' argument relies on cases applying North Carolina choice-of-law rules, which provide that contractual choice-of-law provisions apply only to the parties' contract claims.  California choice-of-law rules are much broader; under California law, the parties' contractual agreement to a particular forum governs not only contract claims, but claims that arise out of and relate to the contract, which includes even tort claims.  Even if the UDTPA claim were limited to disclosure failures related only to the 2015 Form Agreement, the claim would still be related to the underlying Distributor Agreements.  Moreover, even if the alleged disclosure failure regarding the 2015 Form Agreement does not "relate to" the existing Distributor Agreements, California law still controls under the "governmental interests" test.

*ITCO* and *United Dominion Industries, Inc. v. Overhead Door Corporation* ("*United Dominion*"), 762 F. Supp. 126 (1991) cited by GIS are both federal diversity cases filed in North Carolina where the courts applied North Carolina choice-of-law rules to select the applicable law. The footnote GIS cites in *ITCO* was the Fourth Circuit's recognition that under North Carolina choice-of-law rules, the parties' contractual agreement to a particular jurisdiction's laws only governs *contract* claims arising out of the parties' agreement.  As a UDTPA is not a contract claim, the Court noted the choice-of-law selection did not govern which law applied to that claim. Similarly, in *United Dominion*, a North Carolina district court examined North Carolina law to determine whether the parties' contract specifying Texas law precluded the plaintiff's North Carolina UDTPA claim.  762 F. Supp. at 127 ("this Court will apply the North Carolina choice of law rules in determining which law applies to the allegedly unfair and deceptive acts").  Citing

4

*ITCO*, the court concluded the plaintiff's UDTPA claim was not contractual in nature, and the parties' agreement to Texas law did not govern that claim.

In contrast to *ITCO* and *United Dominion*, this Court sits in California and looks to California's choice-of-law rules, not that of North Carolina. Moreover, the scope of the claims encompassed by a choice-of-law agreement "is a matter that ordinarily should be determined under the law designated therein," which, in this case, is also California. *Washington Mut. Bank FA v. Superior Court*, 24 Cal. 4th 906, 916 n.3 (2001). The scope of claims encompassed by parties' contractual choice-of-law provisions is broader under California law than that of North Carolina. In California, parties' contractual choice-of-law clauses designating a particular law to govern the contract will encompass any claims related to or arising out of the contract, no matter how they are characterized. *Nedlloyd*, 3 Cal. 4th at 470. To the extent GIS alleged violations of the UDTPA directly pertaining to the existing Distributor Agreements, the claim is governed by California law under the parties' choice-of-law provision. Even if the scope of GIS' UDTPA claim were limited solely to those disclosures GIS alleges were required in conjunction with Guardian's 2015 Form Agreement offer, California law would *still* apply and extinguish the UDTPA claim. As Guardian notes, GIS' alleges the 2015 Form Agreement was a material and substantial change to the existing Distributor Agreements, purportedly triggering Guardian's duty to provide new franchise-related disclosures under the FTC Franchise Rule. (*See* Doc. 1, ¶¶ 36, 39; Doc. 20, 2:14-23; Doc. 20, Exh. A.) The FTC disclosure requirements as to the 2015 Form Agreement relate to the existing Distributor Agreements, particularly as the 2015 Form Agreement pertains to geographic areas already covered by the existing Distributor Agreements. Under California's broad interpretation of the scope of claims encompassed by a contractual choice-of-law agreement, even disclosures pertaining to the 2015 Form Agreement are related to the existing Distributor Agreements and are governed by the choice-of-law provision in the existing Distributor Agreements.

Moreover, even if the alleged disclosure failures in offering the 2015 Form Agreement neither relate to nor arise out of the existing Distributor Agreements, California law would nonetheless govern. In the absence of an agreement to a particular jurisdiction's law, the

5

governmental interest analysis applies and, in this case, dictates the application of California law. *Washington Mutual Bank, FA,* 24 Cal. 4th at 915.[2] The California governmental interest analysis involves the following: (1) the court examines the substantive law of each jurisdiction to determine whether the laws differ as applied to the relevant transaction; (2) if the laws differ, the court determines whether a true conflict exists in that each of the jurisdictions has an interest in having its law applied; and (3) if more than one jurisdiction has a legitimate interest, the court must identify and apply the law of the jurisdiction whose interest would be more impaired if the laws were not applied. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001)

Here, GIS has not established how California law and North Carolina law differ. In its First Amended Complaint, GIS alleges a claim under California Business and Professions Code § 17200 *et seq*. predicated on the same theory of unfair or deceptive trade practices through failures by Guardian to provide the required disclosures under the FTC Franchise Rule in connection with the existing Distributor Agreements and the offering of the 2015 Form Agreement. Although it notes in its motion for clarification that treble damages are not available under California law for this claim, GIS has not specified any authority for this proposition. Nonetheless, even if there were a difference in the two states' laws in this respect, there is no indication North Carolina's interests would be more impaired than California's if North Carolina laws are not applied. As Guardian notes, the 2015 Form Agreement constituted a material change to the existing Distributor Agreements, which were all made in California by a California corporation. California has an interest in enforcing contracts made by California companies in California. While North Carolina has an interest in preventing unlawful trade practices, it is not clear that Guardian's offer of the 2015 Form Agreement was made in North Carolina as GIS is located in Pennsylvania.

GIS did not carry its burden to show how North Carolina law would apply under the governmental interest choice-of-law analysis, and the Court cannot conclude North Carolina law governs claims arising out of Guardian's purported failure to make required disclosures under the

---

[2] Any choice-of-law provision in the 2015 Form Agreement is irrelevant because there is no evidence or allegation that GIS accepted the offer or signed it.

FTC Franchise Rule. The Court's June 30, 2015, order dismissing GIS' UDTPA claim was not "dead wrong," and reconsideration is not warranted. *Hopwood v. State of Texas*, 236 F.3d 256 (5th Cir.2000) (internal quotes omitted); *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d 228, 233 (7th Cir.1988), *cert. denied*, 493 U.S. 847 (1989) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.").

**B.     GIS' Alternative Motion For Certification for Interlocutory Appeal is DENIED**

Pursuant to 28 U.S.C. § 1292(b), an otherwise non-final order may be subject to interlocutory appeal if the district court certifies, in writing, the following: (1) the order involves a "controlling issue of law," (2) the controlling issue of law is one to which there is a "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If permission for interlocutory appeal is required, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. Proc. 5(a)(3). As the Ninth Circuit has noted, "the legislative history of 1292(b) indicates that this section was to be used only in *exceptional* situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1982) (emphasis added); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) ("[E]ven if the district judge certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'").

GIS argues that if the Court's decision dismissing the UDTPA claim were affirmed by the Ninth Circuit, it would "result in a different interpretation of North Carolina law than that adopted by the Fourth Circuit in *ITCO*." (Doc. 32, 4:13-14.) As explained above, however, the Court did not interpret North Carolina law in dismissing the UDTPA claim. Rather, the Court applied California choice-of-law rules to determine California law governs GIS's claims arising out of the existing Distributor Agreements. Any affirmance of this decision would not involve an interpretation of North Carolina law contrary to that of *ITCO.* Although GIS asserts it loses its

7

claim to treble damages under the UDTPA because the California Deceptive Trade Practices Act contains no similar provision for treble damages, this is not an exceptional basis to justify an immediate appeal to the Ninth Circuit.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, GIS' motion for clarification is DENIED, and its alternative request for certification for an interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated:   **August 14, 2015**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE