# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

G.P.P., INC. dba GUARDIAN INNOVATIVE SOLUTIONS,

    Plaintiff,

  v.

GUARDIAN PROTECTION PRODUCTS, INC.,

    Defendant.
_____/

Case No. 1:15-cv-00321-SKO

**ORDER**

On July 7, 2016, the parties appeared telephonically for a follow-up informal discovery dispute conference. Dylan Liddiard, Esq., appeared on behalf of Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS"), and Margaret Drugan, Esq., appeared on behalf of Defendant Guardian Protection Products, Inc. ("Guardian").

After reviewing the parties' submissions and hearing the parties' arguments, the Court makes the following findings and orders:

**1.  Guardian's Unaudited Consolidated Financial Statement**

The relevance of each document in a document "family" should be assessed separately. *See In Re: Takata Airbag Prod. Liab. Litig.*, MDL No. 2599, 1:15-md-02599-FAM, Doc. 954 (S.D. Fla. Mar. 1, 2016); *In Re: Zoloft Prod. Liab. Litig.*, MDL No. 2342, 2013 WL 8445354,

*4-5 (E.D. Pa. Oct. 31, 2013), adopted without objection, 2013 WL 8445280 (Nov. 19, 2013); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2011 WL 3738979 (S.D.N.Y. Aug. 18, 2011), adopted without objection, 2011 WL 3734236 (S.D.N.Y. Aug. 24, 2011). GIS has not shown the relevance of Guardian's unaudited consolidated financial statement for the twelve-month period ending May 2011 (the "financial statement") to any party's claim or defense in the case. *See Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, No. 1:10-CV-00148 LJO, 2011 WL 2518948, at *2 (E.D. Cal. June 23, 2011) ("the party seeking to compel discovery bears the initial burden of showing that its discovery request satisfies the relevancy requirements of Rule 26(b)(1)."). Accordingly, GIS's request for an order requiring Guardian to produce the financial statement is hereby **DENIED**.

**2.     Guardian's Assertion of Attorney-Client Privilege**

In a federal action such as this based on diversity of citizenship jurisdiction, state law governs privilege claims. *Star Editorial, Inc. v. United States District Court for the Central District of California (Dangerfield)*, 7 F.3d 856, 859 (9th Cir. 1993); *Wilson v. Kauai Restaurants, Inc.*, No. 2:11-CV-2033 MCE GGH, 2013 WL 618151, at *1 (E.D. Cal. Feb. 19, 2013).

**a.     GUARD 00008467**

Guardian has not met its burden under California law of establishing the preliminary facts necessary to support the exercise of the attorney-client privilege over the redaction of the document labeled GUARD 00008467. *Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 733 (2009). Guardian's privilege log describes the communication as "Communication with Attorney Ken Nota regarding negotiations with GIS regarding new contract." "Negotiations" is one of the enumerated activities that California courts have held fall outside an in-house lawyer's legal duties. *See Costco*, 47 Cal. 4th at 743; *Chicago Title Ins. Co. v. Superior Ct.*, 174 Cal. App. 3d 1142 at 1151 (1985) ("It is settled that the attorney-client privilege is inapplicable where the attorney merely acts as a negotiator for the client, gives business advice or otherwise acts as a business agent.") (citing *Aetna Cas. & Sur. Co. v. Superior Ct.*, 153 Cal. App. 3d 467, 475 (1984)). Given that the Court has made a tentative decision that the redacted information in

GUARD 00008467 is not covered by the attorney-client privilege, the Court hereby GRANTS Guardian's request to submit the document for *in camera* review, pursuant to *Costco*. *See* 47 Cal. 4th at 738-39 ("[N]othing in Evidence Code section prevents a party claiming a privilege from making an in camera disclosure of the content of a communication to respond to an argument or tentative decision that the communication is not privileged."). Guardian shall submit to the Court for *in camera* review an unredacted version of the document labeled GUARD 00008467, **on or before July 11, 2016.**

      **b.**    **GUARD 00008554-56**

With respect to Guardian's assertion of the attorney-client privilege over the redacted portion of the document labeled GUARD 00008554-56, Guardian's privilege log description indicates that the redacted portion "recit[es] Guardian's attorney's statements concerning the distribution agreements' quotas." This description is consistent when viewing the redacted portion in context with the unredacted portions of the email. The sentence preceding the redaction reads: "This is my best analysis but the agreements were not always clear on quotas when certain territories were expanded (in the early days) or when a distributor was added." It is reasonable to presume that the next (redacted) sentence related to legal advice received from Guardian's attorney relating to the interpretation of the agreements at issue, as the privilege log indicates. *See Zurich Am. Ins. Co. v. Superior Ct.*, 155 Cal. App. 4th 1485, 1494 (2007) (holding that the corporate attorney-client privilege extends to confidential communications between agents of the client regarding legal advice and strategy, in which the corporation's attorneys are not directly involved or which do not include excerpts of direct communications from the attorneys.). At this time, *in camera* review of this document is not appropriate. *See, e.g., Costco*, 47 Cal. 4th 725, 739 (2009) ("because the privilege protects a transmission irrespective of its content, there should be no need to examine the content in order to rule on a claim of privilege"); *State Farm Fire & Cas. Co. v. Superior Ct.*, 54 Cal. App. 4th 625, 640 (1997) ("We will not take into consideration the actual privileged information in aid of our determination"); *Cornish v. Superior Ct.*, 209 Cal. App. 3d 467, 480 (1989) ("it is neither customary nor necessary to review the contents of the communication in order to determine whether the

[attorney-client] privilege applies."). However, to permit the Court to further evaluate the claim of privilege, Guardian is hereby ORDERED to submit a declaration from current employee Johnny Green setting forth facts sufficient to support the exercise of the attorney-client privilege over the redacted portion of the document labeled GUARD 00008554-56, **on or before July 15, 2016**. *See Citizens for Ceres v. Superior Ct.*, 217 Cal. App. 4th 889, 911 (2013) ("The party claiming the privilege usually makes the preliminary showing via declarations.") (citing WEIL & BROWN, CAL. PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL, The Rutter Group, ¶ 8:192, p. 8C-52 (rev. # 1, 2012)).

### 3. Darin Lease's Electronically Stored Information

Guardian employee Darin Lease testified at his deposition that, at Johnny Green's request, he "develop[ed] a methodology to estimate distributor sales on a monthly basis by territory" in the spring of 2013. *Deposition of Darin Lease ("Lease dep.")*, at 21:9-16. Mr. Lease's electronically stored information (ESI) is therefore relevant under Fed. R. Civ. P. 26(b)(1); as such, Guardian had a duty to preserve it. *See In re: Napster, Inc. v. Hummer,* 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.").

#### a. Mr. Lease's Email Communications

With respect to email communications, Mr. Lease testified at his deposition that his "sole communication" with respect to "developing a methodology to estimate distributor sales of a monthly basis by territory" was with Johnny Green. *Deposition of Darin Lease ("Lease dep.")*, at 22:17-23:3.

Counsel for Guardian represented during the telephonic conference that Mr. Green's custodial email box has been preserved and all relevant email produced to GIS, which would include email communications between Mr. Lease and Mr. Green. Because Mr. Lease's email communications can be "restored or replaced through additional discovery," *i.e.*, through the email communications of Mr. Green, GIS's request for sanctions against Guardian for the failure to preserve Mr. Lease's email communications is DENIED. *See* Fed. R. Civ. P. 37(e) advisory

committee's note to 2015 amendment ("The new rule [37(e)] applies only to electronically stored information, also the focus of the 2006 rule. It applies only when such information is lost. Because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere . . . . When a party fails to take reasonable steps to preserve electronically stored information that should have been preserved in the anticipation or conduct of litigation, and the information is lost as a result, Rule 37(e) directs that the initial focus should be on whether the lost information can be restored or replaced through additional discovery . . . . If the information is restored or replaced, no further measures should be taken.").

      **b.**      **Mr. Lease's Non-Email ESI**

With respect to Mr. Lease's non-email ESI, Mr. Lease testified at his deposition as follows:

> Q. What about, do you have any documents on your computer for – that would pertain to any analysis that you did, for example, quotas, with respect to GIS?
> A. Yes.
> Q. And those documents still reside on your laptop today?
> A. Not necessarily on my laptop, but they would be in an electronic form somewhere –
> Q. Would you –
> A. -- because I produced them.
>
> Q. Did you back them up?
> A. Did I back them up specifically? No. It's just, any kind of report that I've created, I can't say in every case I would still have, but I save my work.
> Q. So it would be saved in some – whether it's on your laptop or on some type of backup drive or somewhere?
> A. Um-hmm.
> Q. That you would be able to access and retrieve if you needed to?
> A. Um-hmm.
> Q. Is that a yes?
> A. Yes.

*Lease dep.* 18:2-19:1. In view of the above, the Court requires more information to evaluate whether Mr. Lease's non-email ESI is in fact "lost," thereby implicating Fed. R. Civ. P. 37(e).

5

*See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Guardian is therefore ORDERED to identify and produce to GIS the non-email ESI referred to by Mr. Lease in his deposition at pages 18:2-19:1, to the extent it has not already done so, **on or before July 15, 2016.** Guardian is further ORDERED to confirm that all relevant "monthly reports" sent by Mr. Lease to Mr. Green via email have been produced to GIS and to identify the same by Bates label, **on or before July 15, 2016.**

A further telephonic discovery dispute conference to address the issues set forth above **IS SET for July 22, 2016, at 9:00 a.m. in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto**. The parties shall call the Court at 888-557-8511, access code 6208204#, at the appointment time.

IT IS SO ORDERED.

Dated:   **July 8, 2016**                                   /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE