# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

G.P.P., INC. dba GUARDIAN INNOVATIVE SOLUTIONS,

    Plaintiff,

    v.

GUARDIAN PROTECTION PRODUCTS, INC.,

    Defendant.
_____/

Case No. 1:15-cv-00321-SKO

**ORDER**

On July 22, 2016, the parties appeared telephonically for a follow-up informal discovery dispute conference. Dylan Liddiard, Esq., appeared on behalf of Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS"), and Margaret Drugan, Esq., appeared on behalf of Defendant Guardian Protection Products, Inc. ("Guardian").

After reviewing the parties' submissions and hearing the parties' arguments, the Court makes the following findings and orders:

**1.  Guardian's Assertion of Attorney-Client Privilege**

    **a.  GUARD 00008467**

Pursuant to Guardian's request, *see Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 738-39 (2009), the Court has conducted an *in camera* review of an unredacted copy of

GUARD 00008467, which is an December 2, 2014, email between Guardian employees Johnny Green and Ronnie Holman, with a "cc" to in-house counsel Ken Nota.  Based on its review, the Court finds that Guardian has not met its burden under California law of establishing the preliminary facts necessary to support the exercise of the attorney-client privilege over the redaction of the document labeled GUARD 00008467.  *Costco*, 47 Cal. 4th at 733.

Guardian contends the entire body of the email is privileged because it pertains to the negotiation of a new contract with GIS during the time that litigation between the parties was reasonably anticipated.  As pointed out in the Court's prior order (Doc. 60), however, "[i]t is settled that the attorney-client privilege is inapplicable where the attorney merely *acts as a negotiator for the client*, gives business advice or otherwise acts as a business agent." *Zurich Am. Ins. Co. v. Superior Ct.*, 155 Cal. App. 4th 1485, 1504 (2007) (emphasis added).  This is true even where litigation is reasonably anticipated; otherwise, *any* email generated during a time where litigation is reasonably anticipated on which an attorney is copied would be deemed privileged, regardless of whether or not reflects the seeking or provision of legal service or advice.  The attorney-client privilege is not that broad.  *See Palmer v. Superior Court*, 231 Cal. App. 4th 1214, 1226, 180 Cal. Rptr. 3d 620, 628-29 (2014) ("An attorney-client relationship exists for purposes of the privilege whenever a person consults an attorney *for the purpose of obtaining the attorney's legal service or advice.*") (quoting *Kerner v. Superior Ct.*, 206 Cal.App.4th 84, 116-17 (2012)) (emphasis added); *Zurich*, 155 Cal. App. 4th at 1504 ("It is established that otherwise routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda.").

Because the redacted information in GUARD 00008467 is not covered by the attorney-client privilege, the Court hereby **GRANTS** GIS's request that Guardian produce the document in unredacted form.  Guardian shall produce an unredacted version of the document labeled GUARD 00008467, **on or before July 22, 2016.**

*//*

*//*

### b. GUARD 00008554-56

The Court has reviewed the Declaration of Johnnie Green submitted in support of Guardian's assertion of the attorney-client privilege over the redacted portion of the document labeled GUARD 00008554-56. Based on Mr. Green's declaration, Guardian's privilege log description that indicates that the redacted portion "recit[es] Guardian's attorney's statements concerning the distribution agreements' quotas," and having reviewed the redacted portion in context with the unredacted portions of the email, the Court finds that Guardian has established the preliminary facts necessary to support the exercise of the attorney-client privilege, i.e., a communication made in the course of an attorney-client relationship, s*ee Costco*, 47 Cal. 4th at 733, over the redacted portion of the email. *See Zurich Am. Ins. Co. v. Superior Ct.*, 155 Cal. App. 4th 1485, 1494 (2007) (holding that the corporate attorney-client privilege extends to confidential communications between agents of the client regarding legal advice and strategy, in which the corporation's attorneys are not directly involved or which do not include excerpts of direct communications from the attorneys.).

Once the party claiming the privilege presents facts supporting a prima facie claim of privilege, "the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Costco*, 47 Cal. 4th at 733. GIS has not met this burden.[1] Accordingly, GIS's request that Guardian produce the document labeled GUARD 00008554-56 in unredacted form is **DENIED**.

### 2. Darin Lease's Electronically Stored Information

On July 8, 2016, the Court ordered Guardian to identify and produce to GIS the non-email ESI referred to by Mr. Lease in his deposition at pages 18:2-19:1, to the extent it has not already done so, and to confirm that all relevant "monthly reports" sent by Mr. Lease to Mr. Green via email have been produced to GIS and to identify the same by Bates label, by July 15,

---

[1] GIS argues that Guardian cannot claim privilege over the redacted portion of GUARD 00008554-56 because it cannot identify the name of the outside law firm whom Guardian asserts provided the legal opinion to Mr. Webb (who then relayed it to Mr. Green). GIS has not pointed the Court to, nor can the Court find, any California authority requiring that the identity of an attorney whose legal advice is being transmitted from one corporate employee to another be disclosed in order to establish the application of the attorney-client privilege.

2016. (Doc. 60.) Guardian reports that it has produced to GIS the required documents and information, with the exception of seven (7) emails that will be produced by close of business on July 22, 2016. The Court finds that Guardian has complied with the Court's July 8 Order, and, therefore, GIS's request for sanctions against Guardian for the failure to preserve Mr. Lease's non-email ESI is **DENIED as MOOT**.

IT IS SO ORDERED.

Dated:   **July 24, 2016**                                  /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

4