# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC., doing business as GUARDIAN INNOVATIVE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., et al.,<br><br>Defendants.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER ON MOTIONS IN LIMINE, ADDITIONAL DISCOVERY, TRIAL DATE, AND JOINT PRETRIAL STATEMENT**<br><br>**(Docs. 165 & 166)** |

On March 13, 2017, the Court held a hearing (the "Hearing") regarding Plaintiff's ("GIS") Motions in Limine ("GIS's MIL"), (Doc. 166), and Defendants' motions in limine ("Defendants' MIL"), (Doc. 165, Exs. 1–4, 6–9; Doc. 168, Ex. 1). As more fully discussed at the Hearing, the Court ORDERS the following:

(1) The Court DENIES GIS's MIL #1, (Doc. 166 at 6–8), in its entirety.

(2) The Court GRANTS GIS's MIL #2. (Doc. 166 at 8–14.) As such, Karl Schulze's expert testimony and report regarding the methodology Defendant Guardian Protection Products, Inc. used in determining whether GIS satisfied the purchase quotas are EXCLUDED.

(3) The Court DEFERS ruling on GIS's MIL #3. (Doc. 166 at 14–16.)

(4) The Court DENIES GIS's MIL #4, (Doc. 166 at 16–18), insofar as GIS requests that the Court decline to bifurcate the punitive damages phase of the trial. However, the Court GRANTS GIS's MIL #4, (*id.*), to the extent GIS requests that the remaining issues in this case be tried in a single, non-bifurcated trial.

(5) The Court GRANTS Defendants' MIL #1, (Doc. 165, Ex. 1), insofar as Defendants request to bifurcate the punitive damages phase of the trial. The Court DENIES the remainder of Defendants' MIL #1. (*Id.*)

(6) The Court GRANTS Defendants' MIL #5, (Doc. 168, Ex. 1), to the extent Defendants request the exclusion of any testimony, documents, or arguments regarding any increased costs, loss of goodwill, or restitution that GIS may have suffered. The Court further DENIES Defendants' MIL #5, (*id.*), as to any other forms of damages GIS may have suffered.

(7) The Court GRANTS Defendants' MIL #6, (Doc. 165, Ex. 6), insofar as Defendants request the exclusion of evidence, testimony, or argument that (a) the Florida, Alabama, and Tennessee Agreements provide for sales quotas, or (b) the quotas for the Florida, Alabama, and Tennessee Agreements do not pertain solely to the geographic areas covered by each of these agreements. The Court also GRANTS Defendants' MIL #6, (*id.*), to the extent Defendants request the exclusion of evidence, testimony, or argument that the Florida, Alabama, and Tennessee Agreements provide for only annual quotas. Finally, the Court DENIES Defendants' MIL #6, (*id.*), as to the remaining agreements.

(8) The Court DENIES Defendants' MIL #2, (Doc. 165, Ex. 2), Defendants' MIL #3, (*id.*, Ex. 3), Defendants' MIL #4, (*id.*, Ex. 4), Defendants' MIL #7, (*id.*, Ex. 7), Defendants' MIL #8, (*id.*, Ex. 8), and Defendants' MIL #9, (*id.*, Ex. 9).

Also pending before the Court is Defendants' Request to Seal Documents. (Doc. 164.) To date, GIS has not filed an opposition to this motion. For good cause shown, the Court GRANTS Defendants' Request to Seal Documents, (*id.*), and therefore DIRECTS Defendants to file the documents referenced in this request UNDER SEAL.

As the Court also stated during the Hearing, the Court FINDS that, due to the denial of Defendants' MIL #9, additional discovery is necessary on *only* one issue—evidence relating to the dispositive language in the agreements defining "Guardian Labeled Distributor Products."  As discussed by the Court in its summary judgment order—with the exception of the Pennsylvania Agreement—that language defines the term "Guardian Labeled Distributor Products" as including only those items "indicated on" a specified exhibit to the agreements, "unless specifically noted by a mutually agreed upon Addendum hereto" (the "Product Language").  (*See* Doc. 133 at 32–36, 71–73.)

Accordingly, the Court ORDERS that that the parties may conduct additional discovery regarding the Product Language under the Ohio, Indiana, Midwest, Alabama, and Tennessee Agreements, as well as the meaning of "Guardian Labeled Distributor Products" under the Pennsylvania Agreement (cumulatively, the "Additional Discovery").  By no later than **March 20, 2017**, the parties shall produce documentary evidence that was not previously produced in this action (1) pertaining to the Product Language under the Ohio, Indiana, Midwest, Alabama, and Tennessee Agreements, or the meaning of "Guardian Labeled Distributor Products" under the Pennsylvania Agreement; and (2) that is responsive to Federal Rules of Civil Procedure 26(a) and (e), or any document requests previously sent in this case.  The period for this Additional Discovery shall end on **April 13, 2017**.

The Court further ORDERS that this Additional Discovery shall not include evidence pertaining *solely* to the three agreements for which the Court previously provided rulings regarding the Product Language—namely, the Florida, Mid-Atlantic, and Cook County Agreements.  (*See* Doc. 133 at 32–36, 71–73; Doc. 161 at 4–7.)  Additionally, the Court CAUTIONS the parties that it shall not expand the scope of the Additional Discovery beyond the parameters provided above.

As discussed at the Hearing, the Court FINDS that the Additional Discovery requires a continuance of the trial date in this matter.  Accordingly, the Court ORDERS that the trial date in this case is CONTINUED to **June 7, 2017**.  Due to the age of this case and the Court's interest in

managing its busy docket, the Court will make every effort to retain this trial date and will not continue this trial date, absent good cause shown.

Finally, the Court ORDERS that the parties shall file a revised **joint** pretrial statement[1] by no later than **April 17, 2017**.  The Court ORDERS that it shall only permit revisions to the parties' previously submitted pretrial statements, (*see* Doc. 146; GIS's Joint Pretrial Statement (submitted to the Court on January 27, 2017)), if those alterations *arise out of* and *directly relate to* the Additional Discovery.  The Court further DIRECTS the parties to clearly indicate in their revised joint pretrial statement which portions of this submission differ from the parties' previously submitted pretrial statements.  The Court CAUTIONS the parties that it will omit from the final pretrial order any revisions to the parties' previously submitted pretrial statements that do not arise out of and directly relate to the Additional Discovery.

IT IS SO ORDERED.

Dated:   **March 14, 2017**                                    /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the parties separately submitted their previous pretrial statements.  However, Local Rule 281(a)(2) requires the parties to "file a joint pretrial statement."  The Court therefore DIRECTS the parties to *jointly* file their revised pretrial statement, as discussed herein.

4