# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>    Plaintiff,<br><br>    v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>    Defendants.<br>_____/<br><br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>    Counterclaimant,<br><br>    v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>    Counter-defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER PERMITTING LIMITED SUCCESSIVE SUMMARY JUDGMENT MOTIONS** |

On March 24, 2017, Defendants sent a letter to the Court (the "Letter"), in which they request, in relevant part, a second round of "dispositive motion[s]" in this case. Plaintiff G.P.P., Inc., d/b/a Guardian Innovative Solutions ("GIS") sent its response to the Letter to the Court on March 27, 2017. The Court then held an informal conference regarding the Letter on March 28, 2017. For the reasons that follow, the Court GRANTS GIS's request in the Letter for a second round of summary judgment motions, subject to the limitations provided herein.

"District courts have discretion in determining whether to permit successive motions for summary judgment." *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, No. CIV. 2:12–1218 WBS GGH, 2013 WL 4500667, at *1 (E.D. Cal. Aug. 22, 2013) (citing *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)). "A successive motion for summary judgment is particularly appropriate on an expanded factual record and to foster the 'just, speedy, and inexpensive resolution' of lawsuits." *Rodriguez v. Ryan*, No. CV-11-1373-PHX-NVW (JFM), 2013 WL 11311297, at *1 (D. Ariz. Nov. 12, 2013) (quoting *Hoffman*, 593 F.3d at 911–12).

Nonetheless, the Ninth Circuit cautioned that second or successive motions for summary judgment present "the potential for abuse of the procedure." *Hoffman*, 593 F.3d at 911. As such, courts "retain discretion to weed out frivolous or simply repetitive motions." *Id.* (citation omitted). Further, courts have declined to permit second or successive motions for summary judgment where the motion was based on "evidence that could . . . have been obtained and included in [the] first motion for summary judgment." *Armentero v. Willis*, No. CIV S–08–2790 GGH P, 2013 WL 144253, at *2 (E.D. Cal. Jan. 11, 2013).

In this case, the Court permitted limited "Additional Discovery," as defined and delineated in the Court's March 14, 2017 order.[1] (*See* Doc. 177 at 3.) As such, there is an expanded factual

---

[1] The Court provided the following pertinent description of the Additional Discovery in its March 14, 2017 order:

> [T]he Court FINDS that, due to the denial of Defendants' [motion in limine] #9, additional discovery is necessary on *only* one issue―evidence relating to the dispositive language in the agreements defining "Guardian Labeled Distributor Products." As discussed by the Court in its summary judgment order―with the exception of the Pennsylvania Agreement―that language defines the term "Guardian Labeled Distributor Products" as including only those items "indicated on" a specified exhibit to the agreements, "unless specifically noted by a mutually agreed upon Addendum hereto" (the "Product Language"). (*See* Doc. 133 at 32–36, 71–73.)
>
> Accordingly, the Court ORDERS that that the parties may conduct additional discovery regarding the Product Language under the Ohio, Indiana, Midwest, Alabama, and Tennessee

record in this case and, consequently, a limited additional opportunity for summary judgment motions may foster the just, speedy, and comparatively inexpensive resolution of this matter. The Court therefore finds that an opportunity for a second round of summary judgment motions is appropriate. *See, e.g.*, *Hoffman*, 593 F.3d at 911 ("[A] successive motion for summary judgment is particularly appropriate on an expanded factual record." (citations omitted)). Accordingly, the Court GRANTS Defendants' request in the Letter for a second round of summary judgment motions, subject to the limitations provided herein.

The Court ORDERS the following regarding the schedule for this potential second round of summary judgment motions, as well as other relevant dates in this matter:

(1) the deadline for any additional motion for summary judgment is **April 20, 2017**;

(2) the deadline for an opposition to any additional motion for summary judgment is **April 27, 2017**;

(3) the deadline for a reply in support of any additional motion for summary judgment is **May 2, 2017**;

(4) if a party files an additional motion for summary judgment, the Court shall hold a hearing regarding these additional motions—if such will aid the Court in the decisional process—on **May 4, 2017, at 9:00 a.m.**;

(5) the deadline for the parties to submit their *joint* pretrial statement is continued to **May 12, 2017**; and

(6) to afford an opportunity for potential additional motions for summary judgment, the trial date in this matter is continued to **June 20, 2017**.

The Court CAUTIONS the parties that it will not entertain requests to continue or extend any deadlines associated with potential additional motions for summary judgment.

This additional opportunity for summary judgment motions shall be limited—it is not an opportunity for summary judgment motions on any topic. Instead, this opportunity for additional

---

Agreements, as well as the meaning of "Guardian Labeled Distributor Products" under the Pennsylvania Agreement (cumulatively, the "Additional Discovery").

(Doc. 177 at 3.)

3

summary judgment motions shall be specifically tailored to the expanded factual record in this case relating to the Additional Discovery.

The Court therefore ORDERS that this additional round of potential summary judgment motions is subject to the following limitations. First, if any party moves for summary judgment on any claim or issue, that party must *explicitly* and *clearly* demonstrate in its summary judgment briefing how the new grounds to move on that claim or issue *arose out of* and *directly relate to* the Additional Discovery, as delineated in the Court's March 14, 2017 order. (*See* Doc. 177 at 3.) In other words, if a party could have raised a motion for summary judgment during the initial summary judgment round in this case before the Additional Discovery, they may not raise that motion during this second round of summary judgment. *See, e.g.*, *Fujifilm Corp. v. Motorola Mobility LLC*, Case No. 12–cv–03587–WHO, 2015 WL 1265009, at *6 (N.D. Cal. Mar. 19, 2015) (denying a motion as an impermissible second motion for summary judgment because "the motion [was] based on previously available evidence"); *Purchase Partners, LLC v. Carver Fed. Sav. Bank*, No. 09 Civ. 9687(JMF), 2013 WL 1499417, at *6 (S.D.N.Y. Apr. 10, 2013) ("The law is clear that it is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion." (citation omitted)).

For example, the parties previously raised numerous motions in limine that the Court denied because they were, in effect, motions for summary judgment in disguise. (*See, e.g.*, Doc. 179 at 40, 65–67.) The parties are not permitted to again raise these motions at the posture of the second round of summary judgment motions unless the moving party *explicitly* and *clearly* demonstrates in their summary judgment briefing how the new grounds to move on *each* claim or issue *arose out of* and *directly relate to* the Additional Discovery. *Cf. Larsgard v. Corizon Health, Inc.*, No. CV 13–01747–PHX–SPL (JFM), 2014 WL 5340581, at *12 (D. Ariz. Oct. 21, 2014) (excluding arguments regarding a particular claim from the scope of a second round of summary judgment motions because the party "did not move for summary judgment on [that] claim before the original dispositive-motions deadline").

1    Additionally, the Additional Discovery pertained solely to "the Product Language under
2 the Ohio, Indiana, Midwest, Alabama, and Tennessee Agreements, as well as the meaning of
3 'Guardian Labeled Distributor Products' under the Pennsylvania Agreement." (Doc. 177 at 3.)
4 The Additional Discovery thus did not include discovery related to the Product Language under
5 the Florida, Mid-Atlantic, and Cook County Agreements. (*See id.*)  As the Product Language
6 under these three agreements was excluded from the Additional Discovery, GIS may not use this
7 second round of summary judgment motions to request that the Court alter its prior summary
8 judgment rulings regarding the Product Language under the Florida, Mid-Atlantic, and Cook
9 County Agreements. Those rulings are now the law of this case and the Court will not disturb
10 them through this second round of summary judgment motions. *See, e.g.*, *Rebel Oil Co. v. Atl.*
11 *Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) ("Under the doctrine of law of the case, a court
12 is generally precluded from reconsidering an issue that has already been decided by the same
13 court, or a higher court in the identical case." (citation omitted)).

14    The Court also notes that any attempt by GIS to use this additional round of summary
15 judgment motions to revisit the Court's prior summary judgment rulings regarding the Product
16 Language under the Florida, Mid-Atlantic, and Cook County Agreements would constitute an
17 abuse of this procedure. As stated by the Court at the hearing regarding the parties' motions in
18 limine, GIS created the need for the Additional Discovery—which resulted in additional costs to
19 Defendants and the continuance of the trial date—by failing to adequately produce evidence
20 during the initial discovery period that GIS eventually intended to rely on at trial. (*See* Doc. 179
21 at 68–69.)  While the Court found that the sanction of exclusion of this evidence was not
22 appropriate under the pertinent standard, (*see id.* at 69–70), this finding does not provide an
23 opening for GIS to abuse the opportunity for a second round of summary judgment motions—and
24 waste Defendants' resources—by using its prior failure to disclose this evidence as a means to
25 reopen the Court's rulings regarding the Product Language under the Florida, Mid-Atlantic, and
26 Cook County Agreements. *Cf. L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp.
27 3d 1155, 1162–63 (D. Colo. 2015) (assuming that a party "filed their initial summary judgment
28 motion . . . as a matter of litigation strategy" and denying the party's request to file a successive

summary judgment motion because, "[h]aving gambled and lost on that strategy, [the court] sees no reason why the [party] should now be relieved of the consequences of that decision").

The Court CAUTIONS the parties that if a party fails to *explicitly* and *clearly* demonstrate in its potential summary judgment briefing how the new grounds to move on *each* claim or issue *arose out of* and *directly relate to* the Additional Discovery, then the Court shall deny the motion as to that claim or issue for failing to adhere to the limitations provided in this Order without reaching the merits of the motion.

Second, given that the parties were already accorded a full opportunity to file summary judgment motions and the extremely limited scope of any permissible additional motions for summary judgment, the Court finds that the length of briefs associated with any additional motions for summary judgment shall be properly limited. In particular, if a party elects to file an additional motion for summary judgment, any brief in support of that motion may not exceed *fifteen* pages. Additionally, any opposition to an additional motion for summary judgment may not exceed *fifteen* pages and any reply in support of an additional motion for summary judgment may not exceed *eight* pages. Further, the parties may not use formatting techniques to evade these page limits, such as using less than twelve-point font or single-line spacing. *See, e.g.*, E.D. Cal. Local Rule 130 (providing the local rule regarding the "general format of documents").

The Court CAUTIONS the parties that these limitations on the length of permissible briefs associated with additional motions for summary judgment shall be strictly enforced. If any party files a brief that exceeds these limits, the Court shall strike the infringing portion of the brief—*e.g.*, the last three pages of an eighteen-page brief in support of an additional motion for summary judgment—without consideration as to the arguments provided therein.

Third, given the narrow scope of permissible additional motions for summary judgment, Defendants may only file a single, joint additional motion for summary judgment. GIS may similarly file only a single additional motion, if it so chooses.

IT IS SO ORDERED.

Dated:   **March 30, 2017**                              /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE