# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>　　　　Defendants.<br>_____/<br><br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　Counter-defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR CLARIFICATION**<br><br>**(Doc. 297)** |

|   |   |
|---|---|
| 1 | Before the Court is Plaintiff's letter dated July 10, 2017 (the "Motion"),[1] in which Plaintiff |
| 2 | "requests clarification as to the status of the June 30, 2017 judgment so that the parties can |
| 3 | determine their upcoming deadlines." (Doc. 297.) In particular, Plaintiff requests in the Motion |
| 4 | that the Court clarify whether the Judgment in a Civil Action filed on June 30, 2017 (the |
| 5 | "Judgment") is "a partial judgment, rather than a final order from which an appeal lies for |
| 6 | purposes of Fed. R. Civ. P. 54(a)." (*Id.* at 1 (emphasis omitted) (citation omitted).) On July 11, |
| 7 | 2017, Defendants filed a responsive letter in which they "request" that the Court deny the Motion. |
| 8 | (Doc. 298.) |
| 9 | Federal Rule of Civil Procedure 54(a) describes a "judgment" as "a decree and any order |
| 10 | from which an appeal lies."[2] 28 U.S.C. § 1291 states, in pertinent part, that "[t]he courts of |
| 11 | appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the |
| 12 | United States." "[A] 'final decision' generally is one which ends the litigation on the merits and |
| 13 | leaves nothing for the court to do but execute the judgment . . . ." *Armstrong v. Schwarzenegger*, |
| 14 | 622 F.3d 1058, 1064 (9th Cir. 2010) (second alteration in original) (quoting *United States v. One* |
| 15 | *1986 Ford Pickup*, 56 F.3d 1181, 1184 (9th Cir. 1995)). "Finality is 'to be given a practical rather |
| 16 | than a technical construction': the finality requirement is intended to prevent 'piecemeal litigation' |
| 17 | rather than to vindicate some purely technical definition of finality." *Id.* (quoting *One 1986 Ford* |
| 18 | *Pickup*, 56 F.3d at 1184). |
| 19 | Here, the Court finds that the Judgment was not a final judgment under Rule 54(a) for two |
| 20 | reasons. First, there is yet more work for the Court to do before this case is ripe for appeal. In |
| 21 | particular, by its order entered on July 7, 2017, the Court directed the parties to address five |
| 22 | remaining equitable issues. (*See* Doc. 296.) Regardless of how the Court disposes of these |
| 23 | issues—whether on the merits or some other basis, such as mootness or judicial estoppel—these |
| 24 | determinations must be made by the Court prior to the entry of a final judgment. Simply put, |
| 25 | these remaining equitable issues preclude a finding that the Judgment is a final judgment. *See,* |

---

[1] The Court strongly encourages the parties to file any future requests for relief as motions and *not* as informal letters on the docket for this matter.

[2] The Court notes that neither party asserts that the Judgment is an appealable partial judgment under Federal Rule of Civil Procedure 54(b). (*See* Docs. 297 & 298.)

2

*e.g.*, *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (stating that "a grant of partial summary judgment limited to the issue of petitioner's liability" is "interlocutory" and that such rulings "have never been considered to be final within the meaning of 28 U.S.C. [§] 1291" where "assessment of damages or awarding of other relief remains to be resolved"); *Harris v. Goldblatt Bros., Inc.*, 659 F.2d 784, 786 (7th Cir. 1981) ("[T]he parties and the court here expressly agreed that the issues of equitable relief . . . would be heard by the court following the jury trial so . . . it is plain that neither the parties nor the court ever contemplated that the jury verdict judgment would constitute the final judgment on [the] case.").

Second, interpreting the Judgment as a final judgment could lead to piecemeal appeals. Specifically, if the Court found that the Judgment was a final judgment under Rule 54(a), this could potentially result in a party appealing the same claims on separate bases and at different times—an immediate appeal of the Judgment, then a subsequent appeal of the Court's determinations regarding the equitable issues referenced in the Court's July 7, 2017 order. (*See* Doc. 296.) The Court declines to take the impractical approach of finding that the Judgment is a final judgment and thereby presenting the parties and the appellate court with this stark and needless risk of piecemeal litigation. *See, e.g.*, *Armstrong*, 622 F.3d at 1064 ("[T]he finality requirement is intended to prevent 'piecemeal litigation' rather than to vindicate some purely technical definition of finality." (quoting *One 1986 Ford Pickup*, 56 F.3d at 1184)).

For these reasons, the Court GRANTS the Motion, (Doc. 297), insofar as Plaintiff requests a clarification of the Judgment. The Court further finds that the Judgment, (Doc. 288), is not a final judgment under Federal Rule of Civil Procedure 54(a). The Court shall enter a final judgment, if appropriate, following its determinations as to the remaining equitable issues referenced in the Court's July 7, 2017 order. (*See* Doc. 296.)

IT IS SO ORDERED.

Dated: **July 12, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE