# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>　　　　　Defendants.<br>_____/<br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　　Counter-defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER DENYING DEFENDANTS' MOTION TO AMEND JUDGMENT**<br><br>**(Doc. 302)** |

Before the Court is Defendants' Motion to Amend Judgment (the "Motion"). (Doc. 302.) In this Motion, Defendants request that the Court correct "an apparent clerical error" in the Judgment in a Civil Action entered on June 30, 2017 (the "Judgment") by adding additional determinations made by the Court, as well as claims that Plaintiff purportedly abandoned. (*See id.*)

Federal Rule of Civil Procedure 60(a) states, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "In determining whether a mistake may be corrected under Rule 60(a), '[the Ninth Circuit] focuses on what the court *originally intended* to do.'" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consists of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind* . . . ." *Blanton*, 813 F.2d at 1577 n.2. "The quintessential 'clerical' errors are where the court errs in transcribing the judgment or makes a computational mistake." *Tattersalls, Ltd.*, 745 F.3d at 1297 (citation omitted).

Here, the Court's intent is apparent by the clear terms of the Judgment. Specifically, the Court repeatedly stated in the Judgment that judgment was entered in favor of certain parties on some claims "in accordance with the jury verdict rendered on June 29, 2017." (Doc. 288 at 1–2.) As such, by its terms, the Judgment reflects *only* the jury's verdict on certain claims and *not* any other determinations made by the Court, or claims that Plaintiff purportedly abandoned at trial. (*See id.*) Consequently, the Judgment does not include a clerical error or omission relating to other determinations or potentially abandoned claims, and Defendants' Motion is properly denied.

For these reasons, the Court DENIES Defendants' Motion. (Doc. 302.)

IT IS SO ORDERED.

Dated: **August 31, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE