# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, <br><br> Plaintiff, <br><br> v. <br><br> GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC., <br><br> Defendants. <br> ———————————————————/ <br><br> GUARDIAN PROTECTION PRODUCTS, INC., <br><br> Counterclaimant, <br><br> v. <br><br> G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, <br><br> Counter-defendant. <br> ———————————————————/ | Case No. 1:15-cv-00321-SKO <br><br> **ORDER DENYING GIS'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AS MOOT** <br><br> **(Doc. 319)** |

Before the Court is Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions' ("GIS") Renewed Motion as a Matter of Law (the "Renewed Motion") (Doc. 319). For the reasons provided herein, the Court DENIES the Renewed Motion as MOOT.

## I. PROCEDURAL BACKGROUND[1]

### A. GIS's Original Motion as a Matter of Law

The Court held a jury trial in this case between June 20 and June 29, 2017 (the "Trial"). (*See* Docs. 260–62, 266, 271, 276, 279, 282.) During the Trial, on June 25, 2017, GIS filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on, among other things, Guardian's Second Counterclaim (breach of the Florida, Alabama, and Tennessee Agreements[2]), Third Counterclaim (breach of the implied covenant of good faith and fair dealing as to the Florida, Alabama, and Tennessee Agreements), Fourth Counterclaim (breach of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements), and Fifth Counterclaim (breach of the implied covenant of good faith and fair dealing as to the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements) (the "Original Motion"). (*See* Docs. 258, 268 (errata).)

In its Original Motion, GIS contended that Guardian could not prevail on these Counterclaims because the evidence demonstrated that Guardian failed to perform under the Agreements by preventing GIS from curing any alleged shortfall within 60 days of a notice of breach, and further that Guardian offered no evidence that GIS failed to meet its purchase quotas for the months of June and/or July, 2013. (*See* Doc. 268 at 23–26.) GIS also maintained that it was entitled to judgment as a matter of law as to Guardian's Counterclaims that GIS breached the "non-compete" provisions of the Agreements because dreamGUARD is not a "competing product" under the "clear and unambiguous language" of the Agreements and because Guardian is barred from asserting those Counterclaims by the doctrines of waiver, estoppel, and "unclean hands." (*Id.* at 24–26.) Finally, GIS contended that it was entitled to judgment as a matter of law

---

[1] The Court previously provided extensive discussions regarding the factual background for this case. (*See, e.g.*, Doc. 133 at 2–10; Doc. 200 at 2–5.)

[2] The Court utilizes the same designations for terms as provided in its Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment. (*See* Doc. 133.)

2

because Guardian's Counterclaims for breach of the implied covenant of good faith and fair dealing (Third and Fifth Counterclaims) were "duplicative" of its Counterclaims for breach of contract (Second and Fourth Counterclaims). Guardian opposed GIS's Original Motion. (*See* Doc. 259.)

On June 26, 2017, the Court granted in part and denied in part GIS's Original Motion. (*See* Doc. 271 at 4–15.) As pertinent here, the Court denied the Original Motion as to Guardian's Second, Third, Fourth, and Fifth Counterclaims, finding that there was conflicting evidence presented at Trial as to whether Guardian prevented GIS from performing by not allowing GIS to cure the purported breaches of the Agreements, whether GIS's performance was excused, and whether Guardian interfered with GIS's rights to enjoy the benefits of the Agreements. (*See* Doc. 271 at 4, 11, 12.) The Court rejected GIS's argument that Guardian's Counterclaims were duplicative, finding the claims "sufficiently distinct." (*Id.* at 12–13.)

As to Guardian's Counterclaims that GIS breached the "non-compete" provisions of the Agreements by selling the dreamGUARD products, the Court denied the Original Motion, holding

> With nonmaterial deviations, the [A]greements provide the following relevant language on point:
>
>> As another and further consideration for the execution of this agreement, GIS agrees that it will not compete with Guardian by selling competing products during the term of this agreement in its assigned areas. For the purpose of this agreement, competing products mean products of comparable claims or qualities. Should Guardian develop new products and amend the specified exhibit to reflect said new products and prices, distributor agrees not to sell products which compete with said new products.
>
> This product language provides a temporal distinction between Guardian's existing and new products. In particular, the relevant standard for determining whether GIS violated this noncompete provision by competing with Guardian's existing products is whether the two products have comparable claims or qualities. However, the standard for determining whether GIS violated this noncompete provision by competing with Guardian's new products is whether it amended the specified exhibit to reflect said new products and prices.
>
> As noted by the Court in its order on reconsideration, under the third sentence of this product language, if Guardian's comparable product satisfied this new product requirement, then the dreamGUARD product was only a competing

3

> product under the agreements if Guardian amended the specified exhibit to reflect said new product and prices. Here defendants provided evidence to some extent pertaining to the standard as for existing products, namely, whether dreamGUARD and Guardian's mattress protectors had comparable claims or qualities. However, there remains the question on the temporal issue on whether the Guardian products with which the dreamGUARD products purportedly competed were existing or new products.
>
> The Court cannot provide judgment as a matter of law under this circumstance and instead this issue must go to the jury. The Court therefore denies GIS's motion on the issue of whether dreamGUARD products are competing products.

(Doc. 271 at 8–10; *see also id.* at 14–15.) The Court went on to reject the application of waiver and unclean hands to Guardian's Second, Third, Fourth, and Fifth Counterclaims, finding that there was "evidence that Guardian took affirmative steps to request that GIS stop selling" the dreamGUARD products *(Id.* at 10; *see also id.* at 14–15) and that there was "controverted evidence as to whether Guardian engaged in the requisite unconscionable, bad faith or inequitable conduct" (*Id.* at 11; *see also id.* at 14–15). Finally, the Court denied the Original Motion on Guardian's Counterclaims on the ground that Guardian is equitably estopped from asserting a claim for breach of the Agreements due to the sale of dreamGUARD products, holding that the "Court will address the issues of estoppel following the jury's verdict." (*Id.*)

**B.  Jury Verdict**

On June 29, 2017, the jury returned its verdict (the "Verdict"). (*See* Doc. 286.) As to Guardian's Second Counterclaim (breach of the Alabama, Florida, and/or Tennessee Agreements), the jury found that GIS breached those Agreements by failing to satisfy its purchase quotas under those Agreements for June and/or July 2013, and that Guardian did not prevent, frustrate, or inhibit GIS's contractual right to cure its breaches of the purchase quotas. (*See* Doc. 286 at 11.) The jury also found that GIS breached the non-competition provisions of the Alabama, Florida, and Tennessee Agreements. (*See id.*) The jury further found that Guardian should not be barred from asserting a claim for breach of the non-competition provisions of the Alabama, Florida, and/or Tennessee Agreements by the doctrine of "waiver/acquiescence," but that Guardian should be barred from asserting such a claim by the statute of limitations and unclean hands. (*See id.* at 11–12.)

With respect to Guardian's Third Counterclaim (breach of the implied covenant of good faith and fair dealing in the Alabama, Florida, and Tennessee Agreements), the jury found that GIS unfairly interfered with Guardian's right to receive the benefits of the Alabama, Florida, and Tennessee Agreements, but that Guardian should be barred from asserting such a claim by the doctrine of unclean hands. (*See id.* at 14.) Pursuant to the Verdict Form's instructions, the jury was not required to answer the questions whether Guardian prevented, frustrated, or inhibited GIS's contractual right to cure its breaches of the implied covenant of good faith and fair dealing in the Alabama, Florida, and Tennessee Agreements, and whether Guardian should be barred from asserting a claim by the doctrines of "waiver/acquiescence" and/or statute of limitations. (*See id.* at 15.)

As to Guardian's Fourth Counterclaim (breach of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements), the jury found that GIS breached the non-competition provisions of those Agreements. (*See id.* at 17.) The jury further found that Guardian should not be barred from asserting a claim for breach of the non-competition provisions of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements by the doctrine of unclean hands, but that Guardian should be barred from asserting such a claim by the doctrine of "waiver/acquiescence." (*See id.* at 17–18.) Pursuant to the Verdict Form's instructions, the jury was not required to answer the question of whether Guardian should be barred from asserting a claim for breach of the non-competition provisions of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements by the statute of limitations. (*See id.* at 18.)

With respect to Guardian's Fifth Counterclaim (breach of the implied covenant of good faith and fair dealing in the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements), the jury found that GIS unfairly interfered with Guardian's right to receive the benefits of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements, but that Guardian should be barred from asserting such a claim by the statute of limitations. (*See id.* at 20–21.) The jury found that Guardian should not be barred from asserting a claim for breach of the implied covenant of good faith and fair dealing in the Pennsylvania, Mid-

5

Atlantic, Ohio, Cook County, Indiana, and Midwest Agreements by the doctrines of unclean hands or "waiver/acquiescence." (*See id.*)

**C. Final Judgment**

On October 3, 2017, the Court entered its Final Judgment in a Civil Action (the "Final Judgment"). (Doc. 311.) The Court, "in accordance with the jury verdict rendered on June 29, 2017, and the Court's orders," entered judgment in favor of GIS on Guardian's Second, Third, Fourth, Fifth, and Sixth Counterclaims. (*Id.* at 2–3.)

**D. The Renewed Motion**

On October 31, 2017, GIS filed its Renewed Motion for Judgment as a Matter of Law Federal Rule of Civil Procedure 50(b). (Doc. 319.) Guardian filed its opposition brief on November 15, 2017 (Doc. 323), and GIS filed a reply brief on November 22, 2017. (Doc. 327.) The Court then heard oral argument regarding GIS's Renewed Motion on November 29, 2017.[3] (Doc. 328.) The Renewed Motion is therefore ready for disposition.

## II. DISCUSSION

**A. Contentions of the Parties**

In its Renewed Motion under Rule 50(b), GIS re-urges its argument, made in its Original Motion under Rule 50(a), that it is entitled to judgment as a matter of law on Guardian's Second, Third, Fourth, and Fifth Counterclaims because Guardian failed to meet its burden to establish that dreamGUARD mattress protectors are "competing products" under the "clear and unambiguous non-compete provision" in the Agreements. GIS contends the evidence presented at Trial demonstrated the Guardian products with which the dreamGUARD products purportedly competed were "new" products but were not added to a specified exhibit to Agreements, as required by the non-compete provision of the Agreements. (*See* Doc. 319-1 at 5–6, 8.) GIS further maintains in its Renewed Motion, as it did in its Original Motion, that judgment as a matter of law is appropriate as to Guardian's Second and Fifth Counterclaims because the evidence at Trial established GIS's affirmative defense of waiver with respect to Guardian's sale of the

---

[3] Also pending before the Court is GIS's Motion to Correct Final Judgment, filed October 25, 2017 (Doc. 317), and Guardian's Motion to Amend Judgment, filed October 31, 2017 (Doc. 318), both of which were argued and submitted at the hearing on November 29, 2017. The Court addresses those motions in a separate order.

6

dreamGUARD products. (S*ee id.* at 6–8.)

In opposition, Guardian asserts that the relief GIS seeks in its Renewed Motion, namely a judicial determination as to specific elements of Guardian's Second, Third, Fourth, and Fifth Counterclaims and as to GIS's affirmative defenses thereto, is not authorized by Rule 50(b), and in any event, is moot in light of the Verdict and the Final Judgment in favor GIS on these Counterclaims. (*See* Doc. 323 at 4–7.) Finally, Guardian contends that even if the Court were to consider GIS's Renewed Motion on the merits, it would fail because there is there is "ample factual evidence in the record to support all of the jury's findings as to whether dreamGUARD was a competing product and whether there was any waiver by Guardian." (*See id.* at 7–15.)

**B. GIS's Renewed Motion for Judgment as a Matter of Law Under Rule 50(b) on Guardian's Second, Third, Fourth, and Fifth Counterclaims is Moot Because the Jury Found, and Judgment Was Entered, in Favor of GIS on Those Claims.**

Federal Rule of Civil Procedure 50(b) provides

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). Following the denial of GIS's Original Motion for judgment as a matter of law as to Guardian's Second, Third, Fourth, and Fifth Counterclaims, those Counterclaims were submitted to the jury, and the jury found in GIS's favor. (*See* Doc. 286.) Specifically, the jury found that GIS (1) successfully defended against Guardian's Second Counterclaim by establishing its affirmative defenses of statute of limitations and unclean hands; (2) successfully defended against Guardian's Third Counterclaims by establishing its affirmative defense of unclean hands; (3) successfully defended against Guardian's Fourth Counterclaim by establishing its affirmative defense of waiver; and (4) successfully defended against Guardian's Fifth Counterclaim by

establishing its affirmative defense of statute of limitations. (*See id.* at 11–12, 14–15, 17–18, 20–21.) In accordance with the Verdict, the Court entered Final Judgment in favor of GIS on these Counterclaims. (*See* Doc. 311 at 3.)

GIS's Renewed Motion does not seek a "new trial," "judgment on the verdict," or "entry of judgment as a matter of law" on Guardian's Second, Third, Fourth, and Fifth Counterclaims. (*See* Doc. 331 at 29, 34.) To the contrary, GIS acknowledges that the jury found and judgment has already been entered in its favor on these Counterclaims. (*See* Doc. 319-1 at 4, 8.) Instead, GIS contends that even though it prevailed on these Counterclaims, the Court may nevertheless grant judgment as a matter of law with respect to the jury's adverse findings regarding whether GIS breached the non-compete provision of the Agreements and GIS's affirmative defense of waiver because these issues "will be germane in the event that the jury's verdict in GIS's favor with respect to other of GIS's affirmative defenses is reversed on appeal." (Doc. 327 at 10.) The Court disagrees.

The advisory committee's notes to the 1991 amendment to Rule 50(b) observes that

> Often it appears to the court or to the moving party that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because *a jury verdict for the moving party moots the issue* and because a preverdict ruling gambles that a reversal may result in a new trial that might have been avoided. For these reasons, the court may often wisely decline to rule on a motion for judgment as a matter of law made at the close of the evidence, and it is not inappropriate for the moving party to suggest such a postponement of the ruling until after the verdict has been rendered.

Fed. R. Civ. P. 50(b) advisory committee's note to 1991 amendment (emphasis added). Rule 50(b) therefore "does not permit a party in whose favor the verdict was rendered to renew its motion because 'a jury verdict for the moving party moots the issue.'" *Lyon Dev. Co. v. Bus. Men's Assur. Co. of Am.*, 76 F.3d 1118, 1122 (10th Cir. 1996) (quoting Fed. R. Civ. P. 50(b) advisory committee's note to 1991 amendment). Because a jury verdict was rendered and judgment entered in GIS's favor on Guardian's Second, Third, Fourth, and Fifth Counterclaims, GIS's Renewed Motion as to those Counterclaims is moot. *See Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12748272, at *2 (C.D. Cal. Dec. 7, 2015) (denying as moot motion

for judgment as a matter of law on promissory fraud and punitive damages claims where the moving party "obtained the ultimate relief it sought in its [m]otion" after the jury concluded that the moving party "was not liable on those counts"). *Accord Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG, 2016 WL 7650735, at *4 (E.D. Tex. Sept. 29, 2016) ("While Federal Rule of Civil Procedure 50(b) permits Genband to request entry of judgment 'notwithstanding an adverse jury verdict,' it does not allow Genband to seek advisory opinions from the Court on issues it has already prevailed on."); *Peeler v. KVH Indus., Inc.*, 13 F. Supp. 3d 1241, 1248 (M.D. Fla. 2014) ("As repeatedly emphasized herein, Peeler is the party who prevailed at trial, in light of which the Court previously denied as moot Peeler's Rule 50(a) motion for judgment as a matter of law. . . . The Court adheres to its previous determination that Peeler's Motion [under Rule 50(b)] is moot in light of the verdict in his favor."); *TransWeb, LLC v. 3M Innovative Properties Co.*, 16 F. Supp. 3d 385, 407 (D.N.J. 2014), a*ff'd*, 812 F.3d 1295 (Fed. Cir. 2016) ("3M also moves for Judgment as a Matter of Law on the antitrust claims. Because the jury returned a verdict in 3M's favor on the sham litigation claim, the motion is moot as to that issue.")

In contrast to the foregoing legal authority denying Rule 50(b) renewed motions for judgment as a matter of law as moot when brought by the party in whose favor a jury verdict was rendered—which GIS does not address in its briefing—the "best authority" on which GIS relies in support of its position, cited in its reply brief (*see* Doc. 327 at 9–10; Doc. 331 at 34–37), is inapposite.[4] First, contrary to GIS's suggestion, the court in *EMI Music Mktg. v. Avatar Records, Inc.*, 364 F. Supp. 2d 337, 342 (S.D.N.Y. 2005), did not decide a Rule 50(b) motion with respect to the "underlying issue of breach of alternative affirmative defenses." (*See* Doc. 327 at 9.) Instead, consistent with the cases cited above, the court denied as moot EMI's Rule 50(a) motion with respect to Avatar's breach of contract claim because "the jury found in favor of EMI . . . with respect to that basis of liability," and went on to consider EMI's Rule 50(b) motion only with respect to Avatar's promissory estoppel clam, on which EMI did *not* prevail. *See* 364 F. Supp. 2d at 340, 342. Similarly, *Arrow Elecs. Inc. v. Martin,* No. SACV 07–070–JVS(FMOx), 2010 WL

---

[4] At the hearing, GIS requested to provide a short letter brief to provide the Court "ample authority that makes clear [that GIS] is entitled to this relief." (Doc. 331 at 39.) The Court declined GIS's request, noting that it "was certain…that that ample authority has been included in the plaintiff's brief and in its reply brief." (*Id.*)

9

11509353 (C.D. Cal. May 18, 2010), concerned a situation where the jury found in favor of Arrow on the issue of breach, but awarded no damages. *Id.* at *1 n1. As a result of the jury's verdict, the court entered judgment *against* Arrow on its breach of contract claim. *Id.* Arrow filed a motion for judgment as a matter of law on its breach of contract claim, on which it did *not* prevail, which was granted and damages awarded. *Id.* at *2, 5. Lastly, neither *Universal Elecs., Inc. v. Universal Remote Control*, No. SACV 12–00329 AG (JPRx), 2014 WL 12601610, at *2 (C.D. Cal. Apr. 21, 2014), nor *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008), involved motions for judgment as a matter of law brought under Rule 50. Instead, the cases, both patent infringement actions, concerned the question of whether a finding of non-infringement mooted a counterclaim of invalidity (*Universal Elecs., Inc.*) or an affirmative defense of unenforceability (*Qualcomm Inc.*). The courts held that a finding of non-infringement does not moot the issue of unenforceability, even when pleaded only as an affirmative defense, because, under well-established patent law, the "validity or enforceability of a patent raises issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement." *Universal Elecs., Inc.*, 2014 WL 12601610, at *2. *See also Qualcomm Inc.*, 548 F.3d at 1025. The Court can find no basis—and GIS does not articulate one—for extrapolating this narrow principle of patent law to the issue before the Court.

In sum, GIS offers no pertinent legal authority to support its position that a court may grant a Rule 50(b) renewed motion for judgment as a matter of law on "issues" relating to claims for which the jury returned a verdict in favor of the moving party, and it largely ignores the weight of authority holding to the contrary. GIS instead relies on pure speculation (*i.e.*, that, upon appeal by Guardian, the Ninth Circuit may reverse the Verdict with respect to Guardian's Second, Third, Fourth, and Fifth Counterclaims) as a rationale for seeking relief that is not contemplated by Rule 50(b).[5] The Court declines GIS's invitation to render rulings that would do nothing more than

---

[5] In reaching the merits of a Rule 50 motion, "the court must view the evidence in the light most favorable to the party in whose favor the jury returned a verdict and must draw all reasonable inferences in favor of the non-moving party." *Trulsson v. Cty. of San Joaquin Dist. Attorney's Office*, 49 F. Supp. 3d 685, 688 (E.D. Cal. 2014). Permitting a Rule 50(b) motion on issues pertaining to claims on which the moving party prevailed would further result in a bizarre application of this standard of review, where all of the evidence pertaining to Guardian's Second, Third, Fourth, and Fifth Counterclaims must be viewed in the light most favorable to *GIS* (the "party in whose favor the jury returned a verdict") but all reasonable interferences must be drawn in favor of *Guardian* (the "non-moving party").

10

"bolster" or "improve" a judgment that is already in GIS's favor. *See Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 n.3 (7th Cir. 2012) ("It would waste time and resources to require a party to move for judgment as a matter of law under Rule 50(b), formerly denominated 'judgment *nothwithstanding* the verdict,' if that party has obtained a jury verdict in its favor.").

### III. CONCLUSION

For the reasons set forth above, the Court hereby DENIES GIS's Renewed Motion for Judgment as a Matter of Law (Doc. 319) as MOOT.[6]

IT IS SO ORDERED.

Dated: **January 9, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[6] Because the Court denies GIS's Renewed Motion for Judgment as a Matter of Law on mootness grounds, it need not and does not reach the merits of the Renewed Motion. *See Darley v. DePuy Orthopaedics, Inc.*, No. 2:13–cv–00721–MCE, 2014 WL 3939721, at *2 n.5 (E.D. Cal. Aug. 11, 2014).