# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>        Plaintiff,<br><br>    v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>        Defendants.<br>_____/<br><br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>        Counter-defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER STAYING AND HOLDING IN ABEYANCE PARTIES' BILLS OF COSTS AND MOTIONS FOR ATTORNEY'S FEES AND VACATING MOTION HEARINGS**<br><br>**(Docs. 312, 313, 314, 338, 339)** |

## I. BACKGROUND

Before the Court are Bills of Costs filed by Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian") (Doc. 312), by Defendant RPM Wood Finishes Group, Inc. ("RPM") (Doc. 313), and by Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions' ("GIS") (Doc. 314) (collectively, the "Bills of Costs"). Also pending are Motions for Attorneys' Fees filed by Guardian and RPM ("Defendants' Motion") (Doc. 338), and by GIS ("GIS's Motion") (Doc. 339) (collectively, the "Motions"). For the reasons set forth below, the Court STAYS AND HOLDS IN ABEYANCE the Bills of Costs and the Motions pending the resolution of GIS's appeal from the final judgment entered in this action.

## II. DISCUSSION[1]

On October 3, 2017, the Court entered its Final Judgment in a Civil Action. (Doc. 311.) On October 17, 2017, Guardian, RPM, and GIS timely filed their respective Bills of Cost. (Docs. 312, 313, 314.) *See* E.D. Local R. 292(b) ("Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924). Defendants and GIS timely filed their respective objections to the Bills of Costs on October 24, 2017. (Doc. 315, 316.) *See* E.D. Local R. 292(c) ("The party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection.").

On October 25, 2017, GIS filed its Motion to Correct Final Judgment. (Doc. 317.) Guardian filed its Motion to Amend Judgment on October 31, 2017. (Doc. 318.) Following oral argument, by order entered January 10, 2018, the Court granted in part and denied in part the parties' motions (Doc. 332), and entered its Amended Final Judgment on January 16, 2018 (the "Amended Final Judgment") (Doc. 334). No Bills of Costs were filed pursuant to Local Rule 292(b) following entry of the Amended Final Judgment.

On February 1, 2018, GIS timely filed a Notice of Appeal (Doc. 335), notifying the Court of its appeal to the Ninth Circuit from the Court's entry of the Amended Final Judgment (*See* Doc.

---
[1] For a full account of the years-long factual and procedural history of this case, see the Court's prior orders, *e.g.*, Doc. 133 at 2–10, Doc. 200 at 2–5, and Doc. 332 at 2–16.

334.) *See* Fed. R. App. P. 4(a)(4)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); *see also* E.D. Cal. Local R. 146.

On February 13, 2018, Defendants timely filed a Motion for Attorneys' Fees, requesting an attorney's fees award of $1,703,875.50. (Doc. 338); *see* E.D. Cal. Local R. 293(a) ("Motions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment.") Defendants contend that RPM was a prevailing party, and therefore entitled to attorney's fees, because the Court dismissed GIS's alter ego claim against RPM with prejudice, and judgment was granted in favor of RPM on GIS's Third, Fifth, Seventh, Ninth, and Tenth Causes of Action. (Doc. 338 at 11.) Defendants contend that Guardian prevailed, as well, and is therefore entitled to attorney's fees, because Guardian "achieved greater relief [than GIS] on the contract claims and most achieved its litigation objectives while GIS achieved none of its litigation objectives." (Doc. 338 at 13.) That same day, February 13, 2018, GIS timely filed a Motion for Attorneys' Fees (Doc. 339), requesting an award of $1,770,586, on the ground that it prevailed in this case.

Although an appeal from the merits of a final judgment does not foreclose a district court from awarding attorney's fees, the district court may, in its discretion, "rule on the claim for fees, [] defer its ruling on the motion, or [] deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment; *see also Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445 (1982)) (holding that district court retains jurisdiction to rule on attorney's fees motions), *superseded on other grounds by rule*, Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment. *See also* Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment ("Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved."). This Court has held that the reasoning of the advisory committee's note to the 1993 Amendment to Fed. R. Civ. P. 54 is "applicable to a ruling on a bill of costs."

3

*Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). *See also In re: Fresh & Process Potatoes Antitrust Litig.,* No. 4:10-MD-2186-BLW, 2016 WL 3919830, at *2 (D. Idaho July 18, 2016) ("[O]ther district courts within the Ninth Circuit have routinely applied this committee note to both claims for fees and claims for costs."); *Tranxition, Inc. v. Novell, Inc.,* No. 3:12-cv-01404-HZ, 2015 WL 7195337, at *1 (D. Or. Nov. 16, 2015) ("The Advisory Committee Notes to Rule 54(d) give the trial court the discretion to defer an award of fees pending an appeal, and district courts have inferred from that Note the authority to defer an award of costs in the same manner."); *Apple Inc. v. Samsung Elecs. Co.*, Case No. 11–CV–01846–LHK, 2014 WL 4745933, *4 (N.D. Cal. Sept. 19, 2014) ("[T]he Court acknowledges that it has the discretion to defer a decision on costs pending resolution of Samsung's appeal . . . .").

Given the complex facts of the case, the complexity of the final judgment, and, presumably, the complexity of the appeal, the Court finds it most prudent to defer ruling on the parties' requests for costs and the attorney's fees motions until the appeal is resolved. As GIS states in its motion for attorney's fees

> [T]his litigation involves over 20 claims and counterclaims involving myriad complex legal and factual disputes. It has encompassed a motion to dismiss, two amended complaints, and multiple rounds of discovery, summary judgment, and motions in limine, culminating in a week-long trial in June 2017. At trial, neither side prevailed on any of its claims or counterclaims for liability and damages. But in addition to seeking damages from one another, GIS and Guardian also fought over a number of important questions regarding their ongoing rights and responsibilities under the [Warehousing Distributor Agreements].

(Doc. 339 at 3.) The Court's Amended Final Judgment, which GIS is appealing, reflects the complexity of the case. In the Amended Final Judgment, the Court entered judgment in RPM's favor on certain causes of action, in Guardian's favor on certain causes of action, in GIS's favor on certain causes of action, and it detailed which causes of action were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for want of prosecution, and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 334.) The outcome of GIS's appeal could affect any part of the Amended Final Judgment, which would necessarily affect the Court's determination of which party

4

prevailed on which causes of action, and ultimately the amount of costs and fees to which the parties are entitled. To make such determinations now would not only be premature, but it would also waste judicial resources, particularly given the amounts requested and the volume of briefing in support of the parties' respective requests. *See Reading Int'l, Inc. v. Malulani Grp., Ltd.*, CIVIL NO. 13-00133 JMS-KSC, 2014 WL 12772247, at *2 (D. Haw. Sept. 25, 2014 (staying motion for attorney's fees in the interest of judicial economy where the amount of money at stake was "substantial" and "the request and related briefing are voluminous" and would "involve the painstaking review of somewhere between 74 and 101 pages of timesheets."); *In re Farmers Ins. Exchange Claims Representative Overtime Pay Litig.*, MDL No. 33–1439(A), 2009 WL 3834034, at *3 (D. Or. Nov. 13, 2009) (deferring, "in the interests of judicial efficiency," consideration of attorney's fees motion until issuance of mandate from Ninth Circuit and observing that "the issues on appeal and cross-appeal in this case . . . carry a significant potential that the Ninth Circuit's disposition may greatly affect my consideration of plaintiffs' motions for attorney fees and costs."); *Lasic*, 2007 WL 4180655, at *1 (deferring ruling on motion for bill of costs pending outcome of appeal because, "in the interests of judicial economy . . . it would be a[n] inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed").

As such, the Court finds that the parties' bills of costs and motions for attorneys' fees are best adjudicated following a resolution of GIS's appeal, and therefore defers ruling on the Bills of Costs and the Motions until the appeal is resolved. *See*, *e.g.*, *Dufour v. Allen*, Case No. 2:14-cv-5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) (finding, after "distributing a lengthy tentative order" and hearing oral argument, that "the best course of action is to defer ruling on the [motions for attorney's fees] until the resolution of [the plaintiff's] appeal"); *Harrell v. George*, No. 2:11-cv-00253-MCE-DAD-PS, 2012 WL 5906659, at *1 (E.D. Cal. Nov. 26, 2012) (deferring attorney's fees motion by defendant who prevailed on successful motion to strike pending appeal before the Ninth Circuit); *Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co.*, No. 2:05-cv-00389-MCE-DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008) (denying motion for attorney's fees without prejudice to renewal following disposition of the matter on

appeal); *Flores v. Emerich & Fike*, No. 1:05-CV-0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007) (same); *Lasic*, 2007 WL 4180655, at *1.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant/Counterclaimant Guardian Protection Products, Inc.'s Bill of Costs (Doc. 312) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit;

2. Defendant RPM Wood Finishes Group, Inc.'s Bill of Costs (Doc. 313) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit;

3. Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions' Bill of Costs (Doc. 314) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit;

4. Defendant/Counterclaimant Guardian Protection Products, Inc.'s and Defendant RPM Wood Finishes Group, Inc.'s Motion for Attorneys' Fees (Doc. 338) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit. For administrative purposes, the Motion shall be TERMINATED, but it may be reactivated at Defendants' request upon the lifting of the stay once the Ninth Circuit has issued its decision;

5. Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions' Motion for Attorneys' Fees (Doc. 339) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit. For administrative purposes, the Motion shall be TERMINATED, but it may be reactivated at GIS's request upon the lifting of the stay once the Ninth Circuit has issued its decision; and

///
///
///

| | |
|---|---|
| 6. | The motion hearings currently set for March 14, 2018, and March 21, 2018, respectively, before the undersigned are hereby VACATED. |

IT IS SO ORDERED.

Dated: **February 16, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE