# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>　　　　　Defendants.<br>_____/<br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　　Counter-defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE CONFERENCE** |

On June 18, 2020, the Court held a telephonic informal discovery dispute conference regarding clarification of the Court's May 26, 2020 order granting Plaintiff/Counter-defendant

1  G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS")'s motion for leave to supplement the
2  complaint and reopening discovery.  Dylan Liddiard, Esq., Jason Mollick, Esq., and Brian Levy,
3  Esq., appeared on behalf of GIS.  Aaron Rudin, Esq. and Emerson Kim, Esq. appeared on behalf of
4  Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian").

5        In its May 26, 2020 order, the Court granted GIS's motion for leave to supplement its
6  complaint to add an eleventh claim, namely, a cause of action for breach of the Mid-Atlantic, Cook
7  County, Indiana, Midwest, and Pennsylvania Agreements relating to Guardian's alleged post-trial
8  termination of those agreements (the "Eleventh Cause of Action").  (*See* Doc. 366.)  In so doing,
9  the Court reopened discovery "for the limited purpose of addressing the issue of damages that have
10 occurred since the trial in this case and as a result of the additional alleged breaches." (*Id*. at 14.)  It
11 limited each side to "one Rule 30(b)(6) deposition of no more than seven (7) hours, and any limited
12 necessary written discovery directly related to the depositions." (*Id*.)

13       As discussed at the conference, the Court's May 26, 2020 order intended to reopen discovery
14 "for the purpose of addressing the issue of damages that have occurred since the trial in this case"
15 as to the claims remanded by the Ninth Circuit Court of Appeals, defined as the "Remanded Claims"
16 in the Court's December 13, 2019 Order (Doc. 349), and "as a result of the additional alleged
17 breaches" alleged in the Eleventh Cause of Action of GIS's supplemental complaint (Doc. 367).
18 Thus, the parties may take one Rule 30(b)(6) deposition of no more than seven (7) hours, and any
19 limited necessary written discovery directly related to the depositions, pertaining to:

20     1. Damages that GIS has allegedly incurred since the original judgment was filed on
21        June 30, 2017 as to the Remanded Claims (as defined in the Court's December 13, 2019
22        Order (Doc. 349)); and

23     2. Damages that GIS has allegedly incurred as a result of the breaches alleged in its
24        Eleventh Cause of Action in its supplemental complaint (Doc. 367).

25 ///
26 ///
27 ///
28 ///

In light of this clarification, the parties SHALL meet and confer to narrow the scope of their dispute with respect to the 27 document requests and 14 deposition examination topics currently at issue. Should the parties require more time to meet and confer and/or complete this discovery, the Court will consider enlarging the case schedule to accommodate their request.

Finally, to the extent any dispute remains as to this discovery, the parties SHALL proceed as set forth in this Court's Local Rule 251.

IT IS SO ORDERED.

Dated:   **June 19, 2020**                             /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE