# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, | |
| Plaintiff, | |
| v. | |
| GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC., | Case No. 1:15-cv-00321-SKO |
| Defendants. | ORDER RE: DISCOVERY |
| | (Docs. 373, 374) |
| GUARDIAN PROTECTION PRODUCTS, INC., | |
| Counterclaimant, | |
| v. | |
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, | |
| Counter-defendant. | |

This matter is before the Court on Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian")'s motion to compel (Doc. 373) and Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS")'s motion to compel (Doc. 374), both filed on June 25, 2020.  The joint statements directed to the motions to compel, as required by this Court's Local Rule 251, were filed concurrently therewith.  (Docs. 373-1, 375.)  The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g).  The hearing set for July 8, 2020, was therefore vacated.  (Doc. 377.).

Having considered the parties' briefing, and for the reasons set forth below, Guardian's motion to compel will be denied, and GIS's motion to compel will be granted in part and denied in part.

## I.     RELEVANT BACKGROUND[1]

On December 9, 2019, the United States Court of Appeals for the Ninth Circuit's reversed in part the Court's "Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment" (Doc. 133) and the Court's decision granting in part and denying in part Defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) (Doc. 266 at 15–16). (Docs. 344 & 347.)  The Ninth Circuit remanded for trial (1) GIS's First Cause of Action; (2) Guardian's First Counterclaim, insofar as Guardian requested declaratory relief regarding "[w]hether the [electronic] furniture protection plans qualify as a Guardian Product within the scope of the rights granted by the" Florida, Mid-Atlantic, and Cook County Agreements; and (3) GIS's Third Cause of Action, insofar as GIS alleged that Guardian breached the Bob's Discount Furniture Agreement by selling products to Bob's Discount Furniture in the geographic areas covered by the Florida, Mid-Atlantic, and Cook County Agreements (collectively, the "Remanded Claims").  (*See id.*)  Trial of the Remanded Claims is set for September 8, 2020, with the Pretrial Conference scheduled to occur on July 22, 2020.  (*See* Doc. 355.)

---

[1] The Court has previously provided extensive discussions regarding the factual and procedural background of this case. (*See, e.g.,* Doc. 133 at 2–10; Doc. 200 at 2–5; Doc. 332 at 2–16.)  Only procedural background relevant to the motions before the Court is set forth herein.

On February 10, 2020, with leave of Court (Doc. 355), GIS filed a motion for leave to supplement its complaint to add an eleventh claim, namely, a cause of action for breach of the Mid-Atlantic, Cook County, Indiana, Midwest, and Pennsylvania Agreements relating to Guardian's alleged post-trial termination of those agreements (the "Eleventh Cause of Action"). (Doc. 359.) Guardian opposed the motion. (Doc. 362.) The Court granted GIS's motion for leave to supplement its complaint on May 26, 2020. (Doc. 366.) In its order, the Court observed the parties' agreement that "additional discovery is needed as to the allegations in the supplemental complaint," in addition to "an updated damages calculation." (*Id*. at 13.) To that end, the Court reopened discovery "for the limited purpose of addressing the issue of damages that have occurred since the trial in this case and as a result of the additional alleged breaches." (*Id*. at 14.) It limited each side to "one Rule 30(b)(6) deposition of no more than seven (7) hours, and any limited necessary written discovery directly related to the depositions" and ordered that the discovery be completed by no later than June 30, 2020. (*Id*.)

A dispute thereafter arose as to the scope of the discovery permitted. Following an informal discovery dispute conference held on June 18, 2020 (Doc. 371), the Court clarified that the order intended to reopen discovery "for the purpose of addressing the issue of damages that have occurred since the trial in this case" as to the "Remanded Claims" and "as a result of the additional alleged breaches" alleged in the Eleventh Cause of Action. (Doc. 372.) The Court held that the deposition and related "limited necessary written discovery" shall pertain to "(1) Damages that GIS has allegedly incurred since the original judgment was filed on June 30, 2017, as to the Remanded Claims (as defined in the Court's December 13, 2019 Order (Doc. 349)) and (2) Damages that GIS has allegedly incurred as a result of the breaches alleged in its Eleventh Cause of Action in its supplemental complaint (Doc. 367)." (*Id*. at 2.) In light of this clarification, the parties were ordered to meet and confer to narrow the scope of their dispute, which at that time concerned 27 document requests and 14 deposition topics. (*Id*. at 3.)

According to the parties, they met and conferred and were able to "resolve or narrow a significant number of issues," resulting in "significant progress." (*See* Docs. 373-1 & 375.) Three disputes remain, however. Guardian moves to compel a response to its Request for Production No.

3

7, which seeks "GIS's general ledger from July 1, 2017 to the present." (*See* Doc. 373-1 at 3.) By its motion to compel, GIS seeks responses to document requests and information related to deposition topics pertaining to "Guardian's Bob's Discount Furniture sales data" and "Guardian's post-trial financial and sales data." (*See* Doc. 374 at 2 & Doc. 375 at 2.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that parties:

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

## III.    DISCUSSION

**A.    Guardian is Not Entitled to GIS's General Ledger**

Guardian's request for GIS's general ledger is beyond the scope of the limited discovery ordered by the Court, is cumulative of other information that GIS has agreed to produce in response to Guardian's requests, and is overly burdensome.

The Court has permitted the parties to undertake "limited necessary written discovery" based in part on their professed need for "updated" damages information from the time of judgment to present. Despite its recent proclamation that GIS's general ledger is "the key source evidencing GIS's purported damages," Doc. 373-1 at 5, it appears that Guardian has never sought the ledger in discovery until now, *see id.* at 11. Thus, because Guardian did not base its prior damages calculation on GIS's general ledger (as it did not have that information), the ledger cannot be deemed to be within the scope of the Court-permitted limited discovery that is necessary to "update" that

calculation.

Moreover, Guardian's own description of general ledgers underscores the cumulative nature of its request for GIS's ledger. According to Guardian, a general ledger "encompass[es] all the transaction data needed to produce the income statement, balance sheet, and other financial reports." (Doc. 373-1 at 5.) However, Guardian has requested, and GIS has agreed to produce, GIS's income statements, balance sheets, cash flow statements, and other financial statements—information that is necessary to update Guardian's damages calculation. (*See id*. at 3–4, 8.) According to GIS, the information it has agreed to produce to Guardian is even broader, including "information demonstrating its purchases, sales, revenues, expenses, costs of goods sold, and warranty registrations, along with financial statements summarizing all of the above." (*Id*. at 9.) The only reason proffered by Guardian for needing GIS's general ledger in addition to its income statements, balance sheets, cash flow statements, and other financial statements, is that the ledger "*may* reflect any inaccuracy" in those documents. (*Id*. at 7) (emphasis added). Such supposition does not demonstrate that the production of GIS's general ledger is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). *See also Amini Innovation Corp. v. McFerran Home Furnishings, In*c., Case No. CV 14-2464 RSWL (SSx), 2014 WL 12561077, at *2 (C.D. Cal. Dec. 4, 2014) (finding it unnecessary to order production of a general ledger, in view of the other financial information ordered to be produced). If, after receiving GIS's document production, Guardian's question of the accuracy of the information contained therein rises above mere speculation, it can at that time raise the issue with the Court.

Finally, the Court is persuaded that the production of GIS's general ledger would be overly burdensome given its likely, and at this point purely speculative, benefit. *See* Fed. R. Civ. P. 26(b)(1). According to GIS, and consistent with Guardian's description (*see* Doc. 373-1 at 5), its general ledger "encompasses every single transaction that GIS undertook for over three years, across its entire business," amounting to over 60,000 transactions. (*Id*. at 8.) It includes "details regarding water cooler maintenance, pest control, landscaping, snow removal, lunches, and sewage repair." (*Id*.) It also contains "sensitive financial information" such as "social-security numbers, taxpayer-identification numbers, financial-account numbers, and the like." (*Id*. at 10.) In order to produce

the general ledger to Guardian, GIS claims it would need to review each of the 60,000 transactions for irrelevant and confidential information, a task which, while not "impossible" as GIS posits, is certainly impracticable at this stage of the proceedings, with trial occurring soon.

To be sure, GIS's general ledger contains information that is "unquestionably relevant"—a point that it does not dispute. And, were this dispute to have arisen during the initial discovery period in this case, the Court's analysis might have been different. However, given the limited nature and purpose of the discovery that has been permitted by the Court under these circumstances, and in view of the cumulative and overly broad nature of information sought, Guardian's motion to compel response to its Request for Production No. 7, which seeks production of GIS's general ledger from July 1, 2017 to the present, shall be denied.

**B.    Guardian Shall Update its Bob's Discount Furniture Sales Data for the Territories Covered by the Florida, Mid-Atlantic, and Cook County Agreements**

GIS's Request for Production No. 66 and Deposition Topic No. 5[2] request information related to sales of Guardian's products to Bob's Discount Furniture for distribution by its retail locations within each of GIS's exclusive territories from January 1, 2016, to present. (*See* Doc. 375 at 2–3.) GIS explains that such information is necessary to update prior trial exhibit "J-125," showing Guardian's sales covered by the Bob's Discount Furniture Agreement from 2011 to mid-2016, with sales that have occurred since it was last generated. (*Id*. at 4. *See also id*. Ex. A.) Guardian objects that GIS's requests are not limited to: (1) damages "allegedly incurred since the original judgment was filed on June 30, 2017," as ordered by the Court, or (2) the Florida, Mid-Atlantic, and Cook County territories as remanded by the Ninth Circuit. (*Id*.)

The Court rejects Guardian's first argument. As discussed above, the Court reopened discovery to provide the parties an opportunity to obtain information needed to update their damages calculation in view of the Ninth Circuit's remand and retrial of certain claims. The Court's

---

[2] The joint statement is unclear as to what matter(s) "Deposition Topic No. 5" refers. On page 3, Deposition Topic No. 5 is described as pertaining to "Sales revenue that Guardian or its distributors have obtained or expect to obtain in selling Guardian products to Bob's Discount Furniture ["Bob's"] since January 1, 2016 . . . and commissions related to those sales." (*See* Doc. 375 at 3.) Later, on page 11, Deposition Topic No. 5 is described as pertaining to "[s]ales revenue that Guardian or its distributors have obtained or expect to obtain in selling Guardian products to . . . The RoomPlace ["TRP"], and commissions related to those sales." (*See id*. at 11.) For clarity, the Court shall refer to these items as the "Bob's Deposition Topic" and the "TRP Deposition Topic," respectively.

6

expectation was that the necessary information, such as that contained in exhibit J-125 showing sales by Bob's Discount Furniture, had been updated through the end of the prior trial. GIS has informed the Court, however, that, notwithstanding the duty to supplement discovery (*see* Fed. R. Civ. P. 26(e)) exhibit J-125 only includes sales through 2016. Accordingly, Guardian shall produce the information responsive to GIS's Production No. 66 and the Bob's Deposition Topic in order to update the version of exhibit J-125 that was presented at the prior trial.

With regard to Guardian's second argument, information produced by Guardian to update exhibit J-125, however, shall pertain only to territories covered by the Florida, Mid-Atlantic, and Cook County Agreements. The Court's order reopening discovery was limited in relevant part to information pertaining to the "Remanded Claims, as defined in the Court's December 13, 2019 Order." (Doc. 372.) The Remanded Claim at issue is "GIS's Third Cause of Action, insofar as GIS alleged that Guardian breached the Bob's Discount Furniture Agreement by selling products to Bob's Discount Furniture *in the geographic areas covered by the Florida, Mid-Atlantic, and Cook County Agreements*." (*See* Docs. 349 & 372 (emphasis added).)

In an apparent effort to enlarge the scope of the reopened discovery beyond the Remanded Claims, GIS asserts that is entitled it to seek discovery of lost commissions for <u>all</u> territories covered by the Bob's Furniture Agreement in view of the Ninth Circuit's ruling that "the district court erred as a matter of law to the extent that it ruled on the validity of GIS's consideration [for the Bob's Discount Furniture Agreement] on a per-territory basis," which it contends reversed the "law of the case." (Doc. 375 at 6, 7.) Not so. The appeal before the Ninth Circuit was limited, in pertinent part, to the Court's "grant of Guardian's motion for judgment as a matter of law" on GIS's Third Cause of Action, alleging Guardian's "breach of the purported agreement to pay a 5% commission (the 'Bob's Commission') *with respect to three distribution agreements*." (Doc. 344 at 2 (emphasis added).) The Ninth Circuit found that the Court "erred in granting judgment as a matter of law to Guardian" on GIS Third Cause of Action based on Guardian's argument that the purported agreement to pay the Bob's Commission was not supported by consideration *in the territories covered by the Florida, Mid-Atlantic, and Cook County Agreements*" and "reverse[d] the [Court's] grant of judgment as a matter of law to Guardian *as to this issue* and remand[ed] it for retrial." (*Id.*

at 4, 5 (emphasis added).) Guardian did not move for a motion for judgment as a matter of law on GIS's Third Cause of Action as to its alleged breach of the Bob's Furniture Agreement in the territories covered by the other six distribution agreements—instead, that claim was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for want of prosecution by GIS, see Doc. 334 at 3, and it was not appealed. Thus, Guardian's alleged breach of the Bob's Furniture Agreement in territories covered by agreements other than the Florida, Mid-Atlantic, and Cook County Agreements was not within the scope of the issue the Ninth Circuit reversed and remanded for trial, *i.e.*, the Remanded Claims.[3] Accordingly, GIS's request for "all lost commissions" exceeds the scope of the reopened discovery. As set forth above, GIS is entitled to information responsive to its Request for Production No. 66 and the Bob's Deposition Topic in order to update prior trial exhibit J-125 pertaining to territories covered by the Florida, Mid-Atlantic, and Cook County Agreements.[4]

**C.   Guardian Shall Produce its Financial and Sales Information in Response to GIS's Remaining Discovery Requests**

Lastly, GIS has propounded Document Requests Nos. 57, 61, 65, 67, 68 and two deposition topics, which seek information concerning Guardian's post-trial finances and sales activities within territories that are allegedly covered by its distribution agreements with GIS. GIS contends that such information is within the scope of the permitted discovery and relevant to show (1) the amount of Guardian's unjust enrichment of which GIS is entitled to seek disgorgement as a restitutionary remedy for its breach of contract claims (Requests for Production Nos. 57, 61, 65 and Deposition Topic No. 2) and (2) the amount of GIS's lost profits it would have attained had Guardian not unlawfully terminated GIS's ability to sell in those territories (Requests for Production Nos. 67–68 and the TRP Deposition Topic). (*See* Doc. 375 at 12–14.)

GIS has cited authority that stands for the proposition that disgorgement may be an available remedy for breach of contract under California law. *See Alkayali v. Hoed*, Case No. 3:18-cv-777-

---

[3] Notably, following the Ninth Circuit's decision, GIS did not seek to set aside the judgment of dismissal with prejudice of its Third Cause of Action as to Guardian's alleged breach in the other six territories on the basis that the Ninth Circuit ruling reversed that "law of the case." It also did not object to the Court's December 13, 2019 Order, which defined the relevant "Remanded Claim."

[4] The Court observes that the sales by Bob's Discount Furniture is reflected in trial exhibit J-125 on a per-territory basis. (*See* Doc. 375 at Ex. A.)

H-JMA, 2018 WL 3425980, at *6 (S.D. Cal. July 16, 2018) ("California law permits plaintiffs to seek disgorgement of a defendant's unjust enrichment as a restitutionary remedy for breach of contract.") (citations omitted).  Without determining whether that remedy is available in the present case, the Court will allow discovery of the information sought by Requests for Production Nos. 57, 61, 65 and Deposition Topic No. 2, since it is relevant to determining the amount that could potentially be disgorged from Guardian, if that remedy is ultimately found to be available here.

The Court will also permit discovery of the information pertaining to former GIS customer "The RoomPlace" ("TPR"), as GIS has shown the information sought by Requests for Production Nos. 67–68 and the TPR Deposition Topic is relevant to determining the profits it lost as a result of Guardian servicing the TPR account following its alleged termination of the Cook County, Midwest, and Indiana Agreements.  (*See* Doc. 375 at 13–14.)  The Court is not persuaded by Guardian's contention that because GIS's supplemental complaint does not contain any allegations or claims regarding TPR, GIS is not entitled to the sought-after discovery.  (*See* Doc. 375 at 17.)  According to GIS, unlike the Bob's Discount Furniture Agreement, there is no separate agreement between GIS and Guardian covering Guardian's sales made to TPR of which to claim breach.  Instead, allegations regarding the sales made by Guardian to TPR pertain to GIS's claim for damages incurred as a result of the breaches of the Cook County, Midwest, and Indiana Agreements, which is the subject of its Eleventh Cause of Action and within the scope of the Court's order reopening discovery.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED:

1. Defendant/Counterclaimant Guardian Protection Products, Inc.'s motion to compel (Doc. 373) is DENIED;
2. Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions' motion to compel (Doc. 374) is GRANTED as to Document Requests Nos. 57, 61, 65, 67, 68, Deposition Topic No. 2, and the TRP Deposition Topic.  The motion is GRANTED as to Request for Production No. 66 and the Bob's Deposition Topic for the territories covered by the Florida, Mid-Atlantic, and Cook County Agreements, and is DENIED as to Request for

       Production No. 66 and the Bob's Deposition Topic for territories covered by other distribution agreements;

3. The deadline by which to complete the permitted discovery in this case is **EXTENDED to August 7, 2020**;

4. To allow time for the parties to complete the discovery, the Pretrial Conference, currently set for July 22, 2020, **CONTINUED to September 2, 2020, at 3:30 P.M**. in Courtroom 7 before the Honorable Sheila K. Oberto, United States Magistrate Judge.  The parties shall file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2) and submit a digital copy of their Pretrial Statement in Word format, directly to Magistrate Judge Oberto's chambers by email at SKOorders@caed.uscourts.gov; and

5. To afford the parties adequate time to prepare for trial following the pretrial conference, and in light of the coronavirus (COVID-19) outbreak and the resultant courthouse restrictions, *see, e.g.,* General Orders Nos. 612–618, as well as the uncertainty surrounding courthouse availability in the future, **the jury trial for September 8, 2020, is VACATED.**  The parties shall be prepared at the Pretrial Conference to discuss a trial date that is appropriate under the circumstances that exist at that time.

IT IS SO ORDERED.

Dated:   **July 9, 2020**                                    /s/ *Sheila K. Oberto*                    
                                                   UNITED STATES MAGISTRATE JUDGE