# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>   Plaintiff,<br><br> v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>   Defendants.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER EXTENDING DEADLINE FOR REOPENED DISCOVERY AND CONTINUING PRETRIAL CONFERENCE** |
| GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>   Counterclaimant,<br><br> v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>   Counter-defendant.<br>_____/ | |

On July 31, 2020, the Court observed that since both Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS")'s motion for reconsideration (Doc. 379) and Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian")'s ex parte motion to modify the scheduling order (Doc. 380) sought permission to conduct discovery beyond the discovery deadline of August 7, 2020, the parties have "effectively requested the Court to enlarge the discovery deadline." (Doc. 382.)  The Court ordered the parties to meet and confer to reach an agreement on such deadline and, if they could not agree, to file a joint statement of no more than five pages in length, setting forth their meet and confer efforts and respective positions.  (*See id*. at 2–3.)  Because the Court granted the parties' effective request to enlarge the deadline, and ordered the parties to attempt to agree on the enlargement, Guardian's ex parte motion to modify the scheduling order was denied as moot.  (*See id*. at n.1.)

On August 7, 2020, the parties timely filed a joint statement indicating that they could not agree upon a new discovery deadline. (Doc. 384.)  GIS takes the position that "[i]t is not necessary to extend fact discovery beyond the current deadline" and "the Court should maintain the current schedule."  (*Id*. at 2, 4.)  The "current schedule" cannot be maintained, however, because the discovery deadline has now passed.  Moreover, GIS acknowledges that, should the Court grant its motion for reconsideration, discovery would ***need to be reopened***, albeit "for the narrow purpose of ordering Guardian to produce the data sought by GIS's May 29 document request."  (*Id*. at 2.)

Guardian's position is that "an extension of the current discovery cut-off by at least 90 days is necessary for it to complete discovery and file any necessary motions to permit it to conduct this discovery in the first place."  (Doc. 384 at 6–7.)

In view of the parties' inability to agree on an enlarged deadline that they effectively requested, and were granted, and considering each party's respective basis for such request, the Court finds that **60 days** is a reasonable extension from the now-expired August 7, 2020 re-opened discovery deadline.  Such extension will accommodate GIS's need for re-opened discovery in the event its motion for reconsideration is granted, and it will also allow for Guardian to propound the discovery it claims is necessary.  To the extent any disputes arise concerning whether discovery

served during this period is within the scope of that permitted by this Court, a 60-day enlargement also allow sufficient time for resolution of those disputes pursuant to Local Rule 251.[1]

Based on the foregoing, it is hereby ORDERED:

1. The deadline by which to complete the permitted discovery in this case is **EXTENDED to October 6, 2020**; and

2. To allow time for the parties to complete the discovery, the Pretrial Conference, currently set for September 2, 2020, **CONTINUED to November 4, 2020, at 3:30 P.M.** in Courtroom 7 before the Honorable Sheila K. Oberto, United States Magistrate Judge. The parties shall file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2) and submit a digital copy of their Pretrial Statement in Word format, directly to Magistrate Judge Oberto's chambers by email at SKOorders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   **August 12, 2020**              /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] At this time, the Court takes no position on whether discovery proposed by either party in their Joint Statement (*see, e.g.*, Doc. 384 at 4 n.1, 6) falls within the scope of permitted discovery, as such discovery requests are not before the Court.