# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>        Plaintiff,<br><br>  v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>        Defendants.<br>_____/<br><br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>        Counterclaimant,<br><br>  v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>        Counter-defendant.<br>_____/ | Case No. 1:15-cv-00321-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Doc. 379) |

This matter is before the Court on Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions' ("GIS") "Motion for Reconsideration of Discovery Order," filed on July 17, 2020. (Doc. 379.) Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian") filed an opposition on August 5, 2020. (Doc. 383.) GIS filed a reply brief on August 12, 2020. (Doc. 385.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for August 19, 2020, was therefore vacated. Having considered the parties' briefing, and for the reasons set forth below, GIS's motion for reconsideration is denied.

## I.   RELEVANT BACKGROUND[1]

On December 9, 2019, the United States Court of Appeals for the Ninth Circuit reversed in part the Court's "Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment," (Doc. 133), and the Court's decision granting in part and denying in part Defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), (Doc. 266 at 15–16). (Docs. 344, 347.) The Ninth Circuit remanded for trial (1) GIS's First Cause of Action; (2) Guardian's First Counterclaim, insofar as Guardian requested declaratory relief regarding "[w]hether the [electronic] furniture protection plans qualify as a Guardian Product within the scope of the rights granted by the" Florida, Mid-Atlantic, and Cook County Agreements; and (3) GIS's Third Cause of Action, insofar as GIS alleged that Guardian breached the Bob's Discount Furniture Agreement by selling products to Bob's Discount Furniture in the geographic areas covered by the Florida, Mid-Atlantic, and Cook County Agreements (collectively, the "Remanded Claims"). (*See id.*) On December 13, 2019, the Court entered an order following remand, which defined the Remanded Claims. (Doc. 349 at 2.)

On February 10, 2020, with leave of Court, (*see* Doc. 355), GIS filed a motion for leave to supplement its complaint to add an eleventh claim, namely, a cause of action for breach of the Mid-

---

[1] The Court has previously provided extensive discussions regarding the factual and procedural background of this case. (*See, e.g.,* Doc. 133 at 2–10; Doc. 200 at 2–5; Doc. 332 at 2–16.) Only procedural background relevant to GIS's motion for reconsideration is included here.

2

Atlantic, Cook County, Indiana, Midwest, and Pennsylvania Agreements relating to Guardian's alleged post-trial termination of those agreements (the "Eleventh Cause of Action"). (Doc. 359.) The Court granted GIS's motion for leave to supplement its complaint on May 26, 2020. (Doc. 366.) In its order, the Court observed the parties' agreement that "additional discovery is needed as to the allegations in the supplemental complaint," in addition to "an updated damages calculation." (*Id*. at 13.) To that end, the Court reopened discovery "for the limited purpose of addressing the issue of damages that have occurred since the trial in this case and as a result of the additional alleged breaches." (*Id*. at 14.) It limited each side to "one Rule 30(b)(6) deposition of no more than seven hours, and any limited necessary written discovery directly related to the depositions," and ordered that the discovery be completed by no later than June 30, 2020. (*Id*.)

A dispute thereafter arose as to the scope of the discovery permitted. Following an informal discovery dispute conference held on June 18, 2020, (Doc. 371), the Court clarified that the order intended to reopen discovery "for the purpose of addressing the issue of damages that have occurred since the trial in this case" as to the "Remanded Claims" and "as a result of the additional alleged breaches" alleged in the Eleventh Cause of Action. (Doc. 372.) The Court stated that the deposition and related "limited necessary written discovery" shall pertain to "(1) Damages that GIS has allegedly incurred since the original judgment was filed on June 30, 2017, as to the Remanded Claims (as defined in the Court's December 13, 2019 Order (Doc. 349)) and (2) Damages that GIS has allegedly incurred as a result of the breaches alleged in its Eleventh Cause of Action in its supplemental complaint (Doc. 367)." (*Id*. at 2.) In light of this clarification, the parties were ordered to meet and confer to narrow the scope of their dispute, which at that time concerned 27 document requests and 14 deposition topics. (*Id*. at 3.)

Guardian then moved to compel a response to its Request for Production No. 7, which seeks "GIS's general ledger from July 1, 2017 to the present." (*See* Doc. 373-1 at 3.) GIS moved to compel responses to document requests and information related to deposition topics pertaining to "Guardian's Bob's Discount Furniture sales data" and "Guardian's post-trial financial and sales data." (*See* Doc. 374 at 2; Doc. 375 at 2.) The Court denied Guardian's motion to compel and granted GIS's motion as to most of its requests. (Doc. 378.) At issue here are Request for

3

Production No. 66 and the "Bob's Deposition Topic," which request information related to sales of Guardian's products to Bob's Discount Furniture for distribution by its retail locations within each of GIS's exclusive territories from January 1, 2016, to the present. (*See, e.g.,* Doc. 378 at 6.) The Court granted GIS's motion to compel as to Request for Production No. 66 and the Bob's Deposition Topic as they relate to the Florida, Mid-Atlantic, and Cook County Agreements, but denied it as they relate to other territories. (*See id.* at 7.) GIS now requests that the Court vacate that portion of its order and allow GIS to obtain this information. (Doc. 379.)

## II.    LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . .' of that which was already considered by the Court in rendering its decision." *Andrews v. Pride Indus.*, No. 2:14-cv-02154-KJM-AC, 2017 WL 117899, at *2 (E.D. Cal. Jan. 11, 2017) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)). Further, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Ultimately, "[t]o succeed" in a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Andrews*, 2017 WL 117899, at *2 (citation omitted); *see, e.g.*, E.D. Cal. Local Rule 230(j) (stating that a party seeking reconsideration must show, in part, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion").

"Where there is an error in the underlying order, only a failure to correct 'clear error' constitutes an abuse of discretion." *Andrews*, 2017 WL 117899, at *2 (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)); *see also id.* ("The Ninth Circuit has held it is not an abuse of

discretion to deny a motion for reconsideration merely because the underlying order is 'erroneous,' rather than 'clearly erroneous.'" (quoting *McDowell*, 197 F.3d at 1255 n.4)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

### III. DISCUSSION

As stated above, GIS challenges a discrete portion of the Court's July 9, 2020 order: the denial of discovery related to Request for Production No. 66 and the Bob's Deposition Topic as it relates to territories outside the scope of the Remanded Claims. (*See* Doc. 379.) The Court finds that GIS has failed to show that the Court's order was clearly erroneous and will deny GIS's request for reconsideration. *See Andrews*, 2017 WL 117899, at *2.

GIS contends that the Court's order is predicated "on a misreading of the issues that were litigated on appeal – a misreading encouraged by Guardian's blatant mischaracterization of the record before the Ninth Circuit." (Doc. 379-1 at 2.) GIS similarly contended in its briefing on the motion to compel that "[t]he Ninth Circuit held that the Bob's Agreement is a single contract under which Guardian agreed to pay GIS a 5% commission on sales to Bob's retail locations wherever GIS held exclusive rights, not just a subset of its territories." (Doc. 375 at 5.) The Court rejected GIS's contention in its July 9, 2020 order, stating:

> The appeal before the Ninth Circuit was limited . . . to the Court's "grant of Guardian's motion for judgment as a matter of law" on GIS's Third Cause of Action, alleging Guardian's "breach of the purported agreement to pay a 5% commission (the 'Bob's Commission') *with respect to three distribution agreements*." The Ninth Circuit found that the Court "erred in granting judgment as a matter of law to Guardian" on GIS['s] Third Cause of Action based on Guardian's argument that the purported agreement to pay the Bob's Commission was not supported by consideration *in the territories covered by the Florida, Mid-Atlantic, and Cook*

> *County Agreements*" and "reverse[d] the [Court's] grant of judgment as a matter of law to Guardian *as to this issue* and remand[ed] it for retrial." Guardian did not move for a motion for judgment as matter of law on GIS's Third Cause of Action as to its alleged breach of the Bob's Furniture Agreement in the territories covered by the other six distribution agreements—instead, that claim was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for want of prosecution by GIS, and it was not appealed. Thus, Guardian's alleged breach of the Bob's Furniture Agreement in territories covered by agreements other than the Florida, Mid-Atlantic, and Cook County Agreements was not within the scope of the issue the Ninth Circuit reversed and remanded for trial, *i.e.*, the Remanded Claims.

(Doc. 378 at 7–8) (internal record citations omitted).

GIS now contends that the Court should examine the record on appeal and the parties' briefing to conclude that the issue the Ninth Circuit remanded in its order and mandate is actually broader than that stated by the Ninth Circuit in its order remanding the case. (Doc. 379-1 at 7–10.) GIS's motion is denied for the following reasons.

First, the Court already addressed and rejected GIS's substantive contention regarding the issues remanded for trial from the Ninth Circuit in its July 9, 2020 order. (*See* Doc. 378 at 7–8); *Andrews*, 2017 WL 117899, at *2. Further, GIS could have raised its contention regarding its alleged entitlement to broader responsive information related to Request for Production No. 66 and the Bob's Deposition Topic, in the context of the record on appeal and the parties' briefing before the Ninth Circuit, in connection with the motion to compel. *See Marlyn Nutraceuticals*, 571 F.3d at 880 ("[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"). *Cf. Artis v. Bernanke*, 161 F.Supp.3d 97, 99 (D.D.C. 2013) (denying motion for reconsideration of order denying motion to compel production of documents, stating that "[e]ven if those documents did reflect discovery that was requested but not produced, plaintiffs cannot use a motion for reconsideration to argue issues that could have been raised earlier, but were not."). Finally, the Ninth Circuit's opinion and mandate are controlling—not the parties' briefing on appeal—and the Court must implement the express language of the Ninth Circuit's opinion. *See Hall v. City of Los*

*Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it"); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("[W]e have repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of the remand is clear."). In this respect, the scope of the Ninth Circuit's remand was clear in that the remand related to GIS's Third Cause of Action was limited to "the territories covered by the Florida, Mid-Atlantic, and Cook County Agreements." (Doc. 344 at 4.)

The Court finds that GIS has failed to show that the Court's July 9, 2020 order is clearly erroneous, and has failed to meet its burden to justify reconsideration of the Court's order. *See Marlyn Nutraceuticals*, 571 F.3d at 880.

### IV.    CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that GIS's motion for reconsideration, (Doc. 379), is DENIED.

IT IS SO ORDERED.

Dated:   **August 18, 2020**                    /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE