# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>   Plaintiff,<br><br> v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>   Defendants.<br>_____/<br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>   Counterclaimant,<br><br> v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>   Counter-defendant.<br>_____/ | Case No.  1:15-cv-00321-SKO<br><br>**ORDER GRANTING EX PARTE MOTION TO MODIFY SCHEDULING ORDER**<br><br>**(Doc. 389)** |

## I. INTRODUCTION

Pending before the Court is Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian")'s *ex parte* motion to modify the scheduling order, which seeks to enlarge the time to conduct re-opened discovery and to hold the pretrial conference by forty-five (45) days, so that Guardian can complete its discovery with respect to GIS's alleged damages. (Doc. 389.) The Court ordered the parties to meet and confer to reach an agreement on whether Guardian's *ex parte* motion is supported by good cause pursuant to Fed. R. Civ. P. 16(b)(4), and, if they could not agree, for Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS")'s to file an opposition to the motion by October 1, 2020. (*See* Doc. 390.) On October 1, 2020, GIS timely filed an opposition, contending that Guardian did not exercise diligence in seeking to modify the scheduling order. (*See* Doc. 391.)

## II. LEGAL STANDARD

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. *Id*. The court may also consider the prejudice to the party opposing the modification. *Id*. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became

apparent that the party could not comply with the scheduling order." *Kuschner Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

### III.     DISCUSSION[1]

The Court finds that Guardian has shown good cause pursuant to Fed. R. Civ. P. 16(b)(4) to modify the scheduling order.  ***First***, Guardian (and GIS) assisted the Court in the creation of the current case schedule with diligence.  Guardian filed its original *ex parte* motion to modify the scheduling order on July 29, 2020, prior to the expiration of the then-current discovery deadline of August 7, 2020.  (Doc. 380.)  After observing that *both* parties had, by their filings[2], effectively requested that the deadline for discovery be enlarged beyond August 7, 2020, the Court ordered the parties to meet and confer as to the length of the enlargement, and, if they could not agree, to file a joint statement setting forth their respective positions.  (*See* Doc. 382.)  As indicated in the parties' joint statement filed August 7, 2020, Guardian timely met and conferred with GIS in good faith to agree upon a new discovery cut-off date, but the conference was unsuccessful.  (*See* Doc. 384 at 4.)  Although Guardian proposed a 90-day extension to the deadline, the Court ultimately rejected that proposal on August 13, 2020, finding that 60 days was a reasonable extension and continuing the deadline for re-opened discovery to October 6, 2020, and the Pretrial Conference to November 4, 2020.  (*See* Doc. 386 at 2–3.)

***Second***, the Court finds that Guardian's expressed need for the modification to the schedule was not reasonably foreseeable when the Court set the current schedule on August 13, 2020.  In its *ex parte* motion, Guardian requests that the schedule be enlarged so that it may pursue discovery from, and related to, Innovative Solution Specialists LLC ("ISS"), which it alleges is an alter ego of GIS.  (*See* Doc. 389-1 at 2–3.)  At his deposition on July 17, 2020, GIS witness Christopher Nolan testified about an "ownership group" that "formed a relationship with another company that [sells] similar type products" as those at issue in this case, and he identified that "ownership group" as "ServeCo."  (*See* Doc. 389-2 at 108:4–23; Doc. 391 at 8.)  Guardian thereafter propounded discovery

---

[1] The parties are familiar with the underlying facts and procedural history and the Court will not repeat them here, except as necessary for the adjudication of the instant motion.

[2] On July 17, 2020, GIS moved for reconsideration of the Court's July 9, 2020 order in part, and noticed the motion hearing on August 19, 2020, twelve days after the then-current deadline to complete the reopened discovery.  (*See* Doc. 379.)

3

to GIS about the ownership group, (*see* Doc. 391-4 at 3–4, Doc. 391-5 at 3, 7–9), to which GIS responded on September 18, 2020, and identified the ownership group as ISS (*see* Doc. 391-6 at 7–12).[3]  Thus, it was not until **September 18, 2020**, that Guardian learned that the ownership group was not ServeCo, as Mr. Nolan testified on July 17, 2020, but instead ISS.  While it is possible that Guardian was aware of ISS's *existence* by virtue of its attendance at trade shows prior to August 13, 2020, as GIS presumes (*see, e.g.*, Doc. 391-8 ¶ 7), the *significance* of ISS, namely that it was the ownership group that Mr. Nolan had misidentified at his deposition as ServeCo, was not made clear to Guardian until after that date.

*__Third__*, and finally, Guardian was diligent in seeking *ex parte* relief.  Guardian has now served a subpoena on ISS, which is represented by the same attorneys as GIS.  (*See* Doc. 389 at 3, 10; Doc. 391 at 17.)  While the deadline for ISS to respond is within the current discovery period, Guardian anticipates that ISS will object to the discovery, necessitating a discovery motion under Local Rule 251.  On September 25, 2020, Guardian sought a stipulation from GIS to enlarge the reopened discovery period, in light of the information about ISS it had received a week before, or for an expedited schedule in which to file a Local Rule 251 motion.  (*See* Doc. 389-2 ¶ 8.)  GIS did not agree to stipulate and reiterated its position that Guardian is not entitled to discovery from ISS. (*See id*.)  Guardian filed the present *ex parte* motion on September 29, 2020, four days after the parties met and conferred and reached an impasse.  (*See* Doc. 389.)

## IV.    CONCLUSION AND ORDER

In view of the foregoing, and in the absence of any significant prejudice to GIS given the vacated trial date, Guardian's *ex parte* motion to modify the scheduling order (Doc. 389) is GRANTED.[4]  It is hereby ORDERED:

1.    The deadline by which to complete the permitted discovery in this case is

---

[3] GIS identified ISS in its discovery responses as "Innovative Solution**s** Specialist," which it acknowledges was a clerical error.  The Court does not ascribe any bad faith by GIS or its attorneys despite Guardian's accusations to the contrary.

[4] The Court again declines Guardian's invitation to find that its requested discovery is within the scope of what has been permitted by the Court.  (*See* Doc. 389-1 at 3 ("Guardian also respectfully requests that this Court clarify its prior rulings with respect to the scope of permissible discovery in this matter and confirm that discovery as to alleged sales by GIS's alleged alter ego entity, ISS, are within the scope of permissible discovery authorized by this Court.").)  That issue is not currently before the Court, but it may (and it appears, will) be presented to the Court by motion brought under Local Rule 251.

**EXTENDED to November 20, 2020**; and

2. The Pretrial Conference, currently set for November 4, 2020, **CONTINUED to January 13, 2021, at 3:30 P.M.** in Courtroom 7 before the Honorable Sheila K. Oberto, United States Magistrate Judge. The parties shall file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2) and submit a digital copy of their Pretrial Statement in Word format, directly to Magistrate Judge Oberto's chambers by email at SKOorders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   **October 5, 2020**                         /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE