# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>      Plaintiff,<br><br>  v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>      Defendants.<br>_____/<br>GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>      Counterclaimant,<br><br>  v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>      Counter-defendant.<br>_____/ | Case No.  1:15-cv-00321-SKO<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>**(Doc. 393)** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff/Counter-defendant G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS")'s motion for sanctions, asserting that Defendant/Counterclaimant Guardian Protection Products, Inc. ("Guardian") has refused to produce documents responsive to GIS's discovery requests despite being ordered by the Court to do so. (Doc. 393. *See also* Doc. 396.) Guardian opposes GIS's motion, contending that it has fully complied with the Court's order. (Doc. 395.) The Court has reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for October 21, 2020, was therefore vacated. (Doc. 397.)

## II.  DISCUSSION[1]

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure permits sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). GIS asserts it is entitled to sanctions under this Rule due to Guardian's failure to produce documents responsive to GIS's Requests for Production ("RFP") No. 58 and 61, in violation of the Court's July 9, 2020, order granting in part GIS's motion to compel (Doc. 378). (*See* Doc. 393-1 at 10–11.) GIS, however, did not in its motion seek to compel Guardian to respond to RFP No. 58 (*see* Doc. 374), and thus RFP No. 58 was not the subject of the July 9, 2020, order (*see* Doc. 378).[2] Sanctions are therefore not appropriate under Rule 37(b)(2)(A) for Guardian's alleged failure to produce documents responsive to RFP No. 58. *See Ayala v. U.S. Xpress Enterprises, Inc.*, No. EDCV 16-137-GW (KKX), 2019 WL 6179553, at *4–*6 (C.D. Cal. Oct. 15, 2019) (denying sanctions under Rule 37(b)(2)(A) where the discovery was not required to be produced by court order), *report and recommendation adopted*, No. EDCV 16-137-GW (KKX), 2019 WL 7858539 (C.D. Cal. Nov. 14, 2019).

---

[1] The parties are familiar with the underlying facts and procedural history and the Court will not repeat them here, except as necessary for the adjudication of the instant motion.

[2] RFP No. 58 seeks "[d]ocuments sufficient to show monthly Guardian sales revenue from July 1, 2017, to the present for each Exclusive Territory and customer account." (Doc. 394 at 8.) GIS contends that Guardian "promised" to provide information responsive to RFP No. 58 (*see* Doc. 393-1 at 6), but such does not subject Guardian to sanctions under Rule 37(b)(2)(A). *See Youngevity Int'l Corp. v. Smith*, No. 16-cv-00704-BTM (JLB), 2017 WL 6541106, at *11 (S.D. Cal. Dec. 21, 2017) (Rule 37(b)(2)(A) "requires that a party disobey an order to provide or permit discovery.") (citing *Bair v. California State Dep't of Transp.*, 867 F. Supp. 2d 1058, 1068 (N.D. Cal. 2012)).

The Court's July 9, 2020 order, by contrast, addressed RFP No. 61 and ordered Guardian to produce documents responsive to that request. (*See* Doc. 378 at 9.) RFP No. 61 seeks "[d]ocuments sufficient to show, on a monthly and per-territory basis, all direct sales to Guardian customers, including warranty registrations, within GIS's Exclusive Territories from July 1, 2017, to the present." (Doc. 394 at 9.) GIS contends that Guardian has failed to comply with the order because it has "only produced data for sales *shipped* to GIS's exclusive territories rather than sales *billed* to customers within those territories," in contrast to the parties' "usual practice" of deeming a sale to occur "within" the territory where the customer is billed rather than where a product is shipped. (Doc. 393-1 at 3 (emphasis in original).) GIS points to deposition testimony of Guardian's corporate representative as evidencing Guardian's understanding that sales within a territory are those based on billing location, and contends Guardian's production of sales data solely based on shipping location in response to RFP No. 61 is at odds with that testimony. (*See id.* at 7–8.)

Guardian does not dispute that it produced sales information solely based on shipments of products within GIS's territories, but responds that its production "fully complie[s]" with the Court's July 9, 2020, order. (Doc. 395 at 4.) Guardian points out that GIS did not specify in its document requests that RFP No. 61 sought data for sales to "customer retail stores located anywhere throughout the United States so long as that customer's headquarters are located within GIS's former territory," and claims that Guardian's interpretation of the discovery request, as opposed to GIS's "new interpretation," is supported by GIS's own allegations and admissions. (*See id.* at 9–12.)

As set forth above, RFP No. 61 requests discovery of "direct sales to Guardian customers, including warranty registrations, within GIS's Exclusive Territories." (Doc. 394 at 9.) While GIS defines "Exclusive Territories" in the discovery requests,[3] it provides no definition for "sales [] within" the Exclusive Territories. The meaning of this phrase, specifically as used in RFP No. 61, is capable of different, reasonable interpretations, as evidenced by the parties' respective

---

[3] "Exclusive Territory" is defined as "any territory that is or was subject to a Warehousing Distributor Agreement between GIS and Guardian whether or not such Agreement has been purportedly terminated. When a request refers to each of the Exclusive Territories, it refers to each region covered by a single WDA. (Doc. 394 at 8.)

3

positions.[4]  Where discovery requests include ambiguous or undefined terms, a responding party has "an obligation to construe . . . [them] in a reasonable manner." *Boston v. ClubCorp USA, Inc.*, Case No. CV 18-3746 PSG (SS), 2019 WL 1873293, at *2 (C.D. Cal. Mar. 11, 2019) (quoting *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618-19 (D. Colo. 2007)); *In re Pioneer Corp.*, Case No. CV 18-4524 JAK (SSx), 2019 WL 5401015, at *6 (C.D. Cal. Jan. 9, 2019) ("A responding party must apply a reasonable interpretation to a discovery request."). *Accord King-Hardy v. Bloomfield Bd. of Educ.*, No. Civ. 3:01CV979 (PCD), 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (responding party must give discovery requests a reasonable construction rather than strain to find ambiguity); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized"); *Adolph Coors Co. v. American Insurance Co.*, 164 F.R.D. 507, 518 (D. Colo. 1993) (in responding to discovery requests, a responding party is "obliged . . . to put the collective heads of its lawyers and agents together . . .to give those requests a reasonable construction.").

Here, Guardian has proffered a reasonable interpretation of RFP No. 61's undefined phrase "sales [] within" GIS's exclusive territories and, applying that definition, has produced documents responsive to the request.  In so doing, Guardian has complied with the Court's July 9, 2020, order compelling a response to RFP No. 61.  Because Guardian has not disobeyed a court order, GIS's motion for sanctions pursuant to Rule 37(b)(2)(A) will be denied.  *See, e.g., Degginger v. John Wiley & Sons, Inc.*, CIVIL ACTION No.: 11-cv-6600, 2013 WL 12147648, at *2 (E.D. Pa. Aug. 13, 2013) (denying sanctions for violating order to compel discovery under Rule 37(b)(2)(A) where responding party reasonably interpreted undefined term used in discovery requests).

//
//
//
//

---

[4] The Court's finding as to the reasonableness of the parties' differing interpretations of the phrase "sales [] within" GIS's exclusive territories is limited to the present discovery motion.

### III. CONCLUSION AND ORDER

Based on the foregoing, GIS's motion for sanctions (Doc. 393) is DENIED.

IT IS SO ORDERED.

Dated: **November 2, 2020**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE