# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:15-cv-00321-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 444)** |

　　　　Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS") brings this Motion for Reconsideration asking the Court to reconsider portions of its "Scope of Trial" determination contained in its October 22, 2021 Pretrial Order. (Doc. 444.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* E.D. Cal. Local Rule 230(g).

　　　　A district court should not grant a motion for reconsideration unless: (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there was an intervening change in controlling law. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing *Kona Enterprise, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "There may also be other highly unusual circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "While [Fed. R. Civ. P. 59(e)] permits

a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945 (quotations omitted).

In this case, GIS does not present the Court with newly discovered evidence or an intervening change in the controlling law.  Instead, making the same arguments it did in its prior briefing (*compare* Doc. 428 at 33–34 *with* Doc. 444-1 at 5–6), it essentially argues the Court was wrong in its decision.  This is an insufficient basis upon which to grant a motion for reconsideration. *Wargnier v. National City Mortg. Inc.*, No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (explaining that a motion for reconsideration will be denied where the motion reflects the same arguments, facts and case law that were previously considered and ruled upon by the court); *Becker v. Wells Fargo Bank*, No. 2:12–cv–501 KJM CKD, 2013 WL 3242249, at *1 (E.D. Cal. June 25, 2013) ("[A] motion for reconsideration is not an appropriate vehicle for rehashing arguments the court has already considered.") (citation omitted).  After reviewing the Motion, the Court finds there are no unusual circumstances or clear error in the initial decision. Moreover, the Motion does not alleviate the Court's previously expressed Seventh Amendment concern, namely, that having the second jury decide the same factual issues that were decided by the first appears to implicate the Amendment's prohibition against reexamination of jury findings. (*See* Doc. 443 at 10 n.5.)

For the foregoing reasons, the Motion for Reconsideration is DENIED.[1]  (Doc. 444.)

IT IS SO ORDERED.

Dated:   **October 27, 2021**               /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's ex parte request to hear the Motion on shortened time is DENIED as MOOT.