# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., RPM WOOD FINISHES GROUP, INC.,<br><br>Defendants. | Case No. 1:15-cv-00321-SKO<br><br>**ORDER GRANTING DEFENDANT GUARDIAN PROTECTION PRODUCTS, INC.'S UNOPPOSED REQUEST TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>(Doc. 449) |

On November 15, 2021, Defendant Guardian Protection Products, Inc. ("Guardian") submitted a notice of request to seal exhibits 1, 10–13, 15, 18, 20, 24–26, and 28–32 to the Declaration of Aaron P. Rudin in support of Guardian's Motions in Limine Nos. 1-7 ("Rudin Declaration") and to seal an unredacted version of Guardian's Motion in Limine No. 2, which contains quotations from the Revised Expert Report of Peter D. Wrobel (the "Request to Seal"). (Doc. 449.) Guardian's Request to Seal state that these documents "have been marked by one of the parties to this action as confidential and/or highly confidential attorneys' eyes only pursuant to the Stipulated Protective Order in this matter." (*Id*. at 2.) The parties' Stipulated Protective Order provides that "[i]n the event that a party wishes to use any Confidential Information, or any document containing or making reference to the contents of such information, in any pleading or document filed with the Court, such pleading or document shall be filed under seal pursuant to the Local Civil Rules."[1]  (Doc. 45 at 9.)

---

[1] "Confidential Information" is defined as "any information in any of the Discovery Material that is designated as

1

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b). "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'" *Koloff v. Metro. Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)). A party may submit an opposition to a request to seal documents within three days of the date of service of the request. L.R. 141(c).

Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions has not submitted an opposition to Guardian's Request to Seal, and the time to do so has expired. Guardian's Request to Seal is therefore deemed unopposed. Guardian has complied with Local Rule 141, and in view of the documents' designation under the parties' Stipulated Protective Order, to which there has been no challenge (*see* Doc. 45 at 7–8), the Court finds there is good cause to allow Guardian to file them under seal.

Accordingly, the Court GRANTS Guardian's unopposed Request to Seal (Doc. 449), and ORDERS exhibits 1, 10–13, 15, 18, 20, 24–26, and 28–32 to the Rudin Declaration and the unredacted version of Guardian's Motion in Limine No. 2 be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

IT IS SO ORDERED.

Dated:   **November 19, 2021**           /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

'CONFIDENTIAL' or 'CONFIDENTIAL: ATTORNEYS' EYES ONLY' by one or more of the parties to this action or a third party responding to a subpoena served in this action.  (Doc. 45 at 2.)