# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., INC., doing business as GUARDIAN INNOVATIVE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC., et al.,<br><br>Defendants.<br>_____/ | Case No.  1:15-cv-00321-SKO<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>**(Docs. 447 & 448)** |

On November 30, 2021, the Court held a hearing via the Zoom application regarding Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions' ("GIS") Motions in Limine ("GIS's MIL") (Doc. 448) and Defendant Guardian Protection Products, Inc.'s ("Guardian") motions in limine ("Guardian's MIL") (Doc. 447). For the reasons set forth on the record at the hearing, the rulings on the MILs are as follows:

(1) The Court DENIES GIS's MIL #1.  (Doc. 448 at 8–13.)

(2) The Court GRANTS GIS's MIL #2 (Doc. 448 at 14–18), insofar as GIS requests the exclusion of evidence, testimony, or argument that contradicts the law of the case that the quota provisions in the Florida, Alabama, Tennessee, Mid-Atlantic, Cook County, Indiana, Midwest, and Pennsylvania Agreements (collectively, the

"Agreements") require GIS to meet only aggregate, not per-territory, purchase quotas.  The Court DENIES the remainder of GIS's MIL # 2.

(3) The Court GRANTS GIS's MIL #3 (Doc. 448 at 19–25), insofar as GIS requests the exclusion of evidence, testimony, or argument that contradicts the law of the case that, as of June 26, 2017, Guardian failed to provide the Agreements' contractually mandated notice and opportunity to cure.  The Court DENIES the remainder of GIS's MIL # 3.

(4) The Court GRANTS GIS's MIL #4 (Doc. 448 at 26–28), insofar as GIS requests the exclusion of evidence, testimony, or argument that contradicts the following undisputed fact: "On October 23, 2013, Guardian sent notices of termination of the Alabama, Florida, and Tennessee Agreements based on Guardian's conclusion that GIS failed to meet monthly, per-territory purchase quotas for the specific territories covered by those three Agreements in the months of June and July of 2013."  (*See* Doc. 443 at 15.)  The Court DENIES the remainder of GIS's MIL # 4.

(5) The Court DENIES Guardian's MIL #1 (Doc. 447-1).[1]

(6) The Court DENIES Guardian's MIL #2 (Doc. 447-2).

(7) The Court DENIES Guardian's MIL #3 (Doc. 447-3).

---

[1] For the first time at the hearing, Guardian cites to two unpublished Ninth Circuit cases, *Flagship W., LLC v. Excel Realty Partners LP*, 337 F. App'x 679 (9th Cir. 2009), and *Patsystems (NA) LLC v. Trend Exch., Inc.*, 695 F. App'x 206 (9th Cir. 2017), in support of its position that contract limitations on damages are not affirmative defenses.  Having considered these cases, Guardian's MIL #1 is still denied.  The parties dispute whether the "elect to terminate the Distributorship" provisions in the Agreements constitute "at-will" termination clauses and whether the associated payment provisions are limitation-of-damages clauses.  (*See* Docs. 447-1, 456 at 1–13.)  These are substantive issues of contract interpretation, and a motion in limine is not the proper procedural vehicle for addressing these issues.  *See, e.g.*, *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-CV-00879-AC, 2016 WL 4978411 (D. Or. Sept. 16, 2016) (reflecting the district court's email exchange with the parties, which stated, "Matching is a matter of contract interpretation but [the defendant] raised the matching issue for the first time in a motion in limine, which is the wrong procedural mechanism to seek a ruling on an issue of contract interpretation.  [The defendant] should have filed a motion for declaratory judgment or summary judgment on the matching issue during the two years the case was pending before pretrial documents were due.").  *Accord Slip-N-Slide Recs., Inc. v. TVT Recs., LLC*, No. 05-21113-CIV, 2007 WL 9700559 (S.D. Fla. Feb. 23, 2007) ("To the extent SNS is raising an argument that as a matter of law the contracts in question should be interpreted as a matter of law in SNS's favor, the Court cannot do so on a motion in limine."); *Plaza S. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60048-CIV, 2012 WL 13005529, at *3 (S.D. Fla. Jan. 24, 2012) (declining to decide issues of contract interpretation on a motion in limine); *McDowell Bldg., LLC v. Zurich Am. Ins. Co.*, No. CIV.A. RDB-12-2876, 2015 WL 1778369, at *2 (D. Md. Apr. 17, 2015) (same).  The parties, however, are free to argue their respective interpretations of the Agreements to the jury.

(8) The Court GRANTS Guardian's MIL #4 (Doc. 447-4), insofar as Guardian requests the exclusion of evidence, testimony, or argument in support of GIS's alleged claim for restitution or unjust enrichment. The Court DENIES Guardian's MIL #4, insofar as Guardian requests the exclusion of evidence of Guardian's post-termination sales in GIS territories.

(9) The Court GRANTS Guardian's MIL #5 (Doc. 447-5), insofar as Guardian requests the exclusion of evidence of Guardian's financial statements in support of GIS's alleged claim for restitution or unjust enrichment. The Court DENIES Guardian's MIL #5, insofar as Guardian requests a categorical exclusion of all evidence of its "financial condition." The Court DEFERS ruling on Guardian's MIL #5, insofar as Guardian requests exclusion of Guardian's balance sheets, cashflow statements, and income statements.

(10) The Court DENIES Guardian's MIL #6. (Doc. 447-6.)

(11) The Court GRANTS Guardian's MIL #7. (Doc. 447-7.) Further, the introduction at trial of "statements by Guardian's counsel during opening statements and closing arguments at the first trial, in which counsel falsely declared that Guardian had no intent to terminate the agreements or to destroy the rest of GIS's business" (Doc. 456 at 90) and "post-trial letters between counsel after the first trial, where Guardian's counsel admits that Guardian's sole justification for terminating the Agreements was that GIS supposedly failed to meet per-territory purchase quotas" (*id*. at 91) will not be permitted.

IT IS SO ORDERED.

Dated:   **December 1, 2021**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE