1　CALVIN E. DAVIS (SBN 101640)
　　cdavis@grsm.com
2　AARON P. RUDIN (SBN 223004)
　　arudin@grsm.com
3　GORDON & REES LLP
　　633 West Fifth Street, 52nd Floor
4　Los Angeles, CA 90071
　　Telephone: (213) 576-5000
5　Facsimile: (213) 680-4470

6　Attorneys for Defendants
　　GUARDIAN PROTECTION PRODUCTS, INC. and
7　RPM WOOD FINISHES GROUP, INC.

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| G.P.P., Inc., d/b/a GUARDIAN INNOVATIVE SOLUTIONS<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC. and RPM WOOD FINISHES GROUP, INC.<br><br>Defendants.<br><br>———————————<br><br>AND RELATED COUNTERCLAIM | CASE NO. 1:15-cv-00321 SKO<br><br>Hon. Sheila K. Oberto<br><br>**DEFENDANTS GUARDIAN PROTECTION PRODUCTS, INC.'S AND RPM WOOD FINISHES GROUP, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:　　　October 18, 2023<br>Time:　　　9:30 a.m.<br>Courtroom: 7 |

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-
DEFENDANTS' MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................... 7

II.   PROCEDURAL BACKGROUND .............................................................. 8

      A.    The Pleadings ................................................................................... 9

      B.    Cross Motions For Summary Judgment And Reconsideration ............ 10

      C.    Initial Pretrial Documents And Motions *In Limine* ........................... 10

      D.    Additional Discovery Period And Successive Motion For Summary
            Judgment .......................................................................................... 11

      E.    Further Pretrial Documents And First Trial ...................................... 11

      F.    Post-Trial Issues .............................................................................. 11

      G.    Appeal, Remand, Supplemental Complaint, Re-Trial And Judgment ......... 12

III.  LEGAL ANALYSIS ................................................................................. 14

      A.    California Law Governs The Award Of Attorney's Fees .................... 14

      B.    The WDAs Contain An Attorneys' Fees Provision That Covers The
            Contractual Claims ........................................................................... 15

      C.    This Action Is "On A Contract" For Purposes Of Civil Code Section 1717 ........ 15

      D.    Defendants Are The Prevailing Parties Under Civil Code Section 1717 for
            the RPM and Ohio Claims, and There is No Prevailing Party As to the
            Balance of the Claims in this Action ................................................. 16

            1.    RPM Is The Prevailing Party As To All Nine WDAs Because It
                  Obtained An Unqualified Defense Victory ................................ 16

            2.    Guardian Is The Prevailing Party As To The Ohio WDA ............. 18

            3.    Neither GIS or Guardian Are Prevailing Parties Under The
                  Remaining Eight WDAs ........................................................... 19

                  a.    The Judgment Was A Mixed Bag With Guardian Prevailing
                        On More Claims Than GIS .............................................. 20

                  b.    GIS Did Not Achieve Its Litigation Objectives ................... 20

                  c.    The Jury Found Guardian's Affirmative Defenses Were
                        The Exact Same Value As The Amount Awarded to GIS ......... 22

      E.    RPM And Guardian Should Be Awarded Their Attorney's Fees Totaling
            Not Less Than $493,709.50 And $134,462.94 Respectively ................... 23

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-1-

1.  The Lodestar Method ....................................................................24

2.  A Total Of 1965.1 Hours Was Reasonably Billed In Connection With The Representation Of Guardian In This Matter Through July 28, 2016 Prior to RPM Being Named as a Party .........................25

3.  A Total Of 2,544.50 Hours Was Reasonably Billed In Connection With The Representation Of Guardian And RPM In This Matter From July 29, 2016 Through January 2018 After RPM Was Named as a Party ....................................................................26

4.  The Total Time Spent By Counsel For Defendants Was Reasonable ....................................................................27

5.  The Reasonable Hourly Rates For Defendants' Counsel ..........................28

6.  A Multiplier Of Two Should Be Applied to the Fee Award....................30

IV.  CONCLUSION.............................................................................. 30

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*12400 Stowe Drive, LP v. Cycle Express, LLC*,
    2018 WL 4659745 (Cal.Ct.App. 2018) .......................................................21

*Albizo v. Wachovia Mortg*,
    2013 U.S. Dist. LEXIS 138966 (E.D. Cal. 2013) ....................................17

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*,
    47 Cal.App.4th 464 (1996) .......................................................................16

*Barrientos v. 1801-1825 Morton LLC*,
    583 F.3d 1197 (9th Cir. 2009) ...................................................................15

*Berkla v. Corel Corp.*,
    302 F.3d 909 (2002)......................................................................14, 20, 21

*Blum v. Stenson*,
    465 U.S. 886, 104 S.Ct. 1541 (1984).......................................................24

*Brown Bark III, L.P. v. Haver*,
    219 Cal. App. 4th 809 (2013) ..............................................................16, 17

*Cardinal v. Lupo*,
    2020 WL 1694355 (N.D. Cal. April 7, 2020) *affirmed by Cardinal v. Lupo*,
    2021 WL 4027803 (9th Cir. 2021) ............................................................21

*Colfaxnet, LLC v. City of Colfax*,
    2020 WL 7024161 (E.D. Cal. Nov. 30, 2020) ..........................................29

*Cosby v. Autozone, Inc.*,
    2016 U.S. Dist. LEXIS 55051 (E.D. Cal. Apr. 24, 2016).........................30

*Crommie v. Public Utils. Comm'n*,
    840 F. Supp. 719 (N.D. Cal. 1994) ..........................................................30

*Deane Gardenhome Ass'n v. Denktas*,
    13 Cal. App. 4th 1394 (1994) ...................................................................16

*Dell Merk, Inc. v. Franzia*,
    132 Cal. App. 4th 443, 33 Cal. Rptr. 3d 694 (2005).................................15

*DisputeSuite.com, LLC v. Scoreinc.com*,
    2 Cal.5th 968 (2017) ............................................................................16, 18

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Farmers Ins. Exchange v. Law Offices of Conrado Sayas*,
   250 F.3d 1234 (9th Cir. 2001) ..................................................14

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ...............................................24, 25

*Genesis Merch. Partners, LP v. Nery's USA, Inc.*,
   2013 U.S. Dist. LEXIS 190983 (S.D. Cal. 2013) ...................18

*Gilbert v. World Sav. Bank, FSB*,
   2011 U.S. Dist. LEXIS 34079 (N.D. Cal. 2011) ...................17

*Greger Leasing Corp. v. Potrero*,
   2008 WL 4830751 (N.D. Cal. Nov. 6, 2008) ...........................21

*Hardisty v. Moore*,
   2015 WL 6671557 (S.D. Cal. Nov. 2, 2015) ...........................21

*Hensley v. Eckerhart*,
   461 U.S. 424, 103 S.Ct. 1933 (1983)......................................24

*Hsu v. Abbara*,
   9 Cal. 4th 863 (1995) ........................7, 14, 17, 18, 19, 20, 22

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) .........................................................24

*Kytasty v. Godwin*,
   102 Cal. App. 3d 762 (1980) .................................................20

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
   791 F.2d 1334 (9th Cir. 1986) ...............................................15

*Marina Pacifica Homeowners Assoc. v. Southern California Financial Corp.*,
   20 Cal.App.5th 191 (2018) ................................................21, 22

*Maynard v. BTI Group, Inc.*,
   216 Cal.App.4th 984 (2013) ..................................................15

*Mazzamuto v. Wachovia*,
   2010 U.S. Dist. LEXIS 131173 (N.D. Cal. 2010) .................17

*MBNA America Bank, N.A. v. Gorman*,
   147 Cal. App. 4th Supp. 1 (Ct. App. 2006) ..........................24

*Mitchell v. Chavez*,
   2018 WL 3218364 (E.D. Cal. July 29, 2018) ......................28, 29

*Munoz v. Giumarra Vineyards Corp.*,
   2017 U.S. Dist. LEXIS 95910 (E.D. Cal. June 21, 2017)......................29

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

*Nasser v. Superior Court*,
   156 Cal. App. 3d 52 (1984) ............................................................................20

*Olive v. General Nutrition Centers, Inc.*,
   30 Cal.App.5th 804 (2018) ......................................................................22, 23

*In re Penrod*,
   802 F.3d 1084 (9th Cir. 2015) ......................................................................15

*PLCM Group v. Drexler*,
   22 Cal. 4th 1084 (2000) ..........................................................................24, 25

*Price Simms Holdings, LLC v. Candle3, LLC*,
   2021 WL 1884995 (E.D. Cal. May 11, 2021) ................................................29

*Pueblo Radiology Med. Group, Inc. v. Gerlach*,
   163 Cal.App.4th 826 (2008) ..........................................................................17

*Ramos v. Countrywide Home Loans, Inc.*,
   82 Cal. App. 4th 615, 98 Cal. Rptr. 388 (Ct. App. 2000) ..............................30

*Real Property Services Corp. v. City of Pasadena*,
   25 Cal. App. 4th 375 (1994) ..........................................................................14

*Reynolds Metals Co. v. Alperson*,
   25 Cal.3d 124 (1979) ....................................................................................17

*Santisas v. Goodin*,
   17 Cal. 4th 599 (1998) ..................................................................................18

*Schwarz v. Secretary of Health & Human Servs.*,
   73 F.3d 895 (9th Cir. 1995) ..........................................................................24

*Scott Co. v. Blount, Inc.*,
   20 Cal.4th 1103 (1999) ............................................................................18, 20

*Serrano v. Priest*,
   20 Cal. 3d 25 (1977) ................................................................................24, 30

*Serrano v. Unruh*,
   32 Cal. 3d 621 (1982) ....................................................................................24

*Shaddox v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 126974 ......................................................................17

*Singh v. Hancock Natural Res. Grp., Inc.*,
   2017 U.S. Dist. LEXIS 80613 (E.D. Cal. May 24, 2017)................................16

*Spence v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 32838 (E.D. Cal., Mar. 12, 2012) ............................29

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-5-

*Tenorio v. Gallardo*,
   2019 WL 3842892 (E.D. Cal. Aug. 15, 2019)..................................................29

*United States for use and benefit of McCullough Plumbing, Inc. v. Halbert
   Construction Company, Inc.*,
   2019 WL 4736235 (S.D. Cal. Sept. 27, 2019)...........................................21

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
   896 F.2d 403 (9th Cir. 1990)...............................................................29

*Vo v. Las Virgenes Municipal Water Dist.*,
   79 Cal. App. 4th 440 (Ct. App. 2000).....................................................24

*Zintel Holdings, LLC v. McLean*,
   209 Cal. App. 4th 431 (2012) ..............................................................16

**Statutes**

Civil Code section 1717.............................................8, 14, 15, 16, 17, 18, 19, 20, 23, 30

Civil Code section 1717(a) ................................................................14, 23

Civil Code section 1717(b)(1) .............................................................16, 19

Code of Civil Procedure section 1021 ...........................................................14

**Other Authorities**

Fed. R. Civ. P. 30(b)(6)....................................................................12

Fed. R. Civ. P. 41(b) ......................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendants RPM Wood Finishes Group, Inc. ("RPM") and Guardian Protection Products, Inc. ("Guardian') respectfully request that they be awarded their attorneys' fees incurred in connection with this action.  RPM is a prevailing party entitled to recover its fees and costs in this matter having obtained an unqualified defense victory as to all of the claims brought against it by Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS") with respect to all nine of the Warehousing Distributor Agreements ("WDAs").  In addition, Guardian is a prevailing party in this matter as to the Ohio WDA, having obtained a defense victory as to all the claims brought against it by GIS as to that agreement.  Finally, there is no prevailing party as to the remaining eight WDAs between Guardian and GIS as the results were undeniably mixed, with GIS receiving only a small fraction of the extraordinary relief it sought during both trials and the second jury finding that ***Guardian's affirmative defenses were the exact same value as the relief provided to GIS on it claims***.  *See Hsu v. Abbara*, 9 Cal. 4th 863, 875-876 (1995).  As a result, only the Defendants are entitled to an award of their attorneys' fees in this action under applicable California law.

In this lawsuit, GIS asserted numerous claims against Defendants, alleging, among other things, that they breached the express and implied covenants of nine separate WDAs for the Florida, Alabama, Tennessee, Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana and Midwest territories by terminating and/or threatening to terminate the WDAs.  GIS also alleged that RPM tortiously interfered with its rights under all nine of the WDAs.  All of the WDAs contain an attorney's fees provision stating "should any action be initiated upon this contract, the party prevailing in the above court of law shall be awarded its actual attorney fees".

Following a week-long trial in June of 2017 in which GIS sought to recover in excess of **$76 million**, the first jury returned its verdict and GIS recovered nothing on any of its claims against Defendants.  GIS appealed and the Ninth Circuit remanded the matter for a limited retrial, including GIS's claims for breach of the Alabama, Florida and Tennessee WDAs.  Thereafter, GIS filed a Supplemental Complaint adding a new claim for breach of the Mid-Atlantic, Cook County,

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

Indiana, Pennsylvania and Mid-West WDAs.  Following a second week-long trial in December of 2021, in which GIS sought to recover **$55 million** against Guardian, the jury returned its verdict finding that Guardian proved that GIS failed to mitigate its damages by $6 million and awarding GIS the exact same amount on its claims for breach of the eight WDAs.

On December 13, 2021, this Court entered its Final Judgment in a Civil Action.  Doc. 499.  The judgment is in favor of RPM and against GIS, as to all of GIS's claims in this action against RPM.  *Id*.  As a result, RPM is the prevailing party in this action under Civil Code section 1717, and respectfully requests an award of its attorneys' fees totaling not less than $493,709.50.  In addition, the Court entered judgment in favor of Guardian and against GIS as to GIS's claims for breach of the Ohio WDA.  *Id*.  Therefore, Guardian is the prevailing party in this action under Civil Code section 1717 with respect to the Ohio WDA, and respectfully requests an award of its attorneys' fees totaling not less than  $134,462.94.

Even further demonstrating that it has not achieved its litigation objectives, GIS then appealed the Court's Judgment.  Guardian filed only a conditional cross-appeal (i.e., an appeal only to be considered if the Ninth Circuit decided to reverse the judgment).  Docs. 513, 516.  The Ninth Circuit rejected all of GIS's arguments on appeal which rendered moot Guardian's conditional cross-appeal.  Doc. 527.

## II.  **PROCEDURAL BACKGROUND**

As this Court is aware, this was a bet-the-company case, as GIS's was seeking in excess of $76 million in compensatory damages plus punitive damages against Defendants during the initial June 2017 trial and $55 million against Guardian during the December 2021 re-trial.  *See* Doc. 260 at 1-133 (GIS Opening: "You'll hear Mr. Wrobel testify that he calculated GIS's damages based on Guardian's internal business documents in the amount of $76 million."); Doc. 262 at 3-84 (Mr. Wrobel opining GIS suffered damages of $76.9 million); Doc. 276 at 5-123 (GIS Closing: "we are asking you to return a verdict in favor of GIS for $75,849,951"); Doc. 517 at 117 (GIS Opening: "[Mr. Wrobel] concluded that GIS had suffered 55 million dollars in damages.") ; Doc. 521 at 924 (GIS Closing: asking for jury to award GIS $53 million in damages).

This dispute was heavily litigated, including several rounds of pleadings, voluminous

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

discovery during both an initial phase and re-opened additional phase (due to GIS failure to disclose certain documents during the initial phase), numerous motions and objections, three settlement conferences and a mediation, a seven day jury trial, substantial post-trial briefing regarding equitable issues, an appeal, a remand as to limited claims, a supplemental complaint, additional discovery, a second week long trial, a judgment and an appeal. Following is a summary of the relevant procedural background of this matter.

### A.    **The Pleadings**

On February 27, 2015, GIS filed a Complaint against Guardian alleging, among other things, that it had entered into, or otherwise acquired the rights to, nine WDAs referred to as the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana, Midwest, Alabama, Florida and Tennessee WDAs.  *See* Doc. 1 at ¶¶ 5-10.  Pursuant to the WDAs, GIS alleged it was granted exclusive distribution rights for Guardian Labeled Distributor Products in each of the territories covered by the WDAs.  *See id.* 1 at ¶ 11.  GIS further alleged that Guardian agreed to pay GIS a 5% commission on all sales to Bob's Discount Furniture retail locations in its exclusive territories. *See id.* at ¶ 14.

In the Complaint, GIS alleged that Guardian improperly terminated the Alabama, Florida and Tennessee WDAs and improperly threatened to terminate the remaining six WDAs.  *Id.* at ¶¶ 12, 44, 50, 170.   GIS also alleges that Guardian breached its agreement to pay GIS a 5% commission for sales to Bob's Discount Furniture stores in its territories and violated various Illinois, Iowa and North Carolina statutes, as well as committed negligence per se.  *Id.* at ¶¶ 56, 62, 76-77, 92-93, 126, 140, 165.  GIS sought, among other things, declaratory relief that the Alabama, Florida and Tennessee Agreements were still valid and enforceable, that termination of the Cook County, Illinois, Mid-Atlantic and Mid-West Agreements would violate Illinois, Iowa and North Carolina law, compensatory damages according to proof, treble damages and punitive damages.  *Id.* at 28:3-9.

On July 14, 2015, GIS filed a First Amended Complaint which was similar to its initial complaint, but dismissed the claims for negligence per se and violation of the Iowa and North Carolina statutes while adding claims for violation of California Business and Professions Code

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

section 17200, *et seq*., and California's Franchise Investment Laws.  *See* Doc. 31.  GIS sought the same relief in its First Amended Complaint as its initial complaint.  *Id*. at 22:17-23.

On July 31, 2015, Guardian filed a defensive Counterclaim against GIS asserting claims for declaratory relief, breach of the WDAs, breach of the implied covenant of good faith and fair dealing of the WDAs and breach of California Commercial Code.  Doc. 36.

On July 29, 2016, GIS filed a Second Amended Complaint naming RPM as a Defendant, and alleging RPM was liable for all of the claims as Guardian's alter ego.  GIS also claimed tortious interference by RPM with all nine of the WDAs and claimed both Defendants also breached the Mid-Atlantic WDA based on sales to a third party, Renaissance.  *See* Doc. 67.  Defendants filed their Answer to the Second Amended Complaint on August 23, 2016.  *See* Doc. 86.

The parties engaged in extensive discovery including exchanging written discovery, producing documents and taking numerous lay and expert witness depositions.  *See* Declaration of Calvin E. Davis ("Davis' Decl."), ¶ 6.

## B.    Cross Motions For Summary Judgment And Reconsideration

On November 9, 2016, the parties filed cross-motions for summary judgment. *See* Docs. 92, 93, 98.  On January 18, 2017, the Court issued its Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment.  *See* Doc. 133.

In late January 2017, the parties filed motions for reconsideration (Doc. 143, Doc. 147), and on February 21, 2017, the Court issued its Order Granting in Part and Denying in Part the Parties' Motions for Reconsideration.  *See* Doc. 161.

## C.    Initial Pretrial Documents And Motions *In Limine*

On January 27, 2017, the parties submitted their Joint Pretrial Statement and on February 3, 2017, the Court issued the Pretrial Order.  *See* Docs. 146, 154. Pursuant to the Pretrial Order, the parties also exchanged pre-trial documents, including proposed jury instructions, proposed verdict form, proposed neutral statement of the case, exhibit lists and witness lists and met and conferred regarding the pretrial documents.

On March 2, 2017, the parties filed several motions *in limine*.  *See* Docs. 165, 166.  On March 14, 2017, the Court issued its Order on Motions *in Limine*, Additional Discovery, Trial Date

and Joint Pretrial Statement.  Doc. 177.  The Court ordered that a trial continuance and limited additional discovery were necessary to prevent prejudice to Defendants based on GIS's failure to produce documents during discovery that it was seeking to rely upon at trial.

### D.    Additional Discovery Period And Successive Motion For Summary Judgment

During the Additional Discovery period, the parties deposed several more witnesses.  *See* Davis Decl., at ¶ 6.  Thereafter, on April 20, 2017, Defendants filed a Successive Motion for Summary Judgment.  *See* Doc. 184.  On May 3, 2017, the Court issued its Order denying Defendants' Successive Motion for Summary Judgment.  *See* Doc. 200.

### E.    Further Pretrial Documents And First Trial

On May 12, 2017, the parties submitted their Revised Joint Pretrial Statement and this Court issued its Amended Pretrial Order on May 16, 2017.  *See* Docs. 202, 203.  The parties continued to meet and confer and draft pretrial documents and in mid-June 2017, they submitted their final pretrial documents.  *See e.g*., Docs. 205-206, 211-219, 223-227, 229-233.

On June 20, 2017, the jury trial commenced and continued for seven days through June 29, 2017, at which time the jury returned its verdict.  *See* Doc. 286.  There were numerous motions and evidentiary objections filed prior to and during the course of the trial.  *See e.g*., Docs. 235-238, 241-247, 249-250, 258-2589, 268, 270.  The jury found against GIS as to all of its claims against both RPM and Guardian.  *See* Doc. 286.

### F.    Post-Trial Issues

Following the first trial, GIS requested, and the parties submitted, briefing regarding five equitable issues. *See* Docs. 293, 296, 300, 301.  On September 27, 2017, the Court issued its Findings of Fact and Conclusions of Law Regarding the Equitable Issues denying the claims raised by GIS.  Doc. 310.  On October 3, 2017, the Court issued a Final Judgement. Doc. 311.

Thereafter, the parties filed motions to correct and/or amend the final judgment, and GIS filed a Renewed Motion for Judgment as Matter of Law.  Docs. 318, 319, 321.  On January 10, 2018, the Court issued its Ruling on the motions, including denying GIS's Renewed Motion for Judgement as a Matter of Law and granting in part and denying in part GIS and Guardian's motions

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-11-

to correct and/or amend the final judgment. Docs. 332, 333. On January 16, 2018, the Court issued its Amended Final Judgment. Doc. 334.

**G.    Appeal, Remand, Supplemental Complaint, Re-Trial And Judgment**

On February 1, 2018, GIS filed its Notice of Appeal. Doc. 335. On October 3, 2019, the Ninth Circuit issued a Memorandum and subsequently remanded this matter back to this Court for a re-trial as to GIS's First Cause of Action for Breach of the Alabama, Florida and Tennessee WDAs, GIS's Third Cause of Action as to Breach of the Bob's Discount Furniture Agreement for the Florida, Mid-Atlantic and Cook County territories and Guardian's counterclaim as to whether electronic warranties were Guardian products under the Florida, Mid-Atlantic and Cook County WDAs. Docs. 344, 347.

On May 27, 2020, GIS filed a Supplemental Complaint adding an Eleventh Cause of Action for Breach of the Indiana, Cook County, Midwest, Mid-Atlantic and Pennsylvania Agreements. Doc. 367. The Court re-opened limited discovery as to damages only. Doc. 366. The parties engaged in limited written discovery, produced documents and each deposed the other party's Rule 30(b)(6) designee and expert witness. *See* Davis Decl., at ¶ 15. After the close of the re-opened discovery period, on January 5, 2021, GIS served its Second Supplemental Initial Disclosures claiming compensatory damages in excess of $54 million arising from the termination of the eight WDAs, lost commissions in excess of $900,000 from the alleged breach of the Bob's Discount Furniture Agreement, and also seeking disgorgement of Guardian's profits in an unspecified sum. *See id.* at ¶ 15, Ex. 8.

The parties also filed motions and briefing as to several issues, submitted several joint pre-trial statements, as well as additional pre-trial filings, including a number of motions *in limine*. Docs. 447, 448. On December 1, 2021, the Court issued its Order on the Motions in Limine including granting Guardian's MIL #4 to exclude evidence, testimony or argument in support of Guardian's claim for restitution or unjust enrichment, eliminating GIS's claim for disgorgement of Guardian's profits. Doc. 463.

A second week-long jury trial commenced on December 6, 2021 in which GIS sought as much as $55 million. *See* Davis Decl. at ¶¶ 16-18, Exs. 9-10. On December 10, 2021, the Jury

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-12-

returned its verdict finding that Guardian breached the eight WDAs, that GIS suffered $12 million in damages, but that GIS failed to mitigate $6 million of its damages. Doc. 498. As a result, GIS was awarded only $6 million (or one-ninth) of the $54 million it sought during trial. *Id.* The jury also found that GIS failed to establish its claim for breach of the Bob's Discount Furniture Agreement. *Id.*

On December 13, 2021, the Court entered its Final Judgment in a Civil Action, which entered judgment in favor of RPM and/or Guardian and against GIS as to:1) GIS' First Cause of Action for Breach of the Alabama, Florida, and Tennessee WDAs; 2) GIS's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing of the Alabama Florida and Tennessee WDAs; 3) GIS's Third Cause of Action for Breach of the Bob's Discount Furniture Agreement; 4) GIS's Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing of the Bob's Discount Furniture Agreement; 5) GIS' Fifth Cause of Action for Declaration Judgement – Termination of the Cook County Franchise Would Violate the Illinois Franchise Disclosure Act; 6) GIS's Sixth Cause of Action for Violation of California Business & Professions Code sections 17200-17210; 7) Violation of the California Franchise Investment Law, California Corporations Code Sections 31000-315168; 8) Breach of the Implied Covenants of Good Faith and Fair Dealing of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana and Midwest WDAs; 9) GIS's Ninth Cause of Action for Breach of the Mid-Atlantic WDA; and 10) GIS's Tenth Cause of Action for Tortious Interference by RPM with the WDAs. Doc. 499.

The Court entered Judgment in favor of GIS and against Guardian as to: 1) GIS's First Cause of Action for breach of the Alabama, Florida and Tennessee WDAs; 2) GIS's Eleventh Cause of Action for Breach of the Pennsylvania, Mid-Atlantic, Cook County, Indiana and Midwest WDAs; 3) Guardian's First Counterclaim for Declaratory Relief; 4) Guardian's Second Counterclaim for Breach of the Alabama Florida and Tennessee WDAs; 5) Guardian's Third Counterclaim for Breach of the Implied Covenants of Good Faith and Fair Dealing of the Alabama, Florida and Tennessee WDAs; 6) Guardian's Fourth Counterclaim for Breach of the Pennsylvania, Mid-Atlantic, Ohio, Cook County, Indiana and Midwest WDAs; 7) Guardian's Fifth Counterclaim for Breach of the Implied Covenants of Good Faith and Fair Dealing of the Pennsylvania, Mid-

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Atlantic, Ohio, Cook County, Indiana and Midwest WDAs; and 8) Guardian's Sixth Counterclaim for Breach of California Commercial Code section 2306. *Id.*

On January 10, 2022, GIS filed a motion for a new trial and a renewed motion for judgment as a matter of law. Doc. 502. These motions were denied. On April 15, 2022, GIS filed its Notice of Appeal. Doc. 513. On April 22, 2022, Guardian filed a conditional cross-appeal only to the extent the Ninth Circuit decided to reverse the Court's Judgment. Doc. 516. On July 3, 2023, the Ninth Circuit issued its Memorandum decision affirming the Court's Judgement, rejecting GIS's appeal and rendering Guardian's cross-appeal moot. Doc. 527.

## III.  LEGAL ANALYSIS

### A.  California Law Governs The Award Of Attorney's Fees

In cases such as this that are based on diversity jurisdiction, the Court is "obligated to apply California state law regarding attorneys' fees." *Farmers Ins. Exchange v. Law Offices of Conrado Sayas*, 250 F.3d 1234, 1237 (9th Cir. 2001). Under California law, attorney fees and costs are recoverable when "expressly authorized by statute or contract." *Real Property Services Corp. v. City of Pasadena*, 25 Cal. App. 4th 375, 379 (1994); *see also Berkla v. Corel Corp.*, 302 F.3d 909, 919 (2002) ("California permits parties to allocate attorney's fees by contract").

Code of Civil Procedure section 1021, which codifies the American rule, provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties … ." Cal. Code Civ. Proc. § 1021. Pursuant to California Civil Code section 1717:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The California Supreme Court has emphasized that a trial court is "*obligated* to award attorney fees[] whenever the statutory conditions have been satisfied." *Hsu v. Abbara*, 9 Cal. 4th 863, 872 (1995) (emphasis in original).

However, "[b]efore section 1717 comes into play, it is necessary to determine whether the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-14-

parties entered an agreement for the payment of attorney fees and, if so, the scope of the attorney

fee agreement." *Maynard v. BTI Group, Inc*., 216 Cal.App.4th 984, 990 (2013).

**B.      The WDAs Contain An Attorneys' Fees Provision That Covers The Contractual Claims**

Each of the WDAs at issue in this action contains an attorneys' fees provision that covers

the contractual claims.  In particular, the WDAs contain the following attorneys' fees provision:

> [S]hould any action be initiated upon this contract, the party prevailing in the above court of law shall be awarded its actual attorney fees, in addition to any other court costs or awards by court.

Doc. 120-1 at ¶ 13, Doc. 120-2 at ¶ 19, Doc. 120-3 at ¶ 22, Doc. 120-4 at ¶ 19, Doc. 120-5 at ¶

22, Doc. 120-6 at ¶ 20, Doc. 120-7 at  ¶ 20, Doc. 120-8 at ¶ 19, Doc. 120-9 at ¶ 20.  Because the

provisions apply to "any action initiated upon" the WDAs, it is beyond dispute that the WDAs

contain attorney's fees provisions that apply to contractual claims.

**C.      This Action Is "On A Contract" For Purposes Of Civil Code Section 1717**

This action is also "on a contract" for purposes of Civil Code section 1717.   California

courts liberally construe the term "on a contract" as set forth in section 1717.  *Dell Merk, Inc. v.*

*Franzia*, 132 Cal. App. 4th 443, 455, 33 Cal. Rptr. 3d 694 (2005). "As long as the action

'involve[s]' a contract it is 'on [the] contract' within the meaning of [s]ection 1717."  *Id*.  In

addition, the Ninth Circuit emphasizes this language "is interpreted liberally," and an action is "on

a contract" whenever "the underlying contract between the parties is not collateral to the

proceedings but plays an integral part in defining the rights of the parties."  *Barrientos v. 1801-*

*1825 Morton LLC*, 583 F.3d 1197, 1216 (9th Cir. 2009) (internal quotation marks omitted); *see*

*also In re Penrod*, 802 F.3d 1084, 1088 (9th Cir. 2015). ("[A]n action is 'on a contract' when a

party seeks to enforce, or avoid enforcement of, the provisions of the contract."); *Lafarge Conseils*

*Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1340 (9th Cir. 1986) (holding

that action was "on a contract" for the purpose of awarding fees under section 1717 because "the

underlying contract between the parties is not collateral to the proceedings but plays an integral

part in defining the rights of the parties").

Here, GIS asserted numerous causes of action against Defendants pertaining to all nine of

the WDAs and all nine of the WDAs were central to the initial proceedings, while eight of the WDAs were central to the proceedings on remand as reflected in the pleadings, the pretrial orders, the Jury Instructions, the Jury Verdicts and the Final Judgment.  It is beyond dispute that this action is "on a contract."

**D.      Defendants Are The Prevailing Parties Under Civil Code Section 1717 for the RPM and Ohio Claims, and There is No Prevailing Party As to the Balance of the Claims in this Action**

The Court must "determine who is the party prevailing on the contract," and pursuant to section 1717 the "prevailing party on the contract shall be the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1).  Where, as here, "a plaintiff sues more than one independent party on the same contracts, *the trial court must separately determine who prevailed on the plaintiff's claim against each independent defendant*."  *Brown Bark III, L.P. v. Haver*, 219 Cal. App. 4th 809, 825-826 (2013) (emphasis added).  "When an action involves multiple, independent contracts, each of which provides for attorney fees, the prevailing party for purposes of … section 1717 *must be determined as to each contract regardless of who prevails in the overall action*."  *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,* 47 Cal.App.4th 464, 491 (1996) (emphasis added).  As shown below, only Defendants are prevailing parties.

**1.      RPM Is The Prevailing Party As To All Nine WDAs Because It Obtained An Unqualified Defense Victory**

With respect to RPM, the analysis is simple.  RPM is the prevailing party as a matter of law under Civil Code section 1717 with respect to all nine of the WDAs, because it obtained an unqualified defense victory as to all of GIS's contractual claims with respect to all nine of the WDAs. *See DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal.5th 968, 973 (2017); *see also Singh v. Hancock Natural Res. Grp., Inc.*, 2017 U.S. Dist. LEXIS 80613 * 11 (E.D. Cal. May 24, 2017) (finding the defendant was a prevailing party where plaintiff did not recover any relief against it).

Where a defendant, such as RPM, defeats recovery by a plaintiff, such as GIS, on the only contract claims in the action, the defendant is the party prevailing on the contract as a matter of law. *See Zintel Holdings, LLC v. McLean*, 209 Cal. App. 4th 431, 440 (2012); *Deane Gardenhome*

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-16-

*Ass'n v. Denktas*, 13 Cal. App. 4th 1394, 1398 (1994). Under these circumstances, the trial court has no discretion to make a determination that there is no prevailing party because, in such a case, the defendant has obtained an unqualified victory. *See Hsu v. Abbara,* 9 Cal. 4th 863, 877 (1995).

In addition to RPM prevailing as to all of GIS's claims against it, the Court also dismissed with prejudice GIS's alter ego claims against RPM, which "operates as an adjudication on the merits." *See* Doc. 334; Fed. R. Civ. P. 41(b). Under these circumstances, it is well established that RPM is the prevailing party. *See Albizo v. Wachovia Mortg,* 2013 U.S. Dist. LEXIS 138966 at * 13 (E.D. Cal. 2013) ("defendant is the prevailing party due to the dismissal of this action with prejudice."); *Shaddox v. Wells Fargo Bank, N.A*., 2012 U.S. Dist. LEXIS 126974 * 5-6 ("Because the Court dismissed all of Plaintiffs claims with prejudice, Defendant is the prevailing party and is entitled to attorneys' fees."); *Gilbert v. World Sav. Bank, FSB*, 2011 U.S. Dist. LEXIS 34079 at * 2 (N.D. Cal. 2011); *Mazzamuto v. Wachovia*, 2010 U.S. Dist. LEXIS 131173 at * 2 (N.D. Cal. 2010).

It is irrelevant that RPM is not a signatory to any of the WDAs, because GIS not only sued RPM directly for breach of the WDAs, but also alleged that RPM was an alter ego of Guardian. *See* Doc. 67 at ¶¶ 48-49, 55, 61, 67, 73, 87, 130, 136; Doc. 203 at pg. 6, line 13. As set forth in *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129 (1979):

> Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation …, defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed.

*Id*.; *see also Brown Bark III, L.P., supra,* 219 Cal.App.4th at 823 ("It is well settled a breach of contract claim based on an alter ego theory is still a claim on the contract and a nonsignatory who successfully defends against the claim may recover its attorney fees under section 1717."); *Pueblo Radiology Med. Group, Inc. v. Gerlach*, 163 Cal.App.4th 826, 859 (2008) (quoting and following *Reynolds*).

As in *Reynolds*, had GIS prevailed on its breach of contract causes of action and its theory that RPM was the alter ego of Guardian, RPM would have been liable to GIS for attorneys' fees under the WDAs (and GIS specifically sought to recover attorneys' fees against RPM). Doc. 67

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

at ¶ 133; Doc. 202 at ¶ 7, pg. 16, lines 2-8.  Since RPM would have been liable to GIS for attorney's fees pursuant to the fee provisions of the WDAs had GIS prevailed, RPM is entitled to recover its attorney's fees in connection with the alter ego claims as well as GIS's direct contractual claims. *See Genesis Merch. Partners, LP v. Nery's USA, Inc*., 2013 U.S. Dist. LEXIS 190983 * 25-28 (S.D. Cal. 2013) (holding that an award of attorney's fees to a prevailing alter ego defendant should include attorney's fees incurred in defense of the alter ego theory and in defending the underlying contract claims.)

RPM obtained a complete defense judgment as to all of GIS's claims, including a dismissal with prejudice of GIS's alter ego claims, none of which GIS ever contested on appeal, therefore RPM is a prevailing party as a matter of law and entitled to its attorney's fees under Civil Code section 1717.  See Doc. 499.

### 2.    Guardian Is The Prevailing Party As To The Ohio WDA

Guardian is the prevailing party with respect to the Ohio WDA.  With respect to the Ohio WDA, Guardian most achieved its litigation objectives while GIS achieved none of its litigation objectives.  As stated by the California Supreme Court:

> [W]e hold that in deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions."

*Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) (quotations omitted); *see also DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 974 (2017) (same).  Where a contract is silent as to the meaning of the term "prevailing party," California courts look to whether a party has prevailed in the "ordinary and popular sense" and whether a party has "realized its litigation objectives." *Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998).  In addition, where "neither party achieves a complete victory on all the contract claims", the court has discretion to determine which, if any, party prevailed on the contract.  *Scott Co. v. Blount, Inc*., 20 Cal.4th 1103, 1109 (1999).

GIS did not prevail on any of its claims with respect to the Ohio WDA during the first trial

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

and did not appeal any of its claims related to the Ohio WDA.  GIS also did not supplement its complaint on remand to assert any claims concerning the Ohio WDA.  Moreover, Guardian's Counterclaim was defensive in nature, and nevertheless resulted in favorable determinations by the jury with respect to the Ohio WDA.  In particular, while the jury found that Guardian's counterclaims related to the Ohio WDA were barred by various affirmative defenses, it nevertheless found that GIS had breached the Ohio WDA by selling competing products and that GIS had unfairly interfered with Guardian's rights under the Ohio WDA.  As a result, as between Guardian and GIS, Guardian is the only party that achieved any of its litigation objectives with respect to the Ohio WDA and is the prevailing party entitled to an award of its attorneys' fees with respect to the Ohio WDA.

### 3. Neither GIS or Guardian Are Prevailing Parties Under The Remaining Eight WDAs

With respect to the remaining eight WDAs, there is no prevailing party as between Guardian and GIS, since the results of the contract claims were equivocal and mixed, with GIS only obtaining a small fraction of the relief it sought, and the jury finding that the value of GIS's claims was equal to the value of Guardian's affirmative defenses.  Section 1717 specifically provides that a "court may also determine that there is no party prevailing on the contract." Cal. Civ. Code § 1717(b)(1).

The California Supreme Court has stated that "[t]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought."  *Hsu, supra*, 9 Cal.4th at 875 (citations omitted).  "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'" *Id.* at 875–76 (1995) (citations omitted).

Under section 1717, "[i]f neither party achieves a complete victory on all the contract

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-19-

claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott Co. of Cal. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999). California courts generally find there is no prevailing party when the judgment can be "'considered good news and bad news as to each of the parties[.]'" *Kytasty v. Godwin*, 102 Cal. App. 3d 762, 774 (1980); *Nasser v. Superior Court*, 156 Cal. App. 3d 52, 60 (1984); *see also Hsu, supra*, 9 Cal. 4th at 874 (quoting same and stating that "the results of litigation may be so equivocal as to permit or even require that no party be found to have prevailed for purposes of attorney fees under section 1717"). "[I]t is clear from *Hsu* that a court is entitled to look at more than the issue of liability in determining prevailing party status, and to evaluate litigation success in light of the party's overall demands and objectives." *Berkla v. Corel Corp.*, 302 F.3d 909, 920 (9th Cir.2002).

### a. The Judgment Was A Mixed Bag With Guardian Prevailing On More Claims Than GIS

With respect to the eight WDAs, the Judgment entered in this matter reflects that the results were undeniably mixed as between GIS and Guardian. Judgment was entered in favor of Guardian as to numerous claims concerning the eight WDAs, while judgment was also entered in favor of GIS as to several claims concerning the eight WDAs. Doc. 499. In fact, the Judgment reflects that, on balance, Guardian ultimately prevailed on more claims than GIS.

### b. GIS Did Not Achieve Its Litigation Objectives

In addition to the mixed results of the judgment, the pleadings, briefs, opening statements and closing statements all reflect that GIS is not the prevailing party because it did not achieve its litigation objectives. During the initial trial, GIS sought to recover in excess of $76 million and was awarded nothing. During the second trial, GIS sought to recover as much as $55 million but was awarded $6 million. Based solely on the trial results, GIS is not the prevailing party since it was ultimately awarded less than 8% of the amount it sought during the initial trial, and less than one-ninth of the amount sought during the second trial.

However, GIS's actual recovery in comparison to its litigation objectives is actually far less than the trial results reflect. By the time of trial, GIS abandoned or was precluded from seeking

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

a number of claims for relief, including GIS's claims for injunctive relief, treble damages, punitive damages, civil penalties and restitution/unjust enrichment/disgorgement of profits. See Doc. 367 at ¶¶ 22:16-19, 25:1-3, 28:12- 20.  This further demonstrates that GIS is not the prevailing party, since it was ultimately awarded only a small fraction of the amount GIS sought and only one of the numerous types of relief for which it was praying.  *See Berkla*, 302 F.3d at 920 (upholding finding of no prevailing party where plaintiff recovered less than 3% of amount sought); *Cardinal v. Lupo,* 2020 WL 1694355 at * 5 (N.D. Cal. April 7, 2020) (finding no prevailing party where award of $250,000 was less than one-sixth of the $1.58 million sought) *affirmed by Cardinal v. Lupo,* 2021 WL 4027803 at * 1 (9th Cir. 2021); *United States for use and benefit of McCullough Plumbing, Inc. v. Halbert Construction Company, Inc.* 2019 WL 4736235 at * 3 (S.D. Cal. Sept. 27, 2019) (finding no prevailing party and stating a net payment to one party "of less than ten percent of what it asked the jury to award hardly qualifies as a 'simple, unqualified win'" and that the outcome was "the epitome of a 'mixed result'"); *Hardisty v. Moore*, 2015 WL 6671557 at * 8-10 (S.D. Cal. Nov. 2, 2015) (plaintiff was not prevailing party because he recovered roughly 14% on one claim for relief, but was "was not awarded the vast majority of relief he sought on the legal theories he advanced" including punitive damages, restitution/unjust enrichment, and other claims); *Greger Leasing Corp. v. Potrero,* 2008 WL 4830751 at *5 (N.D. Cal. Nov. 6, 2008) (plaintiff that recovered less than 7% of claimed relief was not prevailing party); *Marina Pacifica Homeowners Assoc. v. Southern California Financial Corp.,* 20 Cal.App.5th 191, 207 (2018) (upholding finding of no prevailing party where one party was awarded $39 million, but sought $97 million from the other party); *12400 Stowe Drive, LP v. Cycle Express, LLC*, 2018 WL 4659745 at * 19 (Cal.Ct.App. 2018) (upholding finding of no prevailing party where plaintiff obtained "just 12 percent" of the amount sought at trial).

GIS also filed a motion for a new trial following this Court's entry of judgment.  Doc. 502.  Thereafter, GIS appealed the Court's Judgment, while Guardian only filed a conditional cross-appeal.  Docs. 513, 516.  This is extremely strong evidence that GIS did not achieve its litigation objectives in this matter.  It is a matter of common sense, that if GIS actually achieved its litigation objectives in this matter, it would not have sought a third trial, which relief was denied by both

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

this Court and the Ninth Circuit.  Docs. 508, 527.

    **c.**  **The Jury Found Guardian's Affirmative Defenses Were The Exact Same Value As The Amount Awarded to GIS**

  The Jury Verdict also clearly reflects the equivocal, or mixed bag, nature of the results achieved by GIS and Guardian with respect to the eight WDAs.  Doc. 498.

  The jury found that GIS established that Guardian breached the eight WDAs and that GIS suffered $12 million in damages.  *Id.*  However, the jury also found that Guardian established its affirmative defense to GIS's claims for breach of the eight WDAs and that GIS's failure to mitigate its damages caused a 100% increase in GIS's damages.  *Id.*  As a result, the jury reduced GIS's damages award by $6 million while also rejecting GIS's remaining claim for breach of the Bob's Discount Furniture Agreement.  *Id.*  In sum, the jury awarded GIS $6 million in connection with its claims for breach of the eight WDAs, but also determined that the value of Guardian's affirmative defenses to those same claims was $6 million. Under these circumstances, the results are unquestionably equivocal and a "mixed bag."

  For example, in *Marina Pacifica Homeowners Assoc.,* 20 Cal.App.5th 191, 207, the Court of Appeal upheld the trial court's determination there was no prevailing party where the "plaintiff sought to pay nothing, but instead the judgment required it to pay $39 million over time instead of the $97 million defendant sought to charge." *Id.*  The Court noted that the plaintiff obtained relief of $58 million, and stated "[t]he fact that defendant obtains an actual monetary payment, while plaintiff obtains only a reduction in its monetary obligations as claimed by defendant, does not render that reduction meaningless."  *Id.* (stating that "*Hsu* instructs courts to respect substance over form").  The facts here are even more compelling, as Guardian obtained a reduction of $70 million in the monetary obligations GIS sought from Guardian over the course of two trials.

  Similarly, in *Olive v. General Nutrition Centers, Inc.*, 30 Cal.App.5th 804, 827-829 (2018), the Court of Appeal upheld the trial court's finding that there was no prevailing party even though the plaintiff received a $1.1 million jury verdict because the trial court concluded "the jury accepted neither side's recommendation but instead awarded a middling sum amounting to a tie." *Id.* at 823. The Court of Appeal noted that plaintiff sought $3.5 million at trial, as well as

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

restitution/disgorgement of defendant's profits and punitive damages, but the jury only awarded $1.1 million for actual damages and emotional distress, and Plaintiff was not awarded any restitution or punitive damages. *Id*. at 827-829.

Again, the facts far more compelling as GIS recovered only $6 million on the $76 million in compensatory damages sought, while GIS recovered nothing on its claims for punitive damages, restitution/disgorgement of profits and injunctive relief. The jury's award was not a "middling sum amounting to a tie" like the verdict in *Olive,* but was in fact an award far closer to the damages proposed by Guardian. And again, the jury ultimately held that the value of Guardian's affirmative defenses based on GIS's failure to mitigate damages was equal to the value of GIS's claims. Indeed, GIS acknowledged these issues on appeal arguing that the jury failed to award it "fair compensation", was "[anchored] to a baselessly low number", and "awarded only a fraction of the damages". Davis Decl. at Ex. 11 (GIS' Opening Brief at pg. 3); Ex. 12 (GIS's Response and Reply Brief at pg. 2). During oral argument, GIS contended there was prejudice because "the jury's figure came in much closer to Guardian's number than to ours." Davis. Decl. at ¶ 21.

Accordingly, based on the record before this Court, there were no prevailing parties under the remaining eight WDAs as between GIS and Guardian.

**E.    RPM And Guardian Should Be Awarded Their Attorney's Fees Totaling Not Less Than $493,709.50 And $134,462.94 Respectively**

As set forth above, each of the WDAs provides that the prevailing party shall be entitled to its "actual" attorneys' fees. However, Civil Code section 1717 states that where a contract provides for an award of attorney's fees to the prevailing party, then the party prevailing on the contract shall be entitled to "reasonable attorney's fees." See Cal. Civ. Code § 1717(a). Both the Ninth Circuit and the California Courts apply the Lodestar Method in determining whether the amount of attorneys' fees sought is reasonable.

In either event, pursuant to the express language of the WDAs and Civil Code section 1717, RPM and Guardian are entitled to recovery of the attorneys' fees they incurred in connection with this matter totaling $493,709.50 and $134,462.94 respectively. Davis Decl., ¶¶ 18-21. This is because the rates of counsel for Defendants are within the range of rates that prevail in the Fresno

-23-

Community.

### 1. The Lodestar Method

As stated by the Supreme Court of the United States, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). This calculation is known as the "lodestar" amount, and is "presumed to be the reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541 (1984). Similarly, in California, the fee setting inquiry "ordinarily begins with the 'lodestar'" and "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *PLCM Group v. Drexle*r, 22 Cal. 4th 1084, 1095 (2000); *see also Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977); *Serrano v. Unruh*, 32 Cal. 3d 621, 625 fn. 6 (1982).

"The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group, supra*, 22 Cal. 4th at 1095. The relevant community is that in which the district court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The prevailing party bears the burden to prove the appropriate market rate to be used in calculating the lodestar. *See MBNA America Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 13 (Ct. App. 2006). This burden may be satisfied through affidavits, without additional evidence. *Id*. "Moreover, in assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." *Id*. (*citing Ketchum v. Moses*, 24 Cal. 4th 1122, 1139 (2001).)

"Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust." *Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal. App. 4th 440, 446 (Ct. App. 2000) (*citing Serrano*, 32 Cal. 3d at 632-33). "Time is compensable if it was reasonably expended and is the type of work that would be billed to a client." *MBNA America Bank, supra*, 147 Cal. App. 4th Supp. at 12.

The prevailing party bears the burden of documenting the appropriate hours expended and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392,

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

1397 (9th Cir. 1992) *(citing Hensley v. Eckerhart, supra*, 461 U.S. at 433, 437 (1983)).  The opposing party bears the burden of rebuttal, which requires the submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.  *See Gates, supra*, 987 F.2d at 1397-98.  Trial courts are vested with broad authority in determining a reasonable fee, including adjusting the lodestar figure based on case specific factors in order to ensure that the fee reflects the fair market value for legal services provided. *PLCM Group, supra*, 22 Cal. 4th at 1095.  "The value of legal services performed in a case is a matter in which the trial court has its own expertise" and should be determined "after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id*. at 1096 (internal citations omitted).

**2.     A Total Of 1965.1 Hours Was Reasonably Billed In Connection With The Representation Of Guardian In This Matter Through July 28, 2016 Prior to RPM Being Named as a Party**

Counsel for Defendants reasonably spent the following hours in connection with the representation of Guardian in this matter between March 2015 and July 28, 2016 (prior to RPM's involvement). Following is a chart setting forth the amount billed to Guardian by each attorney with Gordon & Rees LLP on this matter during that time:

| Attorney/Timekeeper | Position/Years of Experience | Hours | Rate/Hr | Total Billed |
|---|---|---|---|---|
| Calvin E. Davis | Senior Partner/36 years | 564.7 | $420/hr | $237,174.00 |
| Gary A. Collis | Senior Counsel/20 years | 670.9 | $375/hr | $251,587.50 |
| Margaret M. Drugan | Senior Counsel/23 years | 198.4 | $375/hr | $74,400.00 |
| Tamar Karaguezian | Senior Counsel/16 years | 34.1 | $375/hr | $12,787.50 |
| Aaron P. Rudin | Senior Counsel/15 years | 23.2 | $375/hr | $8,700.00 |
| Elizabeth Vanalek | Associate/17 years | 29.5 | $325/hr | $9,587.50 |
| Connie K. Chang | Associate/6 years | 1.6 | $325/hr | $520.00 |
| Candice S. Cho | Associate/3 years | 1.2 | $325/hr | $390.00 |
| Isabelle Talleyrand | Contract Attorney/16 years | 185 | $295/hr | $54,575.00 |

| | | | | |
|---|---|---|---|---|
| Filip Reich | Contract Attorney/13 years | 194.9 | $295/hr | $57,495.50 |
| Randall Stubblefield | Paralegal/17 years | 60.2 | $150/hr | $9,030.00 |
| Allison L. Andrews | Paralegal/30 years | 1.4 | $150/hr | $210.00 |
| **TOTALS:** | | **1,965.1** | | **$716,457.00** |

Davis Decl., ¶ 25.

Accordingly, attorneys at Gordon & Rees LLP, along with paralegal support, spent a total of not less than 1,965.1 hours in defending against all of Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS's") claims against Guardian and/or prosecuting Guardian's counterclaims from March 2015 to July 29, 2016, with a value of not less than $716,457.00. That time can be roughly broken down as follows: 1) approximately 200 hours attributable to research, analysis, factual assessment and/or strategy; 2) approximately 260 hours attributable to pleadings, motions and related hearings; and 3) approximately 1,500 hours attributable to written discovery, document production (including gathering, review and production of voluminous amounts of electronically stored information), depositions and discovery disputes (including all of the time billed by Ms. Talleyrand, Mr. Reich, Ms. Karaguezian and Ms. Vanalek.)   Davis Decl., ¶ 26.

### 3.   A Total Of 2,544.50 Hours Was Reasonably Billed In Connection With The Representation Of Guardian And RPM In This Matter From July 29, 2016 Through January 2018 After RPM Was Named as a Party

Counsel for Defendants reasonably spent the following hours in connection with the representation of Guardian and RPM in this matter from July 29, 2016 through January 2018. Following is a chart setting forth the amount billed to Guardian and RPM by each attorney, paralegal and/or support staff on this matter from July 29, 2016 through January 2018[1]:

| Attorney/Timekeeper | Position/Years of Experience | Hours | Rate/Hr | Total Billed |
|---|---|---|---|---|

---

[1] The Court's original Judgment issued in January 2018 as to the claims against RPM and with respect to the Ohio WDA were not altered by GIS's initial appeal in February of 2018, so RPM and Guardian are seeking their attorneys' fees through January 2018.

DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| | | | | |
|---|---|---|---|---|
| Calvin E. Davis | Senior Partner/36 years | 961.2 | $420/hr | $403,704.00 |
| Aaron P. Rudin | Partner/15 years | 657.4 | $420/hr | $276,108.00 |
| Gary A. Collis | Senior Counsel/20 years | 256.3 | $375/hr | $96,112.50 |
| Margaret M. Drugan | Senior Counsel/23 years | 390.5 | $375/hr | $146,437.50 |
| Aaron P. Rudin | Senior Counsel/15 years | 6 | $375/hr | $2,250.00 |
| Eleanor M. Welke | Senior Counsel/8 years | 14.9 | $375/hr | $5,587.50 |
| Steven R. Inouye | Associate/11 years | 3.9 | $325/hr | $1,276.50 |
| Crystal W. Yu | Associate/3 years | 101.7 | $325/hr | $33,052.50 |
| Randall Stubblefield | Paralegal/17 years | 145.1 | $150/hr | $21,765.00 |
| Allison L. Andrews | Paralegal/30 years | 6.7 | $150/hr | $1,005.00 |
| Alex Simonenko | ESI/Tech Support Services | .5 | $150/hr | $75.00 |
| Hilary W. Burg | Project Analyst/Ref. Librarian | .3 | $150/hr | 45.00 |
| **TOTALS:** | | **2,544.50** | | **$987,418.50** |

*See* Davis Decl., ¶ 27. Accordingly, attorneys at Gordon & Rees LLP, along with paralegal support, spent a total of not less than 2,544.50 hours in defending against all of GIS's claims against Guardian and RPM, and prosecuting Guardian's counterclaims from July 29, 2016 through January 2018 with a value of not less than $987,418.50. Since the attorney's fees were split evenly between Guardian and RPM during this time, RPM incurred a total of $493,709.50 in attorney's fees during this time (i.e., 1/2 of the attorney's fees totaling $987,418.50). *See* Declaration of Ronnie Holman at ¶ 3.

That time can be roughly broken down as follows: 1) 112 hours attributable to research, analysis, factual assessment and/or strategy; 2) 580 hours attributable to pleadings, motions, dispositive motions and related hearings; 3) 380 hours attributable to written discovery, document production, depositions and discovery disputes; 4) 1,200 hours attributable to trial preparation and trial; and 5) 270 hours attributable to post-trial motions and briefs. *See* Davis Decl., ¶ 28.

**4.    The Total Time Spent By Counsel For Defendants Was Reasonable**

The total amount of time expended by counsel for Defendants in connection with this

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

action during the above time is particularly reasonable when considered in light of the extremely high amount of contractual damages sought by GIS. At the initial trial GIS sought compensatory damages of approximately $76 million in connection with its contractual claims against Guardian, as well as punitive damages. Under such circumstances, the amount of time spent by counsel for Defendants throughout this lawsuit was extremely reasonable.

Moreover, as discussed above and as reflected in the Court's record, this case was heavily litigated. There was a large amount of motion practice, the review and production of voluminous amounts of electronically stored information and preparation for two separate trial dates, along with the submission of two sets of pre-trial documents. In fact, GIS's own failure to produce documents during the initial discovery phase is solely responsible for a significant amount of the time incurred in connection with an additional discovery phase ordered by the Court and the additional motions and filings in connection with the continued trial date.

Nevertheless, at all times, efforts were made by counsel for Defendants to keep litigation expenses to a minimum. This included the use of contract attorneys specialized in document review at lower rates for large portions of the review and production of the electronically stored information, as well as the delegation of assignments, where possible, to experienced supervised paralegals in order to minimize the fees incurred by Defendants. Accordingly, the time spent by counsel for Defendants in this matter was reasonable.

### 5.    The Reasonable Hourly Rates For Defendants' Counsel

The hourly rate for counsel for Defendants in this matter during the time at issue is $420/hour for Partners, $375/hour for Senior Counsel, $325/hour for Associates, $295 for Contract Attorneys; $150/hour for paralegals, and $150 for ESI/Technical Support Services Specialists and Project Analysts. The rates represent a discount from the standard rates typically charged by attorneys at Gordon & Rees LLP for litigation of this type and in this forum. Based on review of recent case authority from the Fresno Division of the Eastern District of California, these rates are commensurate with the prevailing rates in the relevant community for similar work.

In *Mitchell v. Chavez*, 2018 WL 3218364 at * 5 (E.D. Cal. July 29, 2018) the court found that based on a "general survey of recent attorneys' fee awards within the Fresno division of this

court" that a range of "$125 to $455 per hour is reasonable, based on the experience level of counsel. *Id*.; *see also Tenorio v. Gallardo,* 2019 WL 3842892 at * 3-4 (E.D. Cal. Aug. 15, 2019) (finding that rates of $200 to $425 an hour were "clearly within the prevailing rates for this community")*; Colfaxnet, LLC v. City of Colfax*, 2020 WL 7024161, at *1 (E.D. Cal. Nov. 30, 2020) (finding rate $425 per hour for a partner and $330 per hour for an experienced associate reasonable)*; Price Simms Holdings, LLC v. Candle3, LLC,* 2021 WL 1884995 at * 2 (E.D. Cal. May 11, 2021) (finding rates between $250 and $450 to be reasonable);*United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990) (stating that rate determinations in other cases "are satisfactory evidence of the prevailing market rate"). As a result, the rates charged by the attorney's for Gordon & Rees LLP are well within the range of acceptable reasonable rates for attorneys in the Fresno community.

In addition, the courts have repeatedly held that the rate of $150/hour for experienced paralegals and support staff is reasonable in the Fresno community. *See Munoz v. Giumarra Vineyards Corp*., 2017 U.S. Dist. LEXIS 95910 * 51-52 (E.D. Cal. June 21, 2017) (applying a rate of $150/hour to paralegals that were shown to have extensive experience); *see also Spence v. Wells Fargo Bank, N.A*., 2012 U.S. Dist. LEXIS 32838 at *5 (E.D. Cal., Mar. 12, 2012) (approving "paralegal or other support rates" ranging from $125 to $155). Mr. Randall Stubblefield and Mrs. Allison Andrews are extremely experienced paralegals, so their rate of $150 is commensurate with the rate charged for paralegals in the Fresno Division of the Eastern District. Davis Decl., ¶ 22(m)-(n).

Accordingly, as the prevailing party as to all nine WDAs, RPM respectfully requests an award of attorneys' fees of not less than $493,709.50. In addition, since Guardian is the prevailing party as to the Ohio WDA, Guardian respectfully requests that it receive an award of attorneys' fees of not less than $134,462.94, representing one-ninth of the reasonable attorneys' fees Guardian incurred in connection with the litigation involving all nine WDAs from March of 2015 through October 3, 2019 (i.e., one-ninth of $1,210,166.50.) Finally, RPM and Guardian respectfully request an award of the reasonable attorneys' fees they incurred, and expect to incur, in connection with bringing this motion totaling $12,600 (or $6,300 each).

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

### 6.    A Multiplier Of Two Should Be Applied to the Fee Award

In addition, the Court at its discretion may increase any fee award based on several factors, including: 1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; 2) the extent to which the nature of the litigation precluded other employment by the attorneys; 3) the amount involved; and 4) the success or failure to accept an early, reasonable settlement offer. *See Serrano*, 20 Cal. 3d at 48-49; *Ramos v. Countrywide Home Loans, Inc.*, 82 Cal. App. 4th 615, 622, 98 Cal. Rptr. 388 (Ct. App. 2000). Such a multiplier or enhancement may be used where the court finds the lodestar figure does not provide sufficient compensation. *Ramos, supra*, 82 Cal. App. 4th at 623. Here, there are multiple grounds for multiplying the fee award.

First, the case involved several novel questions, and counsel for Defendants displayed skill in presenting these issues to the Court.  Furthermore, devoting the necessary attention to this action precluded counsel from engaging in other matters. *See* Davis Decl., ¶ 13, 23.  Additionally, as discussed above, there was an extremely high amount at issue in this action, as GIS sought compensatory damages in excess of $76 million, as well as injunctive relief, treble damages, punitive damages and disgorgement of profits.

Accordingly, Defendants respectfully request that their motion for attorneys' fees be granted in its entirety and that a multiplier of two, or another multiplier at the Court's discretion, be applied to any award of attorneys' fees as to the fees incurred by Defendants. *See Crommie v. Public Utils. Comm'n*, 840 F. Supp. 719, 725-26 (N.D. Cal. 1994) (where the Court applied a multiplier of 2 due to the "excessively vexatious and often unreasonable opposition" of opposing counsel, among other factors); *Cosby v. Autozone, Inc.*, 2016 U.S. Dist. LEXIS 55051 at *27-28 (E.D. Cal. Apr. 24, 2016) (where an enhancement of 1.3 was "modest" and "justified"); *Ramos, supra*, 82 Cal. App. 4th at 627 (where a multiplier of 2.5 was considered by the Court of Appeal but remanded to the trial court for further consideration where a class action was resolved through a stipulated settlement).

## IV.    **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court find that they are the prevailing parties in this action under Civil Code section 1717 for the RPM and Ohio claims,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

and issue an award of RPM's attorney's fees totaling not less than $493,709.50 and Guardian's attorney's fees in an amount not less than $134,462.94. Defendants also respectfully request that a multiplier of two be added to the award of attorney's fees. Finally, Defendants respectfully request that they be awarded the attorneys' fees they have incurred, and reasonably expect to incur, in connection with this motion totaling not less than $12,600 (or $6,300 each.)

Dated: September 12, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By:    /s/ Calvin E. Davis
       Calvin E. Davis
       Aaron P. Rudin
       Attorneys for Defendants GUARDIAN
       PROTECTION PRODUCTS, INC. and
       RPM WOOD FINISHES GROUP, INC.

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**