CALVIN E. DAVIS (SBN 101640)
cdavis@gordonrees.com
AARON P. RUDIN (SBN: 223004)
arudin@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants,
GUARDIAN PROTECTION PRODUCTS, INC. and
RPM WOOD FINISHES GROUP, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.P.P., Inc., d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDIAN PROTECTION PRODUCTS, INC.<br><br>Defendant. | CASE NO. 1:15-cv-00321 SKO<br><br>**DECLARATION OF CALVIN E. DAVIS IN SUPPORT OF DEFENDANTS GUARDIAN PROTECTION PRODUCTS, INC. AND RPM WOOD FINISHES GROUP, INC.'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:         October 18, 2023<br>Time:         9:30 a.m.<br>Courtroom: 7<br>Judge:        Hon. Sheila K. Oberto |

I, Calvin Davis, declare as follows:

1. I am an attorney at law licensed to practice before the United States District Court for the Eastern District of California, and am a Partner with the law firm of Gordon & Rees, LLP, attorneys of record for defendant and counterclaimant Guardian Protection Products, Inc. ("Guardian") and defendant RPM Wood Finishes Group, Inc. ("RPM"), in the above-captioned action. I am familiar with the facts and circumstances in the above-entitled matter as they relate to this declaration, and if called upon, I could and would competently testify thereto.

2. I was admitted to the State Bar of California in 1981, and to the bar of this Court in 2006. Since then, a substantial portion of my practice has included the representation of clients in numerous aspects of business litigation, including breach of contract and franchise/distributor related claims. I have also been certified by the State Bar of California as a specialist in the field of Franchise and Distribution law, and on information and belief I am one of less than sixty attorneys that have been so certified in California.

3. Gordon & Rees, LLP has been counsel of record for Guardian in this matter since March of 2015, and has been counsel for RPM in this matter since July 29, 2016.

4. From March 2015 through the present, I have been and continue to be lead counsel for Guardian in this action, and from July 29, 2016, I have been and continue to be lead counsel for RPM in this action. Among my responsibilities in that role, I have managed the time spent by attorneys providing services to Guardian and/or RPM, as well as the advancement of costs and other expenditures on its behalf. The firm invoices for services rendered on behalf of Guardian and/or RPM were and are generated and sent to Guardian and/or RPM on a monthly basis, and reflect the time spent by attorneys at Gordon & Rees LLP representing Guardian and/or RPM in this action.

5. Attached hereto as **<u>Exhibit 1</u>**, are true and correct copies of Gordon & Rees LLP's invoices to Guardian and/or RPM from March 2015 through January 2018, which have been redacted to remove privileged attorney-client and/or attorney work product information. At the Court's request, un-redacted copies of the bills can be provided to the Court to review *in camera*.

6. The attorneys' fees and costs incurred by Guardian and/or RPM from March 2015 through October 3, 2019, and in connection with the preparation of this motion, were reasonable, especially in light of the large amount in dispute and because the matter was heavily litigated. In particular, fees and costs were reasonably incurred by Guardian and/or RPM in connection with the pleadings and filings related to Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions' ("GIS's") Complaint, First Amended Complaint and Second Amended Complaint, Guardian's Counterclaims as well as:

A) Initial disclosures exchanged by GIS and Guardian on June 9, 2015 and RPM on September 1, 2016;

B) Preparing and responding to written discovery, including numerous interrogatories and requests for production;

C) Gathering and reviewing voluminous documents, including tens of thousands of e-mails and/or other electronically stored information, in order to respond to GIS's document requests;

D) Producing in excess of 9,000 pages of documents and reviewing and analyzing in excess of 4,000 pages of documents produced by GIS;

E) Preparing for and defending depositions, in Charlotte, North Carolina, of:

    1) Johnny Green on January 20, 2016, April 21, 2016 and April 5, 2017;

    2) Darin Lease on May 26, 2016 and October 6, 2016;

    3) Christopher Taylor on May 25, 2016 and October 7, 2016;

    4) Ronnie Holman on May 12, 2016, October 6, 2016 and April 5, 2017;

F) Preparing for and taking the depositions, in Pittsburgh, Pennsylvania, of:

    1) Charles Gibson on June 15, 2016 and March 28, 2017;

    2) Deborah Gibson on June 16, 2016;

    3) Frank Gibson on June 21, 2016 and March 28, 2017;

    4) Christopher Nolan on June 23, 2016 and March 29, 2017; and

G) Preparing, reviewing and analyzing expert related discovery, including expert reports and preparing for and defending the deposition of Defendants' expert, Karl Schulze, on

-3-

1  October 27, 2016, and preparing for and taking the deposition of GIS's expert, Peter Wrobel, on
2  September 7, 2016.

3        H) Trial preparation including preparation of trial related documents,

4        I) Post-trial matters, including briefing regarding equitable issues raised by GIS,
5  motions to amend judgment and motion/applications for fees and costs.

6      7.    Attached hereto as **Exhibit 2** is a true and correct copy of portions of the
7  Transcript of Proceedings from the June 20, 2017 Jury Trial - Day 1 for this matter.

8      8.    Attached hereto as **Exhibit 3** is a true and correct copy of portions of the
9  Transcript of Proceedings from the June 21, 2017 Jury Trial - Day 2 for this matter.

10      9.    Attached hereto as **Exhibit 4** is a true and correct copy of portions of the
11  Transcript of Proceedings from the June 22, 2017 Jury Trial - Day 3 for this matter.

12      10.    Attached hereto as **Exhibit 5** is a true and correct copy of portions of the
13  Transcript of Proceedings from the June 23, 2017 Jury Trial - Day 4 for this matter.

14      11.    Attached hereto as **Exhibit 6** is a true and correct copy of portions of the
15  Transcript of Proceedings from the June 27, 2017 Jury Trial - Day 5 for this matter.

16      12.    Attached hereto as **Exhibit 7** is a true and correct copy of portions of the Video
17  Taped Deposition of Ronnie Holman introduced by GIS during Day 2 of the trial that pertained
18  to GIS's claim that RPM was an alter ego of GIS.

19      13.    As noted above, I have been practicing as an attorney since 1981. I began my
20  career as a trial attorney with the Department of Justice, Civil Division, in Washington, D.C.
21  Over the course of my thirty-six (36) years of practice, I have represented parties in numerous
22  business litigation matters involving claims of breach of contract and distribution/franchise
23  issues. As a result of my experience, Guardian and RPM did not incur any unnecessary research
24  costs in order for counsel to become familiar with this area of law, and I and the other attorneys
25  at Gordon & Rees LLP were able to handle the defense of this matter in an efficient and
26  economic manner.

27      14.    At the first trial, GIS sought compensatory damages in excess of $76 million and
28  punitive damages. In addition, Guardian and RPM's defense in this action involved numerous

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-4-
DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

hotly contested issues, including novel claims of contract interpretation, as well as multiple different legal theories advanced by GIS in connection with each of GIS's affirmative claims.

15. On remand following GIS's initial appeal, the Court permitted limited discovery as to damages only and both GIS and Guardian served limited written discovery and deposed each other's Rule 30(b)(6) designees and expert witnesses, Mr. Wrobel and Mr. Schulze. After the close of the re-opened discovery period, on January 5, 2021, GIS served its Second Supplemental Initial Disclosures claiming compensatory damages of $54,148,088 arising from the termination of the Warehousing Distributor Agreements ("WDAs") for Florida, Alabama, Tennessee, Mid-Atlantic, Cook County, Indiana, Midwest and Pennsylvania territories (not including the Ohio WDA), as well as $933,275 for breach of the Bob's Discount furniture agreement and unspecified restitutionary damages in the amount of Guardian's post-termination revenues minus costs in each territory. Attached hereto as **Exhibit 8** is a true and correct copy of GIS's Second Supplemental Initial Disclosures. Ex. 8 at pg. 6 ¶ 3 (Computation of Damages)

16. At the second trial, GIS argued for as much as $55 million in compensatory damages. The jury's verdict found that GIS had failed to mitigate its damages in the amount of $6 million, and also awarded GIS $6 million as to its claims for breach of the WDAs (not including Ohio).

17. Attached hereto as **Exhibit 9** is a true and correct copy of portions of the Transcript of Proceedings from the December 6, 2021, Jury Trial - Day 1 for this matter.

18. Attached hereto as **Exhibit 10** is a true and correct copy of portions of the Transcript of Proceedings from the December 10, 2021 Jury Trial - Day 5 for this matter.

19. Attached hereto as **Exhibit 11** is a true and correct copy of portions of GIS's September 12, 2022 opening Brief on cross-appeal.

20. Attached hereto as **Exhibit 12** is a true and correct copy of portions of GIS's January 13, 2023 Response and Reply Brief on cross-appeal.

21. During the June 23, 2023, oral argument before the Ninth Circuit, counsel for GIS argued that the purported error by this Court was not harmless because, among other things, "the jury's figure came in much closer to Guardian's number than to ours."

DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  https://www.ca9.uscourts.gov/media/video/?20230623/22-15569/ at 2:42-2:47.

2      22.    In addition to myself, the following attorneys and paralegals also assisted in G4S'
3  defense in this action.  Myself, Mr. Rudin, Ms. Drugan and Mr. Collis spent significant time
4  handling this matter.  However, all who billed time on this matter, including relatively small
5  amounts, are listed below:

6      a.    Aaron P. Rudin, Senior Counsel from March 2015 to approximately
7  September 2016, at which time Mr. Rudin was elevated to Partner, with Gordon & Rees LLP,
8  and with approximately twenty (20) years of experience in complex business litigation, handling
9  all phases of litigation including pre-litigation discovery, pre-trial discovery, dispositive motions,
10 mediations, arbitrations and trials;

11     b.    Margaret M. Drugan, Senior Counsel with Gordon & Rees LLP with
12 approximately twenty-three (23) years of experience, at the time of the initial trial, in complex
13 business litigation, handling all phases of litigation including pre-litigation discovery, pre-trial
14 discovery including extensive knowledge of e-discovery issues, dispositive motions, mediations,
15 arbitrations and jury trials to verdict;

16     c.    Gary A. Collis, former Senior Counsel with Gordon & Rees LLP with
17 approximately twenty (20) years of experience, at the time of the initial trial, in complex
18 business litigation, handling all phases of litigation including pre-litigation discovery, pre-trial
19 discovery, discovery issues (including substantial experience with e-discovery issues),
20 dispositive motions and mediations;

21     d.    Isabelle Talleyrand, former contract attorney with Gordon & Rees LLP,
22 with approximately sixteen (16) years of litigation experience, at the time of the initial trial, with
23 more than ten (10) years of experience with large scale document reviews;

24     e.    Filip Reich, former contract attorney with Gordon & Rees LLP, with
25 approximately thirteen (13) years of litigation experience, at the time of the initial trial, with
26 more than ten (10) years of experience with large scale document reviews;

27     f.    Tamar Karaguezian, former Senior Counsel with Gordon & Rees LLP
28 with approximately sixteen (16) years of experience, at the time of the initial trial, in business

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

1 litigation;

2       g.    Elizabeth B. Vanalek, Associate with Gordon & Rees LLP with approximately seventeen (17) years of experience, at the time of the initial trial, in complex business litigation;

5       h    Steven R. Inouye, associate with Gordon & Rees LLP with approximately eleven (11) years of experience, at the time of the initial trial, in complex business litigation;

7       i.    Eleanor M. Welke, former Senior Counsel with Gordon & Rees LLP with approximately eight (8) years of experience, at the time of the initial trial, in complex business litigation;

10       j.    Connie K. Chang, former Associate with Gordon & Rees LLP with approximately six (6) years of experience, at the time of the initial trial, in complex business litigation;

13       k.    Candice S. Cho, former Associate with Gordon & Rees LLP with approximately four (4) years of experience, at the time of the initial trial, in complex business litigation;

16       l.    Crystal W. Yu, Associate with Gordon & Rees LLP with more than three (3) years of experience, at the time of the initial trial, in complex business litigation;

18       m.    Allison L. Andrews, former ABA-accredited Paralegal with Gordon & Rees LLP with more than thirty (30) years of experience, at the time of the initial trial, in complex business litigation;

21       n.    Randall J. Stubblefield, former ABA-accredited Paralegal with Gordon & Rees LLP; seventeen (17) years of experience, at the time of the initial trial, in complex business litigation;

24       o.    Alexander Simonenko, former ESI/Technical Support Services Specialist with Gordon & Rees LLP;

26       p.    Hilary W. Burg, a Project Analyst and Reference Librarian with Gordon & Rees LLP, with fourteen years of experience.

28     23.    As a direct result of the time necessarily spent in providing a defense for Guardian

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

and RPM against GIS's claims, my ability, and the ability of other attorneys and paralegals at Gordon & Rees LLP to spend time on other matters was limited.

24. The hourly rate for Guardian and RPM's counsel in this matter, at the time of the initial trial and initial appeal, was $420/hour for Partners, $375/hour for Senior Counsel, $325/hour for Associates, $295 for Contract Attorneys; $150/hour for paralegals, and $150 for ESI/Technical Support Services Specialists and Project Analysts. The rates represent a discount from the standard rates typically charged by attorneys at Gordon & Rees LLP for litigation of this type and in this forum.

25. Following is a chart setting forth the amount billed to Guardian by each attorney/paralegal with Gordon & Rees LLP on this matter between March 2015 and July 28, 2016:

| Attorney/Timekeeper | Position/Years of Experience | Hours | Rate/Hr | Total Billed |
|---|---|---|---|---|
| Calvin E. Davis | Senior Partner/36 years | 564.7 | $420/hr | $237,174.00 |
| Gary A. Collis | Senior Counsel/20 years | 670.9 | $375/hr | $251,587.50 |
| Margaret M. Drugan | Senior Counsel/23 years | 198.4 | $375/hr | $74,400.00 |
| Tamar Karaguezian | Senior Counsel/16 years | 34.1 | $375/hr | $12,787.50 |
| Aaron P. Rudin | Senior Counsel/15 years | 23.2 | $375/hr | $8,700.00 |
| Elizabeth Vanalek | Associate/17 years | 29.5 | $325/hr | $9,587.50 |
| Connie K. Chang | Associate/6 years | 1.6 | $325/hr | $520.00 |
| Candice S. Cho | Associate/3 years | 1.2 | $325/hr | $390.00 |
| Isabelle Talleyrand | Contract Attorney/16 years | 185 | $295/hr | $54,575.00 |
| Filip Reich | Contract Attorney/13 years | 194.9 | $295/hr | $57,495.50 |
| Randall Stubblefield | Paralegal/17 years | 60.2 | $150/hr | $9,030.00 |
| Allison L. Andrews | Paralegal/30 years | 1.4 | $150/hr | $210.00 |
| **TOTALS:** | | **1,965.1** | | **$716,457.00** |

26. Attorneys at Gordon & Rees LLP, along with paralegal support, spent a total of not less than 1,965.1 hours in defending against all of GIS's claims against Guardian and/or

1 prosecuting Guardian's counterclaims from March 2015 to July 29, 2016, with a value of not less than $716,457.00. That time can be roughly broken down as follows: 1) approximately 200 hours attributable to research, analysis, factual assessment and/or strategy; 2) approximately 260 hours attributable to pleadings, motions and related hearings; and 3) approximately 1,500 hours attributable to written discovery, document production (including gathering, review and production of voluminous amounts of electronically stored information), depositions and discovery disputes (including all of the time billed by Ms. Talleyrand, Mr. Reich, Ms. Karaguezian and Ms. Vanalek.)

27. Following is a chart setting forth the amount billed to Guardian and RPM by each attorney/paralegal/support staff on this matter from July 29, 2016 through January of 2018:

| Attorney/Timekeeper | Position/Years of Experience | Hours | Rate/Hr | Total Billed |
|---|---|---|---|---|
| Calvin E. Davis | Senior Partner/36 years | 961.2 | $420/hr | $403,704.00 |
| Aaron P. Rudin | Partner/15 years | 657.4 | $420/hr | $276,108.00 |
| Gary A. Collis | Senior Counsel/20 years | 256.3 | $375/hr | $96,112.50 |
| Margaret M. Drugan | Senior Counsel/23 years | 390.5 | $375/hr | $146,437.50 |
| Aaron P. Rudin | Senior Counsel/15 years | 6 | $375/hr | $2,250.00 |
| Eleanor M. Welke | Senior Counsel/8 years | 14.9 | $375/hr | $5,587.50 |
| Steven R. Inouye | Associate/11 years | 3.9 | $325/hr | $1,276.50 |
| Crystal W. Yu | Associate/3 years | 101.7 | $325/hr | $33,052.50 |
| Randall Stubblefield | Paralegal/17 years | 145.1 | $150/hr | $21,765.00 |
| Allison L. Andrews | Paralegal/30 years | 6.7 | $150/hr | $1,005.00 |
| Alex Simonenko | ESI/Tech Support Services | .5 | $150/hr | $75.00 |
| Hilary W. Burg | Project Analyst/Ref. Librarian | .3 | $150/hr | 45.00 |
| **TOTALS:** | | 2,544.50 2,434.2 | | **$987,418.50** |

28. Attorneys at Gordon & Rees LLP, along with paralegal support, spent a total of not less than 2,544.50 hours in defending against all of GIS's claims against Guardian and RPM,

-9-
DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

and prosecuting Guardian's counterclaims from July 29, 2016 to the present, with a value of not less than $987,418.50. That time can be roughly broken down as follows: 1) 112 hours attributable to research, analysis, factual assessment and/or strategy; 2) 580 hours attributable to pleadings, motions, dispositive motions and related hearings; 3) 380 hours attributable to written discovery, document production, depositions and discovery disputes; 4) 1,200 hours attributable to trial preparation and trial; and 5) 270 hours attributable to post-trial motions and briefs.

29. In addition, an additional 20 hours of time were incurred by Mr. Rudin and myself in preparing the motion for attorneys' fees and costs, and supporting documents thereto, filed concurrently herewith, at a value of not less than $8,400. I anticipate an additional 10 hours of time will be spent replying to any opposition by GIS and attending any hearing, at a value of not less than $4,200.00.

30. Based on my experience, my review of case authority from the Fresno Division of the Eastern District of California as well as my discussions with similarly experienced counsel working on similar matters to this action, it is my understanding that the rates charged by Gordon & Rees LLP in this case are commensurate with the prevailing market rates in the community for similarly experienced counsel working on this kind of matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on September 12, 2023, in Los Angeles, California.

/s/ Calvin E. Davis
Calvin E. Davis, Declarant