# EXHIBIT

# 11

CASE NOS. 22-15569, 22-15638

IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

G.P.P. INC. D/B/A GUARDIAN INNOVATIVE SOLUTIONS,
*Plaintiff-Appellant,*

V.

GUARDIAN PROTECTION PRODUCTS, INC.,
*Defendant-Appellee,*

RPM WOOD FINISHES GROUP, INC.,
*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
CASE NO. 1:15-CV-00321-SKO
THE HONORABLE SHEILA K. OBERTO, UNITED STATES MAGISTRATE JUDGE

## BRIEF FOR PLAINTIFF-APPELLANT

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

COLLEEN BAL, State Bar No. 167637
JOHN P. FLYNN, State Bar No. 141094
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: cbal@wsgr.com
        jflynn@wsgr.com

DYLAN J. LIDDIARD, State Bar No. 203055
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dliddiard@wsgr.com

*Counsel for Plaintiff-Appellant*

effect to the portions in favor of the losing party (Guardian), while discarding the portions in favor of the winning party (GIS).

These errors (and more) created a counterfactual environment that severely prejudiced GIS and poisoned the entire trial. The second jury was instructed that GIS was a malefactor that "breached" the parties' agreements and principles of good faith and fair dealing – when in fact, Guardian was found to have acted with unclean hands. These errors signaled to the jury that even if Guardian *technically* breached the agreements by terminating them on account of non-existent per-territory quotas, GIS was *fundamentally* in the wrong, and thus not entitled to fair compensation for Guardian's misconduct. While GIS was able to prevail on liability on some (but not all) of its breach of contract claims, the jury was so predisposed against GIS that it awarded only a fraction of the damages. GIS brings this appeal to reverse these errors and obtain a new trial on damages.

## STATEMENT OF JURISDICTION

A)    The district court had subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Jurisdiction was also proper because this action arises out of written agreements deemed executed in California with forum-selection clauses identifying the district court as a proper venue. *E.g.*, 6-ER-1193 at 1200 ¶ 19.