# EXHIBIT 12

Case Nos. 22-15569, 22-15638

# IN THE
# United States Court of Appeals
## FOR THE NINTH CIRCUIT

G.P.P. Inc. d/b/a Guardian Innovative Solutions,
*Plaintiff-Appellant,*

v.

Guardian Protection Products, Inc.,
*Defendant-Appellee,*

RPM Wood Finishes Group, Inc.,
*Defendant.*

On Appeal from the United States District Court
for the Eastern District of California
Case No. 1:15-cv-00321-SKO
The Honorable Sheila K. Oberto, United States Magistrate Judge

## RESPONSE AND REPLY BRIEF FOR PLAINTIFF-APPELLANT

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

COLLEEN BAL, State Bar No. 167637
JOHN P. FLYNN, State Bar No. 141094
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099
Email:  cbal@wsgr.com
        jflynn@wsgr.com

DYLAN J. LIDDIARD, State Bar No. 203055
650 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email:  dliddiard@wsgr.com

*Counsel for Plaintiff-Appellant*

The district court's errors cannot be atomized, as Guardian suggests. Each of the errors alone was prejudicial. Were that not so, GIS would still prevail because the properly framed question is whether the "cumulative effect" of all errors, taken together, may have impacted the damages award. That includes not just the dreamGUARD errors referenced above but also the court's decision to permit Guardian's Section 6(b) defense, ***which relates directly to the measure of damages***. Guardian put a legally indefensible damages figure before the jury, anchoring them to a baselessly low number. Guardian argues that is "harmless" because the jury awarded $6 million in damages, which is more than Guardian calculated would be owed under Section 6(b). But Guardian's calculation purportedly under Section 6(b) is not the determining fact. Section 6(b) had no place in this litigation, and common sense dictates that the error improperly and negatively affected the award.

GIS is entitled to a new trial on damages, uninfected by Section 6(b) or dreamGUARD. GIS is also entitled to a new trial on its claim for breach of the Bob's Agreement because the district court (among other things) refused to apply this Court's decision in the first appeal as to that Agreement, and permitted Guardian to advance a theory concerning lack of consideration that this Court already rejected – a theory that Guardian continues to advance in its appeal brief. Those errors resulted in the jury finding against GIS on liability.