DYLAN J. LIDDIARD, State Bar No. 203055
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: dliddiard@wsgr.com

JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
DYLAN G. SAVAGE, State Bar No. 310452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email:  jflynn@wsgr.com
        cbal@wsgr.com
        dsavage@wsgr.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION PRODUCTS, INC. and RPM WOOD FINISHES GROUP, INC.,<br><br>Defendants. | Case No. 1:15-cv-00321-SKO<br><br>**PLAINTIFF GIS'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Courtroom:  7 (Sixth Floor)<br>Judge:  Hon. Sheila K. Oberto<br>Date:  December 13, 2023<br>Time:  9:30 a.m. |

**INTRODUCTION**

Defendants Guardian Protection Products, Inc. ("Guardian") and RPM Wood Finishes Group, Inc.'s ("RPM," and collectively, "Defendants") motion ("Motion" or "Mot.") comes nowhere close to satisfying the stringent standard for reconsideration of the Court's Order Re Cross Motions for Attorneys' Fees (Dkt. 545) ("Order"). The Order analyzed at length whether GIS, Guardian, RPM, or neither was the prevailing party with respect to each cause of action on the contract. That is precisely what Defendants claim the Court failed to do. Elsewhere, Defendants rehash the same arguments from their motion papers, arguing in essence that the Court got it wrong. It is black letter law, however, that disagreement with the Court's ruling on grounds already raised is not a basis for reconsideration. At bottom, Defendants' Motion is another tactic of delay, attempting to put off their obligation to pay GIS its hard-won monetary judgment and attorneys' fees award, costs, and interest. The Motion should be denied in its entirety.

**ARGUMENT**

**I.   STANDARD**

"Reconsideration of a prior order is an extraordinary remedy 'to be used sparingly in the interests of finality and conservation of judicial resources.'" *Khademi v. N. Kern State Prison*, 2023 U.S. Dist. LEXIS 27372, at *6 (E.D. Cal. Feb. 16, 2023) (Oberto, J.) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wilson v. Sherman*, 2023 U.S. Dist. LEXIS 47635, at *3 (E.D. Cal. Mar. 21, 2023) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)); *see also Carolina Cas. Ins. Co. v. Ortiz*, 2009 U.S. Dist. LEXIS 114470, at *4-5 (E.D. Cal. Dec. 9, 2009) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). "Reconsideration due to clear error occurs only when the court is left with 'a definite and firm conviction that a mistake has been committed.'" *Reiser v. Marriott Vacations Worldwide Corp.*,

2017 U.S. Dist. LEXIS 20127, at *12-13 (E.D. Cal. Feb. 10, 2017) (citation omitted).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision."  *Wilson*, 2023 U.S. Dist. LEXIS 47635, at *3, *7 (alteration in original and internal marks omitted) (denying reconsideration for failure to "establish[] exceptional circumstances providing for a grant of the extraordinary remedy afforded by Rule 60(b) relief").  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Langley v. Colegio*, 2019 U.S. Dist. LEXIS 59261, at *3 (E.D. Cal. Apr. 5, 2019) (Oberto, J.).  Local Rule 230(j) also requires Defendants to "set[] forth the material facts and circumstances surrounding [the] motion for which reconsideration is sought," including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II.   THE COURT'S ANALYSIS CONTAINS NO CLEAR ERROR OF LAW

Defendants identify three ways in which they claim the Court "clearly erred":  (1) failing to conduct the "prevailing party" analysis on a defendant-by-defendant basis; (2) misapprehending the "prevailing party" standard under *Hsu v. Abbara*, 9 Cal. 4th 863 (1995); and (3) neglecting to consider the reasonableness of GIS's fees.  Mot. at 3-8.  Defendants do not show clear error on any of the three grounds.[1]

### A.   The Court Analyzed Each Party and Each Claim

Defendants' primary argument is that the Court was required, but failed, to "separately determine who prevailed on the plaintiff's claim against each independent defendant."  Mot. at 2 (quoting *Brown Bark III, L.P. v. Haver*, 219 Cal. App. 4th 809, 825-26 (2013)).  According to

---

[1] In addition to Fed. R. Civ. P. Rule 60(b)(6), Defendants claim the Court "has the power to reconsider the Order" based on a "mistake of law . . . or inadvertence" under Rule 60(b)(1).  Mot. at 3.  Defendants make no argument regarding "inadvertence" or any "mistake of law" except that falling under the exacting "clear error" standard.  Nor do Defendants cite binding authority showing that Rule 60(b)(1) is properly invoked here.  *See id*.  Regardless, the Motion fails under either procedural vehicle.

1  Defendants, the Court did not conduct a "separate prevailing party analysis as to each defendant"
2  but rather "combined Guardian and RPM together." Mot. at 2; *see also id.* at 5 (asserting Court
3  clearly erred because "rather than treat RPM and Guardian as separate defendants in analyzing
4  whether GIS and each defendant was a prevailing party, the Order essentially treats Guardian
5  and RPM as alter egos of each other"). This claim is meritless on its face. The Court's Order
6  contains an extensive party-by-party analysis of whether GIS, Guardian, RPM, or none is the
7  "prevailing party" under section 1717 for each cause of action and counterclaim. *See* Order at 8-
8  15. For all of GIS's claims asserted against both Defendants where the result differed between
9  Guardian and RPM (the First, Second, and Eighth Causes of Action), the Court evaluated each
10 cause of action "[a]s against Guardian" in the first instance and "[a]s against RPM" in the
11 second. *Id.* at 8-13. Between GIS and Guardian, the Court finds that GIS is the prevailing party
12 on the First while Guardian is the prevailing party on the Second and Eighth. *See id.* By
13 contrast, the Court finds there is no prevailing party between GIS and RPM on any of the three
14 (*see id.*)—confirming RPM and Guardian were analyzed as "separate defendants." Mot. at 5.

15  Incredibly, Defendants **agree** that the Court's analysis is correct. Defendants admit that
16 the Court "properly address[ed] each of GIS's claims on the contract against Guardian and RPM,
17 and each of Guardian's Counterclaims on the contract against GIS, and determin[ed] as to each
18 claim whether GIS, Guardian and/or RPM is a prevailing party with respect to that claim and
19 counterclaim." Mot. at 5. That should be the end of the inquiry, including under Defendants'
20 featured case. *See Brown Bark*, 219 Cal. App. 4th at 825-26 (court should "separately determine
21 who prevailed on the plaintiff's claim against each independent defendant"). Indeed, Defendants
22 quoted the exact same portion of *Brown Bark* in their briefing on the parties' cross-motions for
23 attorneys' fees that they invoke again in their Motion. *Compare* Mot. at 3, *with* Dkt. 534-1 at 16.
24 The Court has already considered and applied any relevant points of law accordingly.

25  Defendants nevertheless contend that the Court "committed a clear error of law in
26 comparing GIS's success on its claims against Guardian, in determining that GIS was the
27 prevailing party as to RPM." Mot. at 5; *see also id.* at 2 (claiming Court "committed a clear
28 error of law" "in determining that plaintiff . . . was the prevailing party *as to both defendants*")

OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION
CASE NO. 1:15-CV-00321-SKO
-3-

(emphasis added).  Because they cannot (and do not) contest the Court's actual examination, Defendants attempt to seize on a single observation that the Court itself stated was non-dispositive:  "Tallying the number of claims on which each party prevailed militates toward a finding that GIS is the prevailing party, having successfully prosecuted and defended a total of eight claims against Guardian, as compared to Guardian (five claims) and RPM (four claims)."  Order at 15 (quoted in Mot. at 5).  For multiple reasons, this effort fails.

*First*, and fundamentally, the premise for Defendants' reconsideration request is illusory.  The Court's Order granting GIS's motion and denying Defendants' does not turn on a "determin[ation] that GIS was the prevailing party as to RPM."  Mot. at 5.  GIS moved for attorneys' fees against Guardian only, argued it was the prevailing party as against Guardian only, and excised all fees relating to work done solely on claims against RPM as reflected in GIS's briefing and supporting attorney declaration.  *See* Dkt. 532-1 at 1, 12; Dkt. 532-2 at para. 5.  The Court agreed that GIS was the prevailing party and granted GIS's motion.  Defendants then sought their own purported fees by separate motion, where RPM argued it was "the prevailing party as a matter of law . . . with respect to all nine of the WDAs, because it obtained an unqualified defense victory as to all of GIS's contractual claims" including those GIS voluntarily abandoned.  Dkt. 534-1 at 16-18.  The Court denied Defendants' request, finding neither party (including RPM) prevailed on causes of action dismissed pursuant to Fed. R. Civ. P. 41(b) and otherwise declining to find that RPM was a "prevailing party" given its limited "pyrrhic victory" on low-value claims.[2]  *See* Order at 8-16 & n.17.  The denial of Defendants' motion did not award GIS fees against RPM or operate as an affirmative adjudication that GIS is the "prevailing party as to RPM."[3]  Mot. at 5.

---

[2] Defendants contend the Court's mention of a "pyrrhic victory" somehow underscores that Guardian and RPM were treated "as a single entity."  Mot. at 6.  Defendants misunderstand.  While RPM may have succeeded on a handful of smaller claims, it did not obtain judgment on the core causes of action which GIS proceeded to win against Guardian.  The Court's observation in that regard does not constitute clear error.

[3] Defendants' assertion that the Court lacked discretion to find that RPM was not the "prevailing party" is discussed *infra* at pp. 6-7.

***Second***, Defendants' sole cited authority does not establish with "definite and firm conviction" that the Court's "rudimentary calculation" is a manifest error of law. *Reiser*, 2017 U.S. Dist. LEXIS 20127, at \*12-13. In *Brown Bark*, the denial of attorneys' fees to a successor liability defendant was reversed where the trial court had erroneously concluded that the defendant "did not prevail on [the] contract claims because the parties agreed not to submit [them] to the jury." 219 Cal. App. 4th at 825 (plaintiff "sought adjudication" of breach of contract claims; judgment was entered on all causes of action for successor liability defendant and against plaintiff). That issue is not implicated here. On appeal, the plaintiff also contended that it was nonetheless the "prevailing party" versus the successor liability defendant because it procured a default judgment against the principal defendant, a different and "independent" entity. *Id.* The Court rejected this argument, finding that the successor liability defendant "remains the prevailing party because it obtained a judgment against [plaintiff] on those claims." *Id.* at 826. GIS never claimed that it was the prevailing party over RPM on the basis of the judgment GIS procured against Guardian, and the Court's Order contains no such finding. Nor did RPM "obtain[] a judgment against [GIS]" on the claims GIS won against Guardian. *See* Dkt. 499.

***Third***, any conceivable error implicated in the Court's "claim tally" (there is none) is harmless and cannot provide grounds for reconsideration. *See Tawfilis v. Allergan, Inc.*, 2015 U.S. Dist. LEXIS 175629, at \*3-4 (C.D. Cal. Dec. 14, 2015); *see also* Fed. R. Civ. P. 61. The Court stated expressly that "[s]uch a rudimentary calculation" was "only part of the analysis" and proceeded to look "beyond mere results [i.e., the contested 'claim tally'] to determine which litigant actually succeeded." Order at 15-16 & n.17 (citing *Susilo v. Wells Fargo Bank, N.A.*, 2013 WL 1970064, at \*3 (C.D. Cal. May 6, 2013)). Because GIS "clearly prevailed" on the "pervading issue" of whether Guardian "diminished and/or deprived GIS of its rights under the various WDAs," winning a $6 million verdict and "successfully defending against liability on all of Guardian's counterclaims," the Court granted GIS's motion. The Court also considered, in denying Defendants' motion, that RPM's technical success on certain ancillary claims that GIS chose not to appeal after the first trial was "based on interpretations of the WDAs that the Ninth Circuit later expressly rejected" and "does not a prevailing party make." Order at 15-16 & n.17.

Accordingly, the Court's Order stands even if the "claim tally" is ignored.[4] *See Susilo*, 2013 WL 1970064; *see also Acree v. General Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 402-03 (2001) (plaintiff is a "prevailing party" where it wins on at least one "major claim[]," even if it loses on all others); *Krueger v. Bank of Am.*, 145 Cal. App. 3d 204, 217 (1983) (plaintiffs were "prevailing parties" even though they "failed to prevail on virtually all causes of action stated in their complaint").

Moreover, though the Court need not reach the issue, any possible error is also harmless because Defendants' request for fees is unreasonable. *See* Dkt. 540 at 17-22. Denial of Defendants' motion is proper on that independent ground. Pertinent here, RPM indiscriminately claimed fees for 50% of ***all*** hours spent by Defendants' counsel since RPM was named as a co-Defendant on July 29, 2016, failing (at a minimum) to account for time spent on issues concerning solely Guardian and causes of action where one or both Defendants did not prevail. *See* Dkt. 534-1 at 26-27. Defendants also fell far short of carrying their burden to show the reasonableness of hours worked, claiming entitlement to all hours worked and then redacting the vast majority of their billing entries wholesale. *See* Dkt. 534-1 at 25-28; Dkt. 534-3 & Ex. 1. There is no basis in the record, let alone a reasonable one, for an award of half a million dollars to RPM.[5]

### B. The Court Applied the Correct "Prevailing Party" Standard

Defendants also assert that the Court clearly erred by failing to "appl[y] the correct legal standard" for a prevailing party under Section 1717. Mot. at 5-7. Again, Defendants are wrong.

---

[4] Indeed, the bar for showing clear error warranting reconsideration is even higher here, where the trial court's determinations are entitled great deference and are reversible only for abuse of discretion. *See Good Earth Corp. v. M.D. Horton & Assocs.*, 1997 U.S. Dist. LEXIS 13920, at *8 (N.D. Cal. June 25, 1997) ("this court need explain its attorneys' fees determination with only the degree of specificity" required to enable abuse of discretion review).

[5] To the extent the Court is inclined to grant reconsideration for RPM, GIS respectfully submits that any award must be a small fraction of the $493,709.50 originally sought. At most, RPM would be entitled to fees on the four discrete causes of action where the Court found RPM prevailed (which do not include the core contract claims in this case), and the burden would be on RPM to justify the reasonableness of its demand.

### i. RPM

Defendants claim the Court found RPM prevailed on every cause of action "as to all nine of the WDAs," yet then "determine[d] RPM was not a prevailing party." Mot. at 5. Not so. The Court found, correctly, that there was no prevailing party between GIS and RPM for four out of the eight causes of action on the contract, including the core cause of action for breach of the WDAs. *See* Order at 8-15. The Court also concluded that RPM's "claimed 'unqualified defense victory' ignores the pyrrhic nature of such victory. That RPM succeeded on claims, the defense of which was based on interpretations of the WDAs that the Ninth Circuit later expressly rejected, does not a prevailing party make." *Id.* at 16 n.17.

Defendants assert the Court "had no discretion to apply 'equitable considerations' and determine RPM was not a prevailing party" because RPM won a "complete victory on all of GIS's claims against it[.]" Mot. at 5-6. But RPM was **not** the prevailing party "on all of GIS's claims against it" because GIS voluntarily dismissed multiple of those claims, most importantly the First Cause of Action for breach of the WDAs. The result here is therefore fundamentally different from the scenario considered in *Brown Bark* and *Hsu*, where the defendants at issue procured judgment in their favor on all contract causes of action in the case. *See Brown Bark*, 219 Cal. App. 4th at 817-18 (judgment entered for successor liability defendant on claims for breach of contract); *Hsu*, 9 Cal. 4th at 876 (judgment entered for defendants "on the only contract claim between them and [plaintiffs]").

### ii. Guardian

Defendants admit that the Court invoked "the correct standard" for the prevailing party analysis between GIS and Guardian, but claim it erred in "refus[ing] to consider" Guardian's contentions about whether GIS "achieve[d] its litigation objectives." Mot. at 6. Defendants point specifically to their prior arguments that GIS was not the prevailing party because (1) GIS's second appeal was denied; (2) Guardian prevailed on affirmative defenses that the jury valued the same as GIS's damages; and (3) GIS did not obtain other categories of relief in addition to its $12 million verdict (or $6 million, after accounting for mitigation). Mot. at 7. Every one of these arguments was raised in Defendants' earlier briefing and already considered

by the Court. *See* Dkts. 534-1, 538, 541. "Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 60(b)." *Reiser*, 2017 U.S .Dist. LEXIS 20127, at *12 (denying reconsideration where movant "merely repeats facts and reiterates arguments" made in the underlying motion). In any event, the Court's decision was correct on the merits (and certainly reflects no clear error of law) for the reasons discussed in GIS's papers and the Order. *See* Dkts. 540 & 542. Defendants do not cite a single case in support of their claim that the Court erred in this respect.

### C. The Court Properly Considered the "Reasonableness" of GIS's Fees

Finally, Defendants claim the Court "committed clear error in finding that all of the fees requested by GIS were reasonable." Mot. at 7. The only category of fees that Defendants identify as being wrongly included are fees for the Bob's Agreement. *Id.* at 7-8. GIS addressed this matter multiple times in its moving brief, supporting declaration, and on reply, making clear that it removed all fees for work relating solely to the Bob's Agreement and a number of other issues from its motion. *See* Dkts. 532-1, 532-2 at para. 5, and 542. Defendants concede that the Court verified "GIS did discount the Bob's Agreement [sic]" because only two unredacted entries out of thousands mentioned Bob's and both also pertained to the WDAs. Order at 18.

Defendants nevertheless try to quibble with the Court's finding, claiming that the Court awarded GIS fees for "substantial time that was incurred in this matter in connection with the Bob's Agreement." Mot. at 8. Nothing in the Court's Order or GIS's time entries supports this demonstrably false contention; to the contrary, the Court reviewed GIS's billing records and confirmed Guardian's assertions regarding lack of apportionment were "incorrect." Order at 18. Moreover, Defendants simply reinvoke the same arguments from Guardian's opposition to GIS's motion, which is not a valid basis for reconsideration as discussed above. *Compare* Dkt. 538 at 18 (opposition brief claiming GIS made "no effort to apportion" the time incurred on the Bob's claims, on which "GIS spent considerable time"); *with* Mot. at 8 (reconsideration motion claiming GIS did not "even attempt to apportion its fees" on the Bob's Agreement, which "played a substantial role throughout these proceedings").

**CONCLUSION**

GIS respectfully requests that the Motion be denied in its entirety, and that GIS be awarded its reasonable attorneys' fees of $7,987.50 incurred in connection with this opposition.

Dated:  December 4, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     *s/ Dylan J. Liddiard*

Dylan J. Liddiard
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: dliddiard@wsgr.com

*Attorneys for Plaintiff*