1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9

G.P.P., INC. d/b/a GUARDIAN
INNOVATIVE SOLUTIONS,

10

          Plaintiff,

11

    v.

12
13

GUARDIAN PROTECTION PRODUCTS,
INC., RPM WOOD FINISHES GROUP,
INC.,

14
15

          Defendants.

16

_____/

Case No.  1:15-cv-00321-SKO

**ORDER VACATING HEARING AND
DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION**

**(Doc. 546)**

17
18
19

      Defendants Guardian Protection Products, Inc. ("Guardian") and RPM Wood Finishes Group ("RPM") (collectively "Defendants") bring this motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), asking the Court to reconsider its "Order Re Cross Motions for Attorney's Fees" (Doc. 545), in which the Court granted Plaintiff G.P.P., Inc. d/b/a Guardian Innovative Solutions ("GIS")'s motion for attorney's fees (Doc. 532) and denied Defendants' motion (Doc. 534). (Doc. 546.)  GIS filed a response in opposition (Doc. 550)[1], to which Defendants replied (Doc. 551). The Court finds the motion for reconsideration suitable for determination on the papers submitted and without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing set for December

---

[1] GIS's response requests additional attorney's fees incurred in opposing Defendants' motion for reconsideration. (*See* Doc. 550 at 10.)  Because GIS has not filed a noticed motion seeking such relief, its request is not properly before the Court. *See* Fed. R. Civ. P. 7 ("A request for a court order must be made by motion."); Local Rule 230 (requiring all motions be properly noticed).

13, 2023, is VACATED.

Federal Rules of Civil Procedure 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment.

To succeed on a Rule 60(b)(1) motion for reconsideration, the movant must show that the district court committed a specific error. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Alternatively, if the Court considers the motion as a Rule 60(b)(6) motion, the movant must demonstrate "extraordinary circumstances" to justify relief from the judgment. *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

Here, Defendants, making the same arguments and citing the same case law as they did in their prior briefing (*compare* Docs. 534-1 at 17–19, 22–24 and Doc. 538 at 11–13, 19 *with* Doc. 546-1), essentially argue the Court was wrong in its decision. This is an insufficient basis upon which to grant a motion for reconsideration. *Wilkins v. Barber*, No. 2:19-CV-1338-WBS-KJN P, 2021 WL 5014888, at *4 (E.D. Cal. Oct. 28, 2021) (a motion for reconsideration under Rule 60(b) is "not the proper vehicle[] for rehashing old arguments and [is] not intended to give an unhappy litigant one additional chance to sway the judge.") (citation omitted); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration [under Rule 60(b)] must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (internal quotations and citation omitted). After reviewing the motion, the Court finds there is no error in the order or any extraordinary circumstances justifying relief from it. Further, as previously set forth, since none of the parties in the action achieved a "***complete*** victory on ***all*** the contract claims" pertaining to it, the Court had discretion to award or deny the fees sought by each.[2]   *Scott Co. v. Blount, Inc*., 20 Cal. 4th 1103, 1109 (1999) (emphasis added).

///

---

[2] For example, the Court found that there was no prevailing party as to GIS's first, second, sixth, partially seventh, and eighth contractual causes of action against RPM. (*See* Doc. 545 at 10–13.)

For the foregoing reasons, Defendants' motion for reconsideration (Doc. 546) is DENIED.

IT IS SO ORDERED.

Dated:   **December 11, 2023**                     */s/ Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE